FILED

2003 OCT 16  P 12: 45

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF CONNECTICUT
### At Bridgeport

| | |
|---|---|
| | Inmate #123433 |
| RICHARD R. QUINT | : CIVIL ACTION NO. 3-02-2053 (AVC)(TPS) |
| Plaintiff | : |
| | : |
| VS. | : |
| | : |
| | : |
| A. DUNAJ, ET AL | : |
| Defendants | : OCTOBER 10, 2003 |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S REQUEST FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

By way of background, the defendants, A. Dunaj, C. Dunn, Lt. Anderson, Sgt. Darby, Officer Bethke, Officer Moore, Officer Vitti, Officer Esposito and Officer Marschner moved to dismiss the plaintiff's 5th and 8th Amendment claims by motion dated June 3, 2003. The plaintiff requested time to respond and by notice dated July 21, 2003, he withdrew his 5th and 8th Amendment claims. Shortly thereafter, the court granted the defendants Hurley and Richards' motion to dismiss and as a result, they are no longer a party to this action.[1]

By motion dated August 1, 2003, the defendants then moved for the plaintiff to provide a more definite statement, as his complaint was vague, ambiguous and confusing. Thereafter, the plaintiff filed what is entitled "Amended Civil Rights Complaint" dated August 6, 2003. The defendants objected to the "Amended Civil Rights Complaint" dated August 6, 2003 on various grounds. By Ruling and Order dated September 19, 2003 the court (Magistrate Smith) granted

---

[1] However, the plaintiff has filed a motion to reconsider which is outstanding.

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
Telephone (860) 525-5361            Facsimile (860) 525-4849            Juris No. 24029

the defendants' motion for a more definite statement, denied the plaintiff's motion for leave to amend his complaint and ordered the plaintiff to file a second amended complaint within 20 days of the date of the order. The court ordered that the second amended complaint was to be on the court form and specify plaintiff's claim against each defendant.

Thereafter, by motion dated September 30, 2003 the plaintiff sought an extension of time of 60 days to file the second amended complaint in accordance with the court order. This motion is outstanding. On the same date the plaintiff also moved for the court to reconsider its ruling granting the defendants' motion for a more definite statement, denying the plaintiff's motion for leave to amend his complaint and ordering the second amended complaint be on the court form. This motion also is outstanding.

The plaintiff on October 8, 2003 now moves the court for leave to file an amended complaint. The defendants object to the plaintiff's request both on procedural and substantive grounds.

Procedurally, the request is improper. The plaintiff filed a motion for reconsideration of the court's September 19, 2003 ruling. There has been no ruling on that request nor has the plaintiff withdrawn his motion for reconsideration. Therefore, the plaintiff should not be filing yet another request to amend his complaint until he either withdraws his motion for consideration or until there is a ruling by the court. Secondly, the plaintiff cannot move for leave to file an amended complaint. The plaintiff was ordered by the court to file a Second Amended Complaint in compliance with the court ruling – on the court approved form, identifying the plaintiff's claims against each defendant and alleging facts demonstrating each defendant's involvement in the incident. He has failed to do so but rather simply filed another request to amend his

complaint.

Substantively, the defendants object to the proposed amended complaint in that it goes beyond the motion for more definite statement, does not fully comply with the motion for more definite statement, contains 5th amendment and 8th amendment claims that were previously withdrawn by the plaintiff and attempts to assert a 4th amendment claim. Additionally, the complaint makes reference to documents that are not properly an exhibit to the complaint and makes a claim against Defendants Hurley and Richards, who are no longer parties to this action. The inclusion of allegations against these defendants makes if very confusing for the remaining defendants to understand what the plaintiff specifically alleges as to each of the remaining defendants.

For all of these reasons the defendants object to the plaintiff's request for leave to file an amended complaint dated October 8, 2003.

DEFENDANTS:

By: _____
Patty G. Swan
Gordon, Muir & Foley, LLP
10 Columbus Boulevard
Hartford, CT  06016
(860) 525-5361
Federal Bar No. ct15656

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the following pro se parties and counsel of record on October 10, 2003:

Richard R. Quint
Inmate #123433
Corrigan-Radgowski C.C.
982 Norwich New London Turnpike
Uncasville, Connecticut 06382

Henri Alexandre
Assistant Attorney General
Attorney General's Office
110 Sherman Street
Hartford, Connecticut 06105

Thomas P. Smith
U.S. Magistrate
450 Main Street
Hartford, CT 06103

Clerks Office
United States District Court
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

PATTY G. SWAN