UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 23 A 11: 00

US DISTRICT COURT
HARTFORD CT

RICHARD R. QUINT          :
                          :        PRISONER
    v.                    :    Case No. 3:02CV2053(AVC)(TPS)
                          :
OFFICER DUNAJ, et al.     :

RULING AND ORDER

Plaintiff has filed motions for reconsideration of the court's rulings granting motions to dismiss filed by defendants Hurley and Richards.

I. Motion for Reconsideration [doc. #58]

The court filed its ruling granting defendant Richards' motion to dismiss on August 18, 2003. Rule 7(c), D. Conn. Loc. Civ. R., provides that any motion for reconsideration shall be filed within ten days of the filing date of the decision from which such relief is sought and shall be accompanied by a memorandum setting forth the matters or controlling decisions claimed to have been overlooked by the court. Plaintiff's motion for reconsideration does not comply with either requirement. Plaintiff signed and, presumably gave his motion to prison officials for mailing on September 8, 2003, five days after the expiration of the period for filing a motion for reconsideration. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (Second Circuit has held that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison

officials to be forwarded to the court) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)). In addition, plaintiff did not file a memorandum or identify in his motion any basis for his request. Thus, plaintiff's motion for reconsideration [doc. #58] is denied as untimely filed and not in compliance with court rules.

II. Motion for Reconsideration [doc. #41]

The second motion, seeking reconsideration of the ruling granting defendant Hurley's motion to dismiss, is dated within the applicable time period. Thus, the court considers the second motion to have been timely filed.

The standard for granting a motion for reconsideration is strict. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence . . . ." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

In the ruling granting the motion to dismiss, the court determined that plaintiff's allegations against defendant Hurley described actions that fell within his prosecutorial role. Plaintiff now argues that because defendant Hurley reviewed

reports of the police and family relations counselor prior to plaintiff's arraignment, these actions were not part of defendant Hurley's prosecutorial function. This argument is not something overlooked by the court. In its decision the court cited Kalina v. Fletcher, 522 U.S. 118, 128 (1997). In that case, the Supreme Court held that a prosecutor's activities in connection with preparation and filing of an information and the application for an arrest warrant are protected by absolute immunity. These activities certainly occur before arraignment. Thus, the timing of defendant Hurley's activities is not evidence overlooked by the court and does not show that his actions were not of a prosecutorial nature.

In addition, plaintiff argues that defendant Hurley's motion to dismiss should not have been granted because plaintiff also seeks declaratory relief from defendant Hurley. In his prayer for relief, plaintiff requested "Declaratory relief that the defendants acts violated the Plaintiffs' Constitutional Rights."

While plaintiff correctly states that prosecutorial immunity does not protect defendant Hurley from an action for declaratory relief, see Pulliam v. Allen, 466 U.S. 522 (1984), that relief is not warranted in this case.

Although a plaintiff seeking declaratory relief need not establish irreparable harm should the request be denied, see Levin v. Harleston, 966 F.2d 85, 90 (2d Cir. 1992), he must establish the other requirements for prospective relief, namely

3

that his rights were violated and there is no adequate remedy at law. The declaratory relief requested by plaintiff in this case is a statement that his rights were violated, essentially an acknowledgment that he prevailed in this case. Because prevailing in his action for damages is the equivalent of the declaratory relief requested, the court concludes that plaintiff has an adequate remedy at law. Thus, declaratory relief is not warranted in this case and the court will not reinstate the action as to defendant Hurley. Plaintiff's motion for reconsideration is granted but the requested relief is denied.

III. Conclusion

Plaintiff motion for reconsideration [**doc. #58**] is **DENIED**. His motion for reconsideration [**doc. #41**] is **GRANTED** but the relief requested is **DENIED**.

**SO ORDERED** this 23rd day of October, 2003, at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge