UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RICHARD R. QUINT

v.

OFFICER DUNAJ, et al.

PRISONER
Case No. 3:02CV2053(AVC)(TPS)

## RULING AND ORDER

Plaintiff seeks reconsideration of the court's September 19, 2003 ruling granting the motion for more definite statement filed by the defendant members of the Milford Police Department, denying plaintiff's motion to amend and directing plaintiff to file a second amended complaint on the form provided by the court.

The standard for granting a motion for reconsideration is strict. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence . . . ." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994). In addition, Rule 7(c), D. Conn. Loc. Civ. R., requires that any motion for reconsideration be accompanied by a memorandum setting forth the matters or controlling decisions claims to have been overlooked by the court.

Plaintiff provides no reasons for his request. Accordingly, plaintiff's motion for reconsideration [**doc. #68**] is **DENIED**.

SO ORDERED this 28th day of October, 2003, at Hartford, Connecticut.

Thomas P. Smith
United States Magistrate Judge