UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

2003 OCT 28  A 11: 01

US DISTRICT COURT
HARTFORD CT

RICHARD R. QUINT

v.

OFFICER DUNAJ, et al.

PRISONER
Case No. 3:02CV2053(AVC)(TPS)

### RULING AND ORDER

Plaintiff has filed two motions seeking appointment of pro bono counsel in this case pursuant to 28 U.S.C. § 1915. For the reasons that follow, the motions are denied without prejudice.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

Plaintiff attaches to his motion letters from one law firm and one legal assistance organization that declined representation. He also attaches a letter from an attorney at Inmates' Legal Assistance Program. The attorney indicates that, based upon the complaint, he cannot provide legal assistance because plaintiff's claims are unsupported. The attorney encourages plaintiff to provide factual evidence to support his claims of false arrest and malicious prosecution and indicates that, if evidence were supplied, he could provide legal assistance. Based upon this information, the court cannot

conclude that plaintiff is unable to obtain legal assistance on his own.

In addition, the court notes that plaintiff has been directed to file an amended complaint containing a more definite statement of his claims against the defendant police officers. In light of this order, plaintiff's request for counsel is premature.

Accordingly, plaintiff's motions for appointment of counsel [**docs. #70, 71**] are **DENIED** without prejudice.

**SO ORDERED** this 28th day of October, 2003, at Hartford, Connecticut.

Thomas P. Smith
United States Magistrate Judge