## DEFENDANT'S VERIFICATION

I, **Sean Darby**, hereby certify that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

_____
SEAN DARBY

Subscribed and sworn to before me this _2_ day of _sept_, 2003.


_____
Notary Public
My Commission Expires:


GERALD V. BUTLER, JR.
*NOTARY PUBLIC*
MY COMMISSION EXPIRES MAR. 31, 2007

**DOCUMENTS PROVIDED WITH DISCOVERY:**

1. Transcription of 7/9/02 call

2. May 7, 2002 incident report

3. July 9, 2002 incident report

4. Job description

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, to the following counsel of record on September 16, 2003:

Richard R. Quint
Inmate #123433
Corrigan-Radgowski C.C.
982 Norwich New London Turnpike
Uncasville, Connecticut 06382

Henri Alexandre
Assistant Attorney General
Attorney General's Office
110 Sherman Street
Hartford, Connecticut 06105

_____
Patty G. Swan

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT AT HARTFORD

|  |  |  |
|---|---|---|
| RICHARD R. QUINT | : | Inmate #123433<br>CIVIL NO. 3:02CV2053(AVC) |
| V. | : | |
| A. DUNAJ, ET AL. , | : | SEPTEMBER 16, 2003 |

### <u>INTERROGATORIES DATED JUNE 20, 2003</u>

I Mr. Richard R. Quint, do hereby request. In Propria Personam interrogatories. In accordance with Fed. Rule No. 33

1.      From all parties, What is your full name and address?

**ANSWER:      Edward Bethke**
**              430 Boston Post Rd**
**              Milford, CT 06460**

2.      From all parties, State all assets you have.

**OBJECTION:  The foregoing interrogatory is objected to on the grounds that it seeks information beyond the scope of discovery, which is not material to the subject matter of the instant action, concerns the defendant's personal financial status violating his right to privacy, which would not be of assistance in the prosecution of this action, and which is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.**

3.      From all parties, State all your job qualifications and resume.

**ANSWER:      I am a 10 year veteran police officer with the Milford Police Department.  I am a patrol officer.**

4.      From the following parties: Dunn, Bethke, Anderson, and Darby.  Who made the complaint that brought you to the area of 48 Merwin Ave on 7/9/02 at 2:10 AM?

**ANSWER:**    It was an anonymous complaint

5.    The tape and transcript of 911 call at 2:10 Am on 7/9/02 to Milford police station from Mr. Quint.

**OBJECTION:    The foregoing interrogatory is objected to on the grounds that it is not a question.  To the extent that the same can be treated as a request to produce, the transcription is enclosed.  The tape no longer exists.**

6.    From the following parties: Dunn Bethke, Anderson, Darby, And Hurley. Why Wasn't Miss Casey charged with assault 3rd?

**ANSWER:    Ms. Casey was charged with Breach of Peace.  It is in the officer's discretion to determine what charges apply.  Officer Dunn was the arresting officer.  I believe the elements of Assault  3rd Degree did not apply in this case.**

7.    From the following parties: Dunn, Bethke, Anderson, Darby. Did Mr. Quint Have injuries that needed to be treated when detained at police station?

**ANSWER:    Mr. Quint had swelling in his right eye area and a small amount of bruising on his arms.  Mr. Quint denied medical attention when asked if he needed same by Officer Dunn.**

8.    From the following parties: Dunn, Bethke, Anderson, And Darby. Was Mr. Quint provided with medical attention at police station on 7/9/02? If not, why not?

**ANSWER:    No, because he declined medical attention when Officer Dunn asked him if he needed treatment**

9.    What are the policies and procedures of Milford Police Dept. on people brought in with injuries?

**ANSWER:    If medical attention is requested, fire rescue is called to respond.  If medical attention is refused, the fire rescue is not called**

10.    From the following parties: Dunn. In your report on 7/9/02 why doesn't it state who made complaint that brought you to the area of 48 Merwin Ave on 7/9/02.

**ANSWER:    The defendant does not answer this question, as it is not directed to him.**

11.    From all parties: Is it your job to protect and serve the public?

**ANSWER:    Yes**

12.    From all parties: What does it mean to you to protect and serve the public?

**OBJECTION:  The foregoing interrogatory is objected to on the grounds that it seeks information beyond the permissible scope of discovery and which is opinion rather than fact.**

13.    From the following parties: Hurley, Richards, Why was Mr. Quint changed from complainant to defendant?

**ANSWER:    The defendant does not answer this question, as it is not directed to him.**

14.    From the following parties: Hurley, Richards. Why wasn't charge of breach of peace dropped against Mr. Quint same time it was dropped against Miss Casey?

**ANSWER:    The defendant does not answer this question, as it is not directed to him.**

15.    From the following parties: Hurley, Richards. Why didn't family relations take Mr. Quint's' case along with Miss Caseys'?

**ANSWER:    The defendant does not answer this question, as it is not directed to him.**

16.    From the following party: Richards. Did Mr. Quint have visible injuries on day you interviewed him?

**ANSWER:    The defendant does not answer this question, as it is not directed to him.**

17.     From the following parties: Hurley, Richards. Did Mr. Quint have visible injuries on day of arraignment?

ANSWER:     **The defendant does not answer this question, as it is not directed to him.**

18.     From the following parties: Hurley, Richards. Since Mr. Quint had all the injuries. Why wasn't there a protective order issued against Miss Casey for Mr. Quint?

ANSWER:     **The defendant does not answer this question, as it is not directed to him.**

19.     From the following party: Hurley. How many times has Mr. Quint tried o get protective order against Miss Carey and been Denied?

ANSWER:     **The defendant does not answer this question, as it is not directed to him.**

20.     From the following parties: Why was there protective order issued only against Mr. Quint?

**OBJECTION:  The interrogatory does not identify which defendants the question is directed to.  Without waiving said objection, the defendant cannot respond to this interrogatory as the issuance of a protective order is outside the scope of his duties and responsibilities.**

21.     From all parties: Did Mr. Quint ever assault Miss Casey?

ANSWER:     **This defendant has no independent knowledge of this and therefore, cannot answer this interrogatory.**

22.    From all parties: Did Miss Casey ever assault Mr. Quint?

**ANSWER:    This defendant has no independent knowledge of this and therefore, cannot answer this interrogatory.**

23.    From the following party: Hurley. Did you ever do anything to prevent Mr. Quint from being subjected to gender discrimination? If not, why not?

**ANSWER:    The defendant does not answer this question, as it is not directed to him.**

24.    From the following party: Richards. How many protective orders has Miss Casey had against different people?

**ANSWER:    The defendant does not answer this question, as it is not directed to him.**

25.    From all parties: Has Miss Casey ever assaulted any one in the past besides Mr. Quint?

**ANSWER:    This defendant has no independent knowledge of this and therefore, cannot answer this interrogatory.**

26.    From the following parties: Dunaj, Moore, Esposito, Marshner. On 8/21/02 when Mr. Quint was arrested were there mattresses in the holding cells in Milford police station? If not, why not?

**ANSWER:    The defendant does not answer this question, as it is not directed to him.**

27.    From the following parties: Dunaj, Moore. Was there a mattress in cell M-4 when Mr. Quint was secured in cell on 8/21/02? If not, Why not?

**ANSWER:    The defendant does not answer this question, as it is not directed to him.**

28.    From the following parties: Dunaj, Moore. Was Mr. Quint provided with linens and blanket. When secured in cell M-4 on 8/21/02? If not, Why not?

**ANSWER:**    **The defendant does not answer this question, as it is not directed to him.**

29.    From the following party: Hurley. Did you investigate the accusations made in warrant you signed off on? If not, Why not?

**ANSWER:**    **The defendant does not answer this question, as it is not directed to him.**

30.    From the following party: Hurley. Did you advise any officers as to contents to be written in warrant?, or in anyway in this investigation?

**ANSWER:**    **The defendant does not answer this question, as it is not directed to him.**

31.    From the following party; Dunaj. On the warrant signed by you on 8/31/02 did states attorney Hurley advise you as to the contents to be stated in it?

**ANSWER:**    **The defendant does not answer this question, as it is not directed to him.**

32.    From the following party: Dunaj. On the warrant signed by you on 8/31/02 you state you contacted Mr. Quint at his mother's residence on 7/27/02 by phone. Provide notes and phone records of said contact on 7/27/02.

**ANSWER:**    **The defendant does not answer this question, as it is not directed to him.**

33.    From the following parties: Dunaj, Dunn, Bethke, Anderson, Darby, Moore, Vitti, Esposito, and Maschner. Was Mr. Quint brought to Milford police station on 5/7/02 with any injuries? Who was he brought in by? Were his injuries treated. If not, Why not? Provide all police reports for 5/7/02 concerning Mr. Quint.

**ANSWER:**    **I was not involved with this incident and therefore have no independent knowledge of what transpired on May 7, 2002.**

34.     From all parties: At any time during the events described in the complaint. Did you protect Mr. Quint's' right to equal protection of the law? If not, Why not?

**OBJECTION:  The foregoing interrogatory is objected to on the grounds that it seeks information beyond the permissible scope of discovery and which is opinion rather than fact.**

35.     From all parties: Is it normal procedure to change complainant to defendant?

**OBJECTION:  The foregoing interrogatory is objected to on the grounds that it seeks information beyond the permissible scope of discovery and which is opinion rather than fact.**

36.     From all parties; is it normal procedure not to report in reports who complainant is?

**ANSWER:     Complainant is always noted in the report where known.**

37.     From the following party: Hurely. If 911 call from Mr. Quint was exculpatory information why did you avoid and try to hide it through out all of the court proceedings involving Mr. Quint arising from the 911 call Mr. Quint made on 7/9/02.

**ANSWER:     The defendant does not answer this question, as it is not directed to him.**

## DEFENDANT'S VERIFICATION

I, **Edward Bethke**, hereby certify that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

EDWARD BETHKE

Subscribed and sworn to before me this _15th_ day of _August_ 2003.

Notary Public
My Commission Expires: _1-31-06_

JOSEPH J PIETRAFESA
NOTARY PUBLIC
MY COMMISSION EXPIRES
JANUARY 31, 2006

**DOCUMENTS PROVIDED WITH DISCOVERY:**

1. Transcription of 7/9/02 call

2. May 7, 2002 incident report

3. July 9, 2002 incident report

4. Job description

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, to the following counsel of record on September 16, 2003:

Richard R. Quint
Inmate #123433
Corrigan-Radgowski C.C.
982 Norwich New London Turnpike
Uncasville, Connecticut 06382

Henri Alexandre
Assistant Attorney General
Attorney General's Office
110 Sherman Street
Hartford, Connecticut 06105

Patty G. Swan

Patty G. Swan

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT AT HARTFORD

|  |  |  |
|---|---|---|
| RICHARD R. QUINT | : | Inmate #123433<br>CIVIL NO. 3:02CV2053(AVC) |
| V. | : | |
| A. DUNAJ, ET AL. , | : | SEPTEMBER 16, 2003 |

### INTERROGATORIES DATED JUNE 20, 2003

I Mr. Richard R. Quint, do hereby request. In Propria Personam interrogatories. In accordance with Fed. Rule No. 33

    1.      From all parties, What is your full name and address?

**ANSWER:**    **William J. Anderson, Jr.**
                **430 Boston Post Rd**
                **Milford, CT 06460**

    2.      From all parties, State all assets you have.

**OBJECTION:** **The foregoing interrogatory is objected to on the grounds that it seeks information beyond the scope of discovery, which is not material to the subject matter of the instant action, concerns the defendant's personal financial status violating his right to privacy, which would not be of assistance in the prosecution of this action, and which is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.**

    3.      From all parties, State all your job qualifications and resume.

**ANSWER:**    **27 plus years as a Milford Police Officer, current rank of Lieutenant**

    4.      From the following parties: Dunn, Bethke, Anderson, and Darby.  Who made the complaint that brought you to the area of 48 Merwin Ave on 7/9/02 at 2:10 AM?

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
Telephone (860) 525-5361                Facsimile (860) 525-4849                Juris No. 24029

**ANSWER:**    Anonymous

5.    The tape and transcript of 911 call at 2:10 Am on 7/9/02 to Milford police station from Mr. Quint.

**OBJECTION:    The foregoing interrogatory is objected to on the grounds that it is not a question. To the extent that the same can be treated as a request to produce, the transcription is enclosed. The tape no longer exists.**

6.    From the following parties: Dunn, Bethke, Anderson, Darby, And Hurley. Why Wasn't Miss Casey charged with assault 3rd?

**ANSWER:    Ms. Casey was charged with Breach of Peace. It is in the officer's discretion to determine what charges apply. Officer Dunn was the arresting officer.**

7.    From the following parties: Dunn, Bethke, Anderson, Darby. Did Mr. Quint Have injuries that needed to be treated when detained at police station?

**ANSWER:    I do not recall. The report of 7/9/02 is enclosed. The report indicates that while on the scene Officer Dunn noted that Mr. Quint had swelling in his right eye area and small amounts of bruising on his arms and body. Mr. Quint declined medical treatment and to give a written statement. While at the station, there is no indication medical attention was requested of Mr. Quint.**

8.    From the following parties: Dunn, Bethke, Anderson, And Darby. Was Mr Quint provided with medical attention at police station on 7/9/02? If not, why not?

**ANSWER:    See response to Interrogatory No. 7.**

9.    What are the policies and procedures of Milford Police Dept. on people brought in with injuries?

**ANSWER:    If treatment is needed and/or requested, medical treatment is sought.**

10.     From the following parties: Dunn. In your report on 7/9/02 why doesn't it state who made complaint that brought you to the area of 48 Merwin Ave on 7/9/02.

**ANSWER:      The defendant does not answer this question, as it is not directed to him.**

11.     From all parties: Is it your job to protect and serve the public?

**ANSWER:      Yes**

12.     From all parties: What does it mean to you to protect and serve the public?

**OBJECTION:  The foregoing interrogatory is objected to on the grounds that it seeks information beyond the permissible scope of discovery and which is opinion rather than fact.**

13.     From the following parties: Hurley, Richards, Why was Mr Quint changed from complainant to defendant?

**ANSWER:      The defendant does not answer this question, as it is not directed to him.**

14.     From the following parties: Hurley, Richards. Why wasn't charge of breach of peace dropped against Mr Quint same time it was dropped against Miss Casey?

**ANSWER:      The defendant does not answer this question, as it is not directed to him.**

15.     From the following parties: Hurley, Richards. Why didn't family relations take Mr Quints' case along with Miss Caseys'?

**ANSWER:      The defendant does not answer this question, as it is not directed to him.**

16.     From the following party: Richards. Did Mr Quint have visible injuries on day you interviewed him?

**ANSWER:      The defendant does not answer this question, as it is not directed to him.**

17.    From the following parties: Hurley, Richards. Did Mr Quint have visible injuries on day of arraignment?

**ANSWER:    The defendant does not answer this question, as it is not directed to him.**

18.    From the following parties: Hurley, Richards. Since Mr Quint had all the injuries. Why wasn't there a protective order issued against Miss Casey for Mr Quint?

**ANSWER:    The defendant does not answer this question, as it is not directed to him.**

19.    From the following party: Hurley. How many times has Mr Quint tried o get protective order against Miss Carey and been Denied?

**ANSWER:    The defendant does not answer this question, as it is not directed to him.**

20.    From the following parties: Why was there protective order issued only against Mr Quint?

**OBJECTION:  The interrogatory does not identify which defendants the question is directed to.  Without waiving said objection, the defendant cannot respond to this interrogatory as the issuance of a protective order is outside the scope of his duties and responsibilities.**

21.    From all parties: Did Mr Quint ever assault Miss Casey?

**ANSWER:    The defendant has no independent knowledge of this and therefore, cannot respond to this interrogatory.**

22.    From all parties: Did Miss Casey ever assault Mr Quint?

**ANSWER:    The defendant has no independent knowledge of this and therefore, cannot respond to this interrogatory.**

23.    From the following party: Hurley. Did you ever do anything to prevent Mr Quint from being subjected to gender discrimination? If not, why not?

**ANSWER:**     The defendant does not answer this question, as it is not directed to him.

24.     From the following party: Richards. How many protective orders has Miss Casey had against different people?

**ANSWER:**     The defendant does not answer this question, as it is not directed to him.

25.     From all parties: Has Miss Casey ever assaulted any one in the past besides Mr Quint?

**ANSWER:**     The defendant has no independent knowledge of this and therefore, cannot respond to this interrogatory.

26.     From the following parties: Dunaj, Moore, Esposito, Marshner. On 8/21/02 when Mr Quint was arrested were there mattresses in the holding cells in Milford police station? If not, why not?

**ANSWER:**     The defendant does not answer this question, as it is not directed to him.

27.     From the following parties: Dunaj, Moore. Was there a mattress in cellM-4 when Mr Quint was secured in cell on 8/21/02? If not, Why not?

**ANSWER:**     The defendant does not answer this question, as it is not directed to him.

28.     From the following parties: Dunaj, Moore. Was Mr Quint provided with linens and blanket. When secured in cell M-4 on 8/21/02? If not, Why not?

**ANSWER:**     The defendant does not answer this question, as it is not directed to him.

29.     From the following party: Hurley. Did you investigate the accusations made in warrant you signed of on? If not, Why not?

**ANSWER:**     **The defendant does not answer this question, as it is not directed to him.**

30.     From the following party: Hurley. Did you advise any officers as to contents to be written in warrant?, or in anyway in this investigation?

**ANSWER:**     **The defendant does not answer this question, as it is not directed to him.**

31.     From the following party; Dunaj. On the warrant signed by you on 8/31/02 did states attorney Hurley advise you as to the contents to be stated in it?

**ANSWER:**     **The defendant does not answer this question, as it is not directed to him.**

32.     From the following party: Dunaj. On the warrant signed by you on 8/31/02 you state you contacted Mr Quint at his mother's residence on 7/27/02 by phone. Provide notes and phone records of said contact on 7/27/02.

**ANSWER:**     **The defendant does not answer this question, as it is not directed to him.**

33.     From the following parties: Dunaj, Dunn, Bethke, Anderson, Darby, Moore, Vitti, Esposito, and Maschner. Was Mr Quint brought to Milford police station on 5/7/02 with any injuries? Who was he brought in by? Were his injuries treated. If not, Why not? Provide all police reports for 5/7/02 concerning Mr. Quint.

**ANSWER:**     **The defendant has no independent knowledge of this incident, as he was not involved in this case and therefore, cannot respond to this interrogatory.**

34.     From all parties: At any time during the events described in the complaint. Did you protect Mr Quints' right to equal protection of the law? If not, Why not?

**OBJECTION: The foregoing interrogatory is objected to on the grounds that it seeks information beyond the permissible scope of discovery and which is opinion rather than fact.**

35.    From all parties: Is it normal procedure to change complainant to defendant?

**OBJECTION:  The foregoing interrogatory is objected to on the grounds that it seeks information beyond the permissible scope of discovery and which is opinion rather than fact.**

36.    From all parties; is it normal procedure not to report in reports who complainant is?

**ANSWER:    Only if party is unknown/anonymous**

37.    From the following party: Hurely. If 911 call from Mr Quint was exculpatory information why did you avoid and try to hide it through out all of the court proceedings involving Mr Quint arising from the 911 call Mr Quint made on 7/9/02.

**ANSWER:    The defendant does not answer this question, as it is not directed to him.**

## DEFENDANT'S VERIFICATION

I, **William Anderson**, hereby certify that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

WILLIAM ANDERSON

Subscribed and sworn to before me this _14_ day of _August_ 2003.

Notary Public

My Commission Expires:

STEVEN FOURNIER
*NOTARY PUBLIC*
MY COMMISSION EXPIRES APR. 30, 2005

**DOCUMENTS PROVIDED WITH DISCOVERY:**

1. Transcription of 7/9/02 call

2. May 7, 2002 incident report

3. July 9, 2002 incident report

4. Job description

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976

Telephone (860) 525-5361                    Facsimile (860) 525-4849                    Juris No. 24029

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, to the following counsel of record on September 16, 2003:

Richard R. Quint
Inmate #123433
Corrigan-Radgowski C.C.
982 Norwich New London Turnpike
Uncasville, Connecticut 06382

Henri Alexandre
Assistant Attorney General
Attorney General's Office
110 Sherman Street
Hartford, Connecticut 06105


_____
Patty G. Swan

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976

TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029