UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RICHARD R. QUINT  :
 : PRISONER
v.  : Case No. 3:02CV2053(AVC)(TPS)
 :
OFFICER DUNAJ, et al.  :

### RULING AND ORDER

On December 16, 2003, the court ordered the plaintiff to file an amended complaint clearly stating his claims against each of the remaining defendants. The plaintiff seeks an extension of time to file the amended complaint and review of the magistrate judge's order by the assigned district judge.

With certain listed exceptions, a district judge may refer pretrial motions to a magistrate judge for determination. See 28 U.S.C. § 636(b)(1)(A). The district judge may reconsider these pretrial matters on motion by a party where the party shows that the magistrate judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). With regard to the listed motions, which include motions to dismiss and motions for preliminary injunctive relief, the magistrate judge may issue a recommended ruling, to which the parties may object within ten days. If a party objects, the district judge considers de novo the portion of the recommended ruling to which objection was made. In this case, the ruling at issue is not within the exceptions for which a magistrate judge may issue only a recommended ruling and, therefore, the court may grant the relief requested here only if the magistrate-judge's order is clearly erroneous or contrary

to law.

The plaintiff challenges the magistrate judge's ruling as "founded on mistaken information." He states that his motion to compel should have been granted because the defendants did not respond to his reformulated interrogatories in good faith and have not provided him a copy of the 911 tape and, moreover, all claims included in his proposed amended complaint remain pending because he has appealed the dismissal of the claims with respect to defendants Hurley and Richards.

The court has reviewed the magistrate judge's ruling and the underlying motion, copies of discovery requests and responses and the exhibits attached to plaintiff's motions. While the plaintiff argues, *inter alia*, that his motion to compel should have been granted because the defendants failed to provide him with a recorded copy of the 911 call, no master copy of the recording exists. If the tape does not exist, the defendants cannot be compelled to provide it. The defendants have, in any event, already furnished the plaintiff with a transcript of the call. In sum, after reviewing the magistrate judge's decision and the underlying motion and response, the court concludes that the magistrate judge's ruling denying the motion to compel was not clearly erroneous or contrary to law.

The plaintiff argues that his proposed third amended complaint was in compliance with the court's ruling on the defendants' motion for more definite statement and that he described facts regarding the actions of the defendants who are members of the Milford Police Department. After reviewing the proposed third amended complaint, this court concludes that plaintiff has, at least, identified which defendants participated in his arrest and which were involved after he was at the police station. However, the plaintiff continues to include claims against defendants Hurley and Richards despite specific instructions to exclude these claims from the amended

complaint. The fact that the plaintiff has appealed the dismissal of those claims does not alter the fact that the claims have been dismissed from this action and are no longer pending before this court. Should plaintiff prevail on appeal, he may reassert his claims against defendants Hurley and Richards. Thus, plaintiff's proposed third amended complaint did not comply with the court's direction.

Accordingly, plaintiff's motion **[doc. #91]** is **DENIED** to the extent that he seeks to set aside the ruling of the magistrate judge and have his proposed third amended complaint docketed. The motion is **GRANTED** to the extent that the plaintiff is afforded **thirty (30)** days from the date of this order to file an amended complaint in this case. The amended complaint shall include the allegations against the specific defendants in the Milford Police Department that are included in the proposed third amended complaint and omit the claims against defendants Hurley and Richards.

**SO ORDERED** this ___ day of January, 2004, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge