EXIBIT C

## 838 PENAL CODE Title 53a

Ct. 550, 552. Statute provides its own definition of "mocking." Id. Although defendant did not take part in assault, he is guilty under statute because everyone is party to an offense who directly or indirectly counsels or procures any person to commit the offense or do any act forming a part thereof. 3 Conn. Cir. Ct. 610, 613. Defendant properly charged with breach of peace when he violated curfew imposed by mayor of New Haven when riotous conditions existed in the city. 5 Conn. Cir. Ct. 22. Right to constitutional procedural safeguards applicable to charges of misdemeanor. Id., 178. Evidence of defendant magazine salesman's forcible amorous assault on complainant housewife in her home warranted his conviction of crime of breach of peace by assault. Id., 186. Statute does not define crime of breach of peace but merely specifies certain ways of committing it and defendant garage owner's threatened assault on complaining witness in his shop warranted his conviction under it. Id., 298. Constitutionality of this statute plain and unambiguous and legislative intent clearly expressed, ally vague. Demurrer overruled as language used in statute is plain and unambiguous and legislative intent clearly expressed. Id., 384. Cited. Id., 311; 517. Section does not define crime of breach of peace but merely specifies certain ways of committing it. It may be committed in ways other than those specified. Offensive acts must be of such character that they tend naturally to cause serious disquietude on part of those in vicinity. 5 Conn. Cir. Ct. 583. Evidence of prior altercation between defendant and victim's son which led immediately to attack on father, admissible on question of motive. 5 Conn. Cir. Ct. 607. There was sufficient evidence on which trial court found defendant had committed assault and battery and appeal court cannot retry case. 6 Conn. Cir. Ct. 14. Defendant in resisting unlawful arrest was not guilty of breach of peace. 6 Conn. Cir. Ct. 42. Cited. 6 Conn. Cir. Ct. 90, 402, 403, 404, 405, 431.

Annotations to former section 53-175:

Disorderly conduct arrest proper where defendant refused to answer police officer's questions and gathered a crowd by his shouting. 157 C. 485.

Conduct to be disorderly under this section must take place in a public place. 23 CS 430. Constitutionality upheld; disorderly conduct involves annoyance to or interference with someone in a public place by conduct which is offensive or disorderly. 24 CS 7. What constitutes disorderly conduct; sit-in demonstrations in waiting rooms of business office, although nonabusive, nonviolent and nonboisterous, held to be disorderly conduct. 24 CS 337.

Cited. 4 Conn. Cir. Ct. 57; id., 533. Defendant was correctly charged with disorderly conduct when he violated curfew order of mayor of New Haven imposed to prevent continuance of riots in that city. 5 Conn. Cir. Ct. 22. Waiving Viet Cong flag is expression of ideas and not incitement to violence under statute. Lower court will not rule unconstitutional laws of long regarded social importance and a public policy of wide general support. 6 Conn. Cir. Ct. 402 et seq.

Annotations to former section 53-183:

"Permit" covers not only a voluntary turning loose, but also failure to use reasonable care to restrain. 104 C. 499. Need not be confined by halter. 136 C. 440. To establish a violation it must be shown that the animals were at large on the highway without a keeper either by the voluntary act of the defendant or by reason of his negligent failure to restrain them. 146 C. 470.

Cited. 104 C. 499.

**Sec. 53a-181. Breach of the peace: Class A or B misdemeanor.** (a) A person is guilty of breach of the peace when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place; or (2) assaults or strikes another; or (3) threatens to commit any crime against another person or his property; or (4) publicly exhibits, distributes, posts up or advertises any offensive, indecent or abusive matter concerning any person; or (5) in a public place, uses abusive or obscene language or makes an obscene gesture; or (6) creates a public and hazardous or physically offensive condition by any act which he is not licensed or privileged to do; or (7) places a nonfunctional imitation of an explosive or incendiary device in a public place. For purposes of this section, "public place" means any area that is used or held out for use by the public whether owned or operated by public or private interests.

(b) Breach of the peace is a class B misdemeanor, except that violation of subdivision (7) of subsection (a) of this section is a class A misdemeanor.

(1969, P.A. 828, S. 183; P.A. 92-260, S. 68; P.A. 98-55.)

History: P.A. 92-260 amended Subsec. (a) to replace in Subdiv. (6) "public, hazardous or physically offensive condition" with "public and hazardous or physically offensive condition" and amended Subsec. (b) to make a technical change in the name of the offense; P.A. 98-55 amended Subsec. (a) to add Subdiv. (7) re placing a nonfunctional imitation of an explosive or incendiary device in a public place and add definition of "public place" and amended Subsec. (b) to add exception making a violation of Subdiv. (7) a class A misdemeanor.

Cited. 190 C. 371, 411. Cited. 191 C. 433, 436. Cited. 194 C. 347, 358, 360. Cited. 195 C. 668, 672, 676. Cited. 205 C. 456, 474. Cited. 217 C. 73, 76. Cited. 237 C. 613. Cited. Id., 633. Cited. 243 C. 115.

## Ch. 952 PENAL CODE: OFFENSES 839

Cited. 3 CA 410, 411. Cited. 6 CA 334, 335. Cited. 6 CA 407, 408. Cited. 9 CA 255. Cited. 10 CA 499, 500. Cited. 12 CA 74, 75, 79. Cited. Id., 306, 308. Cited. Id., 481, 487. Cited. 13 CA 139, 149. Cited. 14 CA 6. Cited. Id., 10, 12, 16. Cited. Id., 348, 549. Cited. 15 CA 641, 642. Cited. 17 CA 234, 236. Cited. Id., 339, 340. Cited. 26 CA 157, 162. Cited. 28 CA 344, 359. Cited. 29 CA 683, 684. Cited. 36 CA 135, 136.

Cited. 33 CS 93. Cited. 34 CS 548, 549. Obscene gesture must be erotic in a significant way and must appeal to prurient interest in sex or portray sex in patently offensive way. Id., 575. Not unconstitutionally vague or overly broad. 35 CS 587-590. Cited. 36 CS 89; id., 609, 610. Whether defendant's vituperations addressed to the police officer constituted breach of the peace under statute discussed. 38 CS 349, 352. Cited. 39 CS 359-361. Cited. 43 CS 46, 52, 65.

Notice of conduct to be precise. 6 Conn. Cir. Ct. 667. History prior to penal code. 6 Conn. Cir. Ct. 668. Cited. Id., 751, 752.

Subsec. (a):

Subdiv. (5) cited. 194 C. 347, 358. Cited. 195 C. 668, 676. Cited. 198 C. 43, 44. Subdiv. (5) cited. 205 C. 456, 475, 476. Subdiv. (2) cited. 214 C. 378, 379. Subdiv. (1) cited. 227 C. 153, 155. Subdiv. (1) cited. 233 C. 903. Subdiv. (1): Does not require proof of actual physical contact on part of defendant with a victim; when applied to speech, parameters of the violent, threatening or tumultuous behavior prohibited by section are consistent with "fighting words"; judgment of appellate court in *State v. Szymkiewicz*, 36 CA 625 et seq. reversed. 237 C. 613. Subdiv. (5) cited. Id., 613. Subdiv. (5) cited. Id., 633.

Subdiv. (5): This part of the statute is confined to language which constitutes "fighting" words and defendant's repeated vile, racist and threatening epithets were of such a nature. Id., 669, 678. Subdiv. (1) cited. Id., 709, 714. Statute meets requirements of fair notice to defendant. 6 CA 407, 408, 411, 415. Cited. Id., 407, 415. Cited. 10 CA 499, 500. Subdiv. (2) cited. 12 CA 74, 88, 89. Subdiv. (6) cited. Id., 74, 82, 88, 89. Cited. 13 CA 139, 149. Subdiv. (6) cited. 14 CA 10, 16. Subdiv. (1) cited. Id., 440, 441. Subdiv. (6) cited. 27 CA 103, 105, 110, 113. Subdiv. (5) cited. Id., 103, 110. Cited. 36 CA 625; judgment reversed, see 237 C. 613 et seq. Subdiv. (1) cited. Id., 625-629. Subdiv. (5) cited. Id., 625, 629. Cited. 37 CA 500, 507, 509; judgment reversed in part, see 237 C. 633 et seq. Subdiv. (1) cited. CA 306, 307. Subdiv. (1) cited. 41 CA 847, 848. Subdiv. (3) cited. Id. Subdiv. (5) cited. Id.

Subdiv. (5) cited. 38 CS 349, 353. Subdiv. (4) cited. Id., 581, 582. Subdiv. (5) cited. Id. Cited. 39 CS 504, 509.

**Sec. 53a-181a. Creating a public disturbance: Infraction.** (a) A person is guilty of creating a public disturbance when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he (1) engages in fighting or in violent, tumultuous or threatening behavior; or (2) annoys or interferes with another person by offensive conduct; or (3) makes unreasonable noise.

(b) Creating a public disturbance is an infraction.

(P.A. 83-276, S. 2; P.A. 92-260, S. 69.)

History: P.A. 92-260 amended Subsec. (b) to make a technical change.

Cited. 228 C. 795, 798. Cited. 243 C. 115.

No right to jury trial. 9 CA 255-257. Cited. 12 CA 258, 263, 267. Cited. Id., 481, 482, 487, 493, 494, 498. Cited. 24 CA 195, 196. Cited. Id., 541, 542. Cited. 28 CA 344, 359. Cited. 32 CA 656, 665; judgment reversed in part, see 232 C. 345 et seq.

Subsec. (a):

Cited. 228 C. 795, 811. Cited. 237 C. 613. Subdiv. (1) cited. Id.

Subdiv. (2) cited. 12 CA 258, 263, 267. Subdiv. (3) cited. Id., 481, 483. Subdiv. (2): "Offensive conduct" defined. Id., 481, 483, 486, 488. Subdiv. (1): Legislative intent to proscribe conduct which actually involves physical violence or portends imminent physical violence. Id., 481, 483, 486, 488, 490, 491. Cited. Id., 481, 485. Cited. 36 CA 625, 629; judgment reversed, see 237 C. 613 et seq.

**Sec. 53a-181b. Intimidation based on bigotry or bias: Class D felony.** Section 53a-181b is repealed, effective October 1, 2000.

(P.A. 90-137, S. 1, 3; P.A. 00-72, S. 11.)

**Sec. 53a-181c. Stalking in the first degree: Class D felony.** (a) A person is guilty of stalking in the first degree when he commits stalking in the second degree as provided in section 53a-181d and (1) he has previously been convicted of this section or section 53a-181d, or (2) such conduct violates a court order in effect at the time of the offense, or (3) the other person is under sixteen years of age.

(b) Stalking in the first degree is a class D felony.

(P.A. 92-237, S. 1.)

See Sec. 54-1k re issuance of protective order in stalking cases.

Cited. 43 CS 46, 47, 51.

Subsec. (a):

Subdiv. (2) cited. 46 CA 661.

serious physical injury to another person" with "when, while operating a motor vehicle under the influence of intoxicating liquor or any drug or both, he causes serious physical injury to another person as a consequence of the effect of such liquor or drug".

See Sec. 14-111g re motor vehicle operator's retraining program.

Cited. 219 C. 752, 757. Cited. 222 C. 672, 674. Cited. 224 C. 730, 731, 734. Cited. 226 C. 191, 201. Cited. 230 C. 572, 573. Nothing said in General Assembly proceeding concerning an amendment to this section to remedy an unrelated aspect changed the rule of law; judgment of appellate court in *State v. Leroy*, 33 CA 232, reversed. 232 C. 1, 2, 5, 13, 14, 16.

Cited. 5 CA 590, 594, 595. Cited. 9 CA 686, 730. Cited. 16 CA 472, 475. Cited. 21 CA 138, 143, 144. Cited. 22 CA 142, 144, 159, 165–167, 169, 170. Cited. 23 CA 215, 216. Cited. Id., 720–722. Cited. 25 CA 282, 284, 293. Cited. 26 CA 805, 806, 808. Cited. 32 CA 553, 554, 556, 571. Cited. 33 CA 232, 233; judgment reversed, see 232 C. 1 et seq. Cited. 34 CA 557, 564. Cited. Id., 655, 665. Cited. 36 CA 710, 713. Cited. 38 CA 282, 283. Cited. 40 CA 359, 360, 364, 365.

Subsec. (a):
Cited. 232 C. 1, 2.
Cited. 16 CA 472, 473, 477. Cited. 32 CA 553, 554. Cited. 33 CA 232, 233; judgment reversed, see 232 C. 1 et seq. Cited. 34 CA 655, 666. Cited. 38 CA 282, 283.

**Sec. 53a-61. Assault in the third degree: Class A misdemeanor.** (a) A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or (2) he recklessly causes serious physical injury to another person; or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon, a dangerous instrument or an electronic defense weapon.

(b) Assault in the third degree is a class A misdemeanor and any person found guilty under subdivision (3) of subsection (a) of this section shall be sentenced to a term of imprisonment of one year which may not be suspended or reduced.

(1969, P.A. 828, S. 62; P.A. 86-287, S. 3; P.A. 92-260, S. 30.)

History: P.A. 86-287 amended Subsec. (a) to add reference to electronic defense weapons; P.A. 92-260 amended Subsec. (b) by adding provision re one-year mandatory nonsuspendable sentence for conviction under Subsec. (a)(3) to reflect preexisting sentencing requirement of Sec. 53a-36(1).

See Sec. 53a-36 re mandatory nonsuspendable sentence for conviction under Subdiv. (3) of Subsec. (a).

Cited. 170 C. 162. Cited. 171 C. 264. Cited. 173 C. 254, 259. Cited. 184 C. 157, 158, 162. Cited. 189 C. 1, 7. Cited. 190 C. 428, 429. Cited. 194 C. 347, 349. Cited. Id., 408, 412. Cited. 196 C. 430, 431. Cited. 198 C. 190, 191. Cited. 200 C. 544, 545. Cited. 202 C. 520, 521, 524. Cited. Id., 331, 335. Cited. Id., 629, 631. Cited. 205 C. 352. Cited. 209 C. 23, 27. Cited. Id., 52, 53. Cited. 222 C. 299, 302. Cited. Id., 331, 335. Cited. 227 C. 677, 680. Cited. 228 C. 487, 488. Cited. Id., 582, 584. Cited. 233 C. 813, 816. Cited. 234 C. 78, 81.

Cited. 1 CA 697, 698. Cited. 5 CA 590, 594, 595. Cited. 6 CA 189, 190. Cited. 8 CA 545, 548. Cited. 9 CA 59, 60, 70. Cited. Id., 631, 632; judgment reversed, see 205 C. 352 et seq. Cited. 11 CA 499, 501. Cited. 12 CA 221, 222. Cited. Id., 585, 587. Cited. 13 CA 708, 709. Cited. 14 CA 526, 527. Cited. 17 CA 234, 235. Cited. 20 CA 6, 8. Cited. Id., 75, 80. Cited. 21 CA 411, 412. Cited. 24 CA 57, 58. Cited. Id., 556, 577. Cited. 25 CA 421, 422; judgment reversed, see 222 C. 299 et seq. Cited. Id., 472, 473. Cited. 26 CA 157, 162. Cited. Id., 439, 440. Cited. 27 CA 786, 787. Cited. 28 CA 581, 583, 588–590; judgment reversed, see 226 C. 601 et seq. Cited. 29 CA 524, 525. Cited. Id., 683, 684. Cited. 30 CA 346, 348. Cited. 31 CA 497, 502. Cited. 35 CA 107, 109. Cited. 36 CA 106, 108; judgment reversed, see 234 C. 78 et seq. Cited. 37 CA 338, 348. Cited. Id., 733, 743. Cited. 39 CA 810, 811. Cited. 40 CA 805, 806, 828, 829. Cited. 41 CA 47, 49. Cited. 42 CA 810. Cited. 43 CA 76. Cited. 45 CA 282. Cited. 46 CA 131.

Cited. 37 CS 664, 665. Cited. 39 CS 347, 348. Cited. 41 CS 505, 508.

Subsec. (a):
Subdiv. (1) cited. 177 C. 248; 180 C. 167, 168. Subdiv. (3) cited. Id., 557, 560. Subdiv. (2) cited. 182 C. 353, 355. Subdiv. (1) cited. 184 C. 366. Subdiv. (3) cited. 185 C. 63, 76, 78, 79. Subdiv. (1) cited. 189 C. 114, 115; 193 C. 48, 56. Subdiv. (2) cited. Id. Subdiv. (3) cited. Id. Subdiv. (1) cited. 194 C. 119, 126, 127. Subdiv. (2) cited. Id. Cited. 195 C. 232, 243. Cited. 197 C. 115, 117. Subdiv. (1) cited. 198 C. 147, 148. Subdiv. (2) cited. 202 C. 629, 635, 660. Subdiv. (1) cited. 207 C. 557–559. Subdiv. (2) cited. Id., 657, 667. Subdiv. (1) cited. 210 C. 110, 112. Subdiv. (1) cited. 211 C. 672, 674. Subdiv. (1) cited. 206 C. 40, 43. Subdiv. (2) cited. Id., 657, 667. Subdiv. (1) cited. 210 C. 110, 112. Subdiv. (1) cited. 211 C. 672, 674. Subdiv. (1) cited. 219 C. 160, 161; 220 C. 487, 489; Subdiv. (2) cited. 222 C. 444, 447. Subdiv. (3) cited. 223 C. 41, 42. Subdiv. (1) cited. 224 C. 397, 399. Subdiv. (1) cited. 225 C. 519, 520. Judgment of appellate court in *State v. Tanzella*, 28 CA 581, 590, reversed 226 C. 601, 602, 606, 613. Cited. Id., 601, 602, 612. Subdiv. (2) cited. Id, 601, 606, 613, 615. Subdiv. (1) cited. 228 C. 610, 612. Subdiv. (1) cited. 233 C. 813, 815.

Subdiv. (1) cited. 3 CA 374, 375. Cited. 5 CA 40, 41. Subdiv. (1) cited. Id., 40, 41, 49, 50. Subdiv. (2) cited. Id. Subdiv. (3) cited Id., 40, 49, 50. Subdiv. (3) cited. Id., 590, 591, 593. Subdiv. (1) cited. 6 CA 407, 408. Subdiv. (1) cited. 7 CA 27, 31. Subdiv. (1) cited. 10 CA 102, 103. Subdiv. (3) cited. Id., 499–502. Subdiv. (1) cited. 12 CA 655, 656; 13 CA 386, 387; Id., 667, 668. Subdiv. (1) cited. 11 CA 102, 103. Subdiv. (3) cited. 19 CA 554, 555. Subdiv. (1) cited. 20 CA 75, 77, 86; Id., 101, 102. Subdiv. (1) cited. 23 CA 663, 664; 24 CA 518, 519; 26 CA 114, 116; Id., 259, 260. Subdiv. (1) cited. Id., 331, 332, 346, 348; 27 CA 322, 327, 330. Cited. Id., 322, 329, 330. Subdiv. (1) cited. Id., 322, 330. Subdiv. (3) cited. Id. Subdiv. (2) cited. 28 CA 581, 585–588, 592; judgment reversed, see 226 C. 601 et seq. Subdiv. (1) cited. Id., 581, 586–588, 603; judgment reversed, see 226 C. 601 et

seq. Cited. Id., 581, 588–590; judgment reversed, see 226 C. 601 et seq. Cited 29 CA 524, 525. Cited 29 CA 524, 525. Subdiv. (2) cited. Id., 704, 705. Subdiv. (1) cited. 33 CA 126. Subdiv. (2) cited. 35 CA 51, 59, 61, 65. Cited. 37 CA 338, 340. Subdiv. (1) cited. Id., 338, 348. Subdiv. (1) cited. Id., 733, 735. Subdiv. (1) cited. 38 CA 193, 194. Subdiv. (1) cited 39 CA 419, 420. Subdiv. (1) cited Id., 832, 833. Cited. 40 CA 805, 806. Subdiv. (1) cited. 41 CA 565, 567. Subdiv. (1) cited. 42 CA 445. Subdiv. (1) cited Id., 768. Subdiv. (1) cited 43 CA 76. Cited. 45 CA 591. Subdiv. (3) cited Id.

Subdiv. (1) cited. 37 CS 520, 521.

**Sec. 53a-61a. Assault of an elderly, blind, disabled, pregnant or mentally retarded person in the third degree: Class A misdemeanor: One year not suspendable.** (a) A person is guilty of assault of an elderly, blind, disabled, pregnant or mentally retarded person in the third degree when such person commits assault in the third degree under section 53a-61 and (1) the victim of such assault has attained at least sixty years of age, is blind or physically disabled, as defined in section 1-1f, or is pregnant, or (2) the victim of such assault is a person with mental retardation, as defined in section 1-1g, and the actor is not a person with mental retardation.

(b) No person shall be found guilty of assault in the third degree and assault of an elderly, blind, disabled, pregnant or mentally retarded person in the third degree upon the same incident of assault but such person may be charged and prosecuted for both such offenses upon the same information.

(c) In any prosecution for an offense under this section based on the victim being pregnant or being a person with mental retardation, it shall be an affirmative defense that the actor, at the time such actor engaged in the conduct constituting the offense, did not know the victim was pregnant or was a person with mental retardation.

(d) Assault of an elderly, blind, disabled, pregnant or mentally retarded person in the third degree is a class A misdemeanor and any person found guilty under this section shall be sentenced to a term of imprisonment of one year which shall not be suspended or reduced.

(P.A. 77-422, S. 4; P.A. 92-260, S. 31; P.A. 99-122, S. 4; 99-186, S. 17.)

History: P.A. 92-260 amended Subsec. (c) by adding provision re one-year mandatory nonsuspendable sentence to reflect preexisting sentencing requirement of Sec. 53a-36(1); P.A. 99-122 changed the name of the offense from "assault of a victim sixty or older in the third degree" to "assault of an elderly, blind, disabled or mentally retarded person in the third degree", where appearing, amended Subsec. (a) to add Subdiv. (2) to include within the offense an assault where the victim is a person with mental retardation and the actor is not a person with mental retardation, and added new Subsec. (c) to establish an affirmative defense in a prosecution based on the victim being a person with mental retardation that the actor did not know the victim was a person with mental retardation, relettering former Subsec. (c) as Subsec. (d); P.A. 99-186 changed the name of the offense from "assault of a victim sixty or older in the third degree" to "assault of an elderly, blind, disabled or pregnant person in the third degree" where appearing, amended Subsec. (a) to include within the offense an assault where the victim is pregnant and added new Subsec. (c) to establish an affirmative defense in a prosecution based on the victim being pregnant that the actor did not know the victim was pregnant, relettering former Subsec. (c) as Subsec. (d).

See Sec. 53a-36 re mandatory nonsuspendable sentence.

Court, in sentencing a defendant convicted under this section, must impose a one-year mandatory nonsuspendable term of imprisonment and does not have option of imposing a fine or a sentence of unconditional discharge. 180 C. 557–559.
Cited. 5 CA 590, 594, 595. Cited. 13 CA 420, 421, 431. Cited. 16 CA 318, 319. Cited. 21 CA 248, 249. Cited. 29 CA 524, 525. Cited. 31 CA 312, 314. Cited. 32 CA 178, 179.

Subsec. (a):
Cited. 12 CA 239, 240. Cited. 29 CA 524, 525. Cited. 31 CA 312, 314.

Subsec. (b):
Cited. 216 C. 282, 295.

**Sec. 53a-62. Threatening: Class A misdemeanor.** (a) A person is guilty of threatening when: (1) By physical threat, he intentionally places or attempts to place another person in fear of imminent serious physical injury, or (2) he threatens to commit any crime of violence with the intent to terrorize another, to cause evacuation of a building,

## Page 752

**PENAL CODE**  Title 53a

serious physical injury to another person" with "when, while operating a motor vehicle under the influence of intoxicating liquor or any drug or both, he causes serious physical injury to another person as a consequence of the effect of such liquor or drug".

See Sec. 14-111g re motor vehicle operator's retraining program.

Cited. 219 C. 752, 757. Cited. 222 C. 672, 674. Cited. 224 C. 730, 731, 734. Cited. 226 C. 191, 201. Cited. 230 C. 572, 573. Nothing said in General Assembly proceeding concerning an amendment to this section to remedy an unrelated aspect changed the rule of law; judgment of appellate court in State v. Leroy, 33 CA 232, reversed. 232 C. 1, 2, 5, 13, 14, 16. Cited. 5 CA 590, 594, 595. Cited. 9 CA 686, 730. Cited. 16 CA 472, 475. Cited. 21 CA 138, 143, 144. Cited. 22 CA 142, 144, 159, 165–167, 169, 170. Cited. 23 CA 215, 216. Cited. Id., 720–722. Cited. 25 CA 282, 284, 293. Cited. 26 CA 805, 806, 808. Cited. 32 CA 553, 554, 556, 571. Cited. 33 CA 232, 233; judgment reversed, see 232 C. 1 et seq. Cited. 34 CA 557, 564. Cited. Id, 655, 665. Cited. 36 CA 710, 713. Cited. 38 CA 282, 283. Cited. 40 CA 359, 360, 364, 365.

Subsec. (a):
Cited. 232 C. 1, 2.
Cited. 16 CA 472, 473, 477. Cited. 32 CA 553, 554. Cited. 33 CA 232, 233; judgment reversed, see 232 C. 1 et seq. Cited. 34 CA 655, 666. Cited. 38 CA 282, 283.

**Sec. 53a-61. Assault in the third degree: Class A misdemeanor.** (a) A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or (2) he recklessly causes serious physical injury to another person; or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon, a dangerous instrument or an electronic defense weapon.

(b) Assault in the third degree is a class A misdemeanor and any person found guilty under subdivision (3) of subsection (a) of this section shall be sentenced to a term of imprisonment of one year which may not be suspended or reduced.

(1969, P.A. 828, S. 62; P.A. 86-287, S. 3; P.A. 92-260, S. 30.)

History: P.A. 86-287 amended Subsec. (a) to add reference to electronic defense weapons; P.A. 92-260 amended Subsec. (b) by adding provision re one-year mandatory nonsuspendable sentence for conviction under Subsec. (a)(3) to reflect preexisting sentencing requirement of Sec. 53a-36(1).

See Sec. 53a-36 re mandatory nonsuspendable sentence for conviction under Subdiv. (3) of Subsec. (a).

Cited. 170 C. 162. Cited. 171 C. 264. Cited. 173 C. 254, 259. Cited. 184 C. 157, 158, 162. Cited. 189 C. 1, 7. Cited. 190 C. 428, 429. Cited. 194 C. 347, 349. Cited. Id., 408, 412. Cited. 196 C. 430, 431. Cited. 198 C. 190, 191. Cited. 200 C. 544, 545. Cited. 202 C. 520, 521, 524. Cited. Id., 331, 335. Cited. 227 C. 677, 680. Cited. 228 C. 487, 488. Cited. Id., 582, 584. Cited. 233 C. 813, 816. Cited. 234 C. 78, 81.
Cited. 1 CA 697, 698. Cited. 5 CA 590, 594, 595. Cited. 6 CA 189, 190. Cited. 8 CA 545, 548. Cited. 9 CA 59, 60, 70. Cited. Id., 631, 632; judgment reversed, see 205 C. 352 et seq. Cited. 11 CA 499, 501. Cited. 12 CA 221, 222. Cited. Id., 585, 587. Cited. 13 CA 708, 709. Cited. 14 CA 526, 527. Cited. 17 CA 234, 235. Cited. Id., 25 CA 421, 422; judgment reversed, see 222 C. 299 et seq. Cited. Id., 472, 473. Cited. 26 CA 157, 162. Cited. Id., 439, 440. Cited. 27 CA 786, 787. Cited. 28 CA 581, 583, 585–590; judgment reversed, see 226 C. 601 et seq. Cited. 29 CA 524, 525. Cited. Id., 683, 684. Cited. 30 CA 346, 348. Cited. 31 CA 497, 502. Cited. 35 CA 107, 109. Cited. 36 CA 106, 108; judgment reversed, see 234 C. 78 et seq. Cited. 37 CA 338, 348. Cited. Id., 733, 743. Cited. 39 CA 810, 811. Cited. 40 CA 805, 806, 828, 829. Cited. 41 CA 47, 49. Cited. 42 CA 810. Cited. 43 CA 76. Cited. 45 CA 282. Cited. 46 CA 131.
Cited. 37 CS 664, 665. Cited. 39 CS 347, 348. Cited. 41 CS 505, 508.

Subsec. (a):
Subdiv. (1) cited. 177 C. 248; 180 C. 167, 168. Subdiv. (3) cited. Id., 557, 560. Subdiv. (2) cited. 182 C. 353, 355. Subdiv. (2) cited. 184 C. 366. Subdiv. (3) cited. 185 C. 63, 76, 78, 79. Subdiv. (1) cited. 189 C. 114, 115; 193 C. 48, 56. Subdiv. (2) cited. Id. Subdiv. (3) cited. Id. Subdiv. (1) cited. 194 C. 119, 126, 127. Subdiv. (2) cited. Id. Cited. 195 C. 232, 243. Subdiv. (1) cited. 197 C. 115, 117. Subdiv. (2) cited. Id., 147, 148. Subdiv. (2) cited. 198 C. 147, 148. Subdiv. (1) cited. 202 C. 629, 635, 660. Subdiv. (1) cited. 206 C. 40, 43. Subdiv. (2) cited. Id., 657, 667. Subdiv. (3) cited. Id., 110, 112. Subdiv. (1) cited. 210 C. 110, 112. Subdiv. (1) cited. 211 C. 672, 674. Subdiv. (1) cited. 219 C. 160, 161; 220 C. 487, 489; Subdiv. (2) cited. 222 C. 444, 447. Subdiv. (3) cited. 223 C. 41, 42. Subdiv. (1) cited. 224 C. 397, 399. Subdiv. (1) cited. 225 C. 519, 520. Judgment of appellate court in State v. Tanzella, 28 CA 581, 590, reversed. 226 C. 601, 602, 606, 613. Cited. Id., 601, 602, 612. Subdiv. (2) cited. Id, 601, 606, 613, 615. Subdiv. (1) cited. 228 C. 610, 612. Subdiv. (1) cited. 233 C. 813, 815.
(3) cited. Id., 40, 49, 50. Subdiv. (3) cited. 3 CA 374, 375. Cited. 5 CA 40, 41. Subdiv. (1) cited. Id., 40, 41, 49, 50. Subdiv. (2) cited. Id. Subdiv. (1) cited. 6 CA 407, 408. Subdiv. (1) cited. 7 CA 27, 31. Subdiv. (1) cited. Id., 40, 49, 50. Subdiv. (3) cited. Id., 590, 591, 593. Subdiv. (1) cited. 8 CA 545, 547; 10 CA 330, 336. Cited. 10 CA 709–712. Subdiv. (1) cited. 11 CA 102, 103. Subdiv. (3) cited. Id., 499–502. Subdiv. (1) cited. 12 CA 655, 656; 13 CA 386, 387; Id., 667, 668. Subdiv. (1) cited. 19 CA 554, 555. Subdiv. (1) cited. 20 CA 75, 77, 86; Id., 101, 102. Subdiv. (1) cited. 23 CA 663, 664; 24 CA 518, 519; 26 CA 114, 116; Id., 259, 260. Subdiv. (1) cited. Id., 331, 332, 346, 348; 27 CA 322, 327, 330. Cited. Id., 322, 329, 330. Subdiv. (1) cited. Id., 322, 330. Subdiv. (3) cited. Id. Subdiv. (1) cited. 28 CA 581, 585–588, 592; judgment reversed, see 226 C. 601 et seq. Subdiv. (1) cited. Id., 581, 586–588, 603; judgment reversed,

## Page 753

**Ch. 952**  **PENAL CODE: OFFENSES**

seq. Cited. Id., 581, 588–590; judgment reversed, see 226 C. 601 et seq. Cited 29 CA 524, 525. Subdiv. (2) cited. Id., 704, 705. Subdiv. (1) cited. 33 CA 125. Subdiv. (2) cited. 35 CA 51, 59, 61, 65. Cited. 37 CA 338, 340. Subdiv. (1) cited. Id., 338, 348. Subdiv. (1) cited. Id., 733, 735. Subdiv. (1) cited. 38 CA 193, 194. Subdiv. (1) cited. 39 CA 419, 420. Subdiv. (1) cited. 40 CA 805, 806. Subdiv. (1) cited. 41 CA 565, 567. Subdiv. (1) cited. 42 CA 445. Subdiv. (1) cited. Id., 768. Subdiv. (1) cited. 43 CA 76. Cited. 45 CA 591. Subdiv. (3) cited. Id.
Subdiv. (1) cited. 37 CS 520, 521.

**Sec. 53a-61a. Assault of an elderly, blind, disabled, pregnant or mentally retarded person in the third degree: Class A misdemeanor: One year not suspendable.** (a) A person is guilty of assault of an elderly, blind, disabled, pregnant or mentally retarded person in the third degree when such person commits assault in the third degree under section 53a-61 and (1) the victim of such assault has attained at least sixty years of age, is blind or physically disabled, as defined in section 1-1f, or is pregnant, or (2) the victim of such assault is a person with mental retardation, as defined in section 1-1g, and the actor is not a person with mental retardation.

(b) No person shall be found guilty of assault in the third degree and assault of an elderly, blind, disabled, pregnant or mentally retarded person in the third degree upon the same incident of assault but such person may be charged and prosecuted for both such offenses upon the same information.

(c) In any prosecution for an offense under this section based on the victim being pregnant or being a person with mental retardation, it shall be an affirmative defense that the actor, at the time such actor engaged in the conduct constituting the offense, did not know the victim was pregnant or was a person with mental retardation.

(d) Assault of an elderly, blind, disabled, pregnant or mentally retarded person in the third degree is a class A misdemeanor and any person found guilty under this section shall be sentenced to a term of imprisonment of one year which shall not be suspended or reduced.

(P.A. 77-422, S. 4; P.A. 92-260, S. 31; P.A. 99-122, S. 4; 99-186, S. 17.)

History: P.A. 92-260 amended Subsec. (c) by adding provision re one-year mandatory nonsuspendable sentence to reflect preexisting sentencing requirement of Sec. 53a-36(1); P.A. 99-122 changed the name of the offense from "assault of a victim sixty or older in the third degree" to "assault of an elderly, blind, disabled or mentally retarded person in the third degree", where appearing, amended Subsec. (a) to add Subdiv. (2) to include within the offense an assault where the victim is a person with mental retardation and the actor is not a person with mental retardation, and added new Subsec. (c) to establish an affirmative defense in a prosecution based on the victim being a person with mental retardation that the actor did not know the victim was a person with mental retardation, relettering former Subsec. (c) as Subsec. (d); P.A. 99-186 changed the name of the offense from "assault of a victim sixty or older in the third degree" to "assault of an elderly, blind, disabled or pregnant person in the third degree" where appearing, amended Subsec. (c) to include within the offense an assault where the victim is pregnant and added new Subsec. (c) to establish an affirmative defense in a prosecution based on the victim being pregnant that the actor did not know the victim was pregnant, relettering former Subsec. (c) as Subsec. (d).

See Sec. 53a-36 re mandatory nonsuspendable sentence.

Court, in sentencing a defendant convicted under this section, must impose a one-year mandatory nonsuspendable term of imprisonment and does not have option of imposing a fine or a sentence of unconditional discharge. 180 C. 557–559. Cited. 5 CA 590, 594, 595. Cited. 13 CA 420, 421, 431. Cited. 16 CA 318, 319. Cited. 21 CA 248, 249. Cited. 29 CA 524, 525. Cited. 31 CA 312, 314. Cited. 32 CA 178, 179.

Subsec. (a):
Cited. 12 CA 239, 240. Cited. 29 CA 524, 525. Cited. 31 CA 312, 314.
Subsec. (b):
Cited. 216 C. 282, 295.

**Sec. 53a-62. Threatening: Class A misdemeanor.** (a) A person is guilty of threatening when: (1) By physical threat, he intentionally places or attempts to place another person in fear of imminent serious physical injury, or (2) he threatens to commit any crime of violence with the intent to terrorize another, to cause evacuation of a building,

EXIBIT D

**STRATFORD POLICE**
900 Longbrook Avenue
Stratford, CT 06614
385.4100
Incident Report
SCTO

Incident Number: 2002000010262
Alternative Reference Number: N/A
Dispatch Incident Number: 2002000009181

**Vehicle Info**

| Vehicle No. | Vehicle Make | Vehicle Model | Vehicle Year | VIN | Primary Color | Secondary Color | Plate No. | State |
|---|---|---|---|---|---|---|---|---|
| No Vehicle Info Recorded for Incident #: 2002000010262 | | | | | | | | |

**Property**

No Property Info reported for Incident #: 2002000010262

**Narratives:**

Narrative by: Patrol-8 Brian Zolla

Seq No: 1
Date & Time: 5/7/02 10:24:00PM

I, Detective Zolla, report that officer Castro and myself were sent to Milford Police Department to pickup a Mr. Richard Quint DOB 03-17-65 on a FTA First Degree Warrant. Upon arrival we took custody of Quint from Officer Freeman. Quint was searched, handcuffed and transported to Stratford Police Headquarters where he was booked, fingerprinted, and photographed for FTA First Degree. His bond was court set at $20,000 and his court date is set as 05-14-02. Quint was afforded telephone calls prior to being placed in cell number 10.

Prior to being placed in the cell Quint was seen by EMS personnel at his request. He claimed to have cuts and scrapes from a domestic dispute earlier in the evening. EMS examined his injuries which were non-life threatening, bandaged what was appropriate, and then Quint was placed in the cell block. Both Dispatch and Sgt. Wilcoxson were notified of Quint's presence in the cell block.

The warrant was cancelled from NCIC, message number 2103830.

**Incident Notes:**

Create User ID:

Seq No: Date & Time
No Incident Notes Listed

**Incident Dispatcher Remarks:**

Create User ID: system

Seq No: 1
Date & Time: 05/06/2002 08:05:57

5/1/02 COURT ISSUED WARRANT FOR A-1?? FTA 1ST COURT SET BOND 20,000 RICHARD R QUINT M/W 3/17/65 240 FERNDALE AVE STRATFORD CT ENTER MESS#2101657 5/6/02 2:11 481

Det. B Zolla
Signature of Officer

Signature of Shift Commander

Notarized, Subscribed, and Sworn to
This ___ Day of May 02
By _____
Signature of Notary Public

Incident Number: 2002000010262
Page 2 of 2
PIFormSingle Rev: 04/07/02

<u>EXIBIT E</u>

| ARREST WARRANT APPLICATION | STATE OF CONNECTICUT | **FOR COURT USE ONLY** |
|---|---|---|
| JD-CR-54 Rev. 4-02 | SUPERIOR COURT | Supporting Affidavits Sealed |
| C.G.S. § 54-2a, Pr. Bk. Sec 36-1, 36-2, 36-3 | REPORT #: 17149-02 | ☐ YES  ☐ NO |
| | PAGE: 1 | |

| NAME AND RESIDENCE (TOWN) OF ACCUSED | DOB: 3/17/65 | COURT TO BE HELD AT (Town) | G.A. NO. |
|---|---|---|---|
| QUINT, RICHARD R, 240 Ferndale Avenue, Stratford, CT | | MILFORD | 22 |

### APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the . . .

[X] affidavit below . . .   [X] affidavit(s) attached

| DATE & SIGNATURE | DATE 9/10/02 | SIGNED (Prosecutorial Official) |
|---|---|---|

### AFFIDAVIT

The undersigned, being duly sworn, deposes and says:

That he is a member of the Milford Police Department and has been a member of said Department since 6/27/97, and at all pertinent times mentioned herein acted in his official capacity as a member of said Department. The following facts and circumstances are stated from personal knowledge and observations as well as from information received from brother officers acting in their official capacity.

On 7/22/02 complainant Francine Casey of 48 Merwin Avenue, Milford, CT complained to the Milford Police Department that her ex-boyfriend, **RICHARD QUINT**, had come to her residence intoxicated and threatened her on this date in violation of a Family Violence Protective Order.

The complainant stated that she and **RICHARD QUINT** had shared the residence at 48 Merwin Avenue, Milford, CT for several months until a recent domestic disturbance which prompted the issuing of the Family Violence Protective Order. She stated that at approximately 0300 hrs on 7/22/02 **RICHARD QUINT** entered her residence at 48 Merwin Avenue using a key to the residence that he still had in his possession. She stated that **RICHARD QUINT** was intoxicated and a verbal argument ensued between them, during which **RICHARD QUINT** told the complainant that if she contacted the Police in regards to his violating the Protective Order, he would contact a motorcycle gang called "The Brotherhood" and that the complainant's "fate would be worse than death". The complainant stated that **RICHARD QUINT** is approximately 6' tall, and 230 lbs, and is known to be a convicted felon for sexual assault and drug offenses. She stated that **RICHARD QUINT** has a volatile temper and can be prone to violence. She stated that he is a known drug user and is known to carry knives on his person. The complainant stated that she has heard **RICHARD QUINT** speak of violent acts that he has committed in the past reportedly as part of this motorcycle gang. The complainant believed the threats by **RICHARD QUINT** to be real and believed that **RICHARD QUINT** was capable of killing her or having someone else do it for him. The affiant notes that although this incident

| DATE AND SIGNATURE | DATE 8/31/02 | SIGNED (Affiant) Officer A Dunaj #52 |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) 8/31/02 | SIGNED (Judge, Clerk, Comm. Sup. Ct., Notary Pub.) |

### FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 9/3/02 | SIGNED (A Judge of the Superior Court) HOLDEN |
|---|---|---|

sn 8/23/02

| ARREST WARRANT APPLICATION<br>JD-CR-64 Rev. 4-02<br>C.G.S. § 54-2a, Pr. Bk. Sec 36-1, 36-2, 36-3 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>REPORT #: 17149-02<br>PAGE: 2 | FOR COURT USE ONLY<br>Supporting Affidavits Sealed<br>☐ YES  ☐ NO |
|---|---|---|

| NAME AND RESIDENCE (TOWN) OF ACCUSED | DOB: 3/17/65 | COURT TO BE HELD AT (Town) | G.A. NO. |
|---|---|---|---|
| QUINT, RICHARD R, 240 Ferndale Avenue, Stratford, CT | | MILFORD | 22 |

### APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the ...

[X] affidavit below ...   [X] affidavit(s) attached

| DATE & SIGNATURE | DATE 9/10/02 | SIGNED (Prosecutorial Official) |
|---|---|---|

### AFFIDAVIT

The undersigned, being duly sworn, deposes and says:

occurred at approximately 0300 hrs on this date, the complainant did not report this incident to the Milford Police until 1844 hrs on this date. She stated that she did not contact the Police at the time of this incident because she is very afraid of **RICHARD QUINT**. She also told the affiant that she did not wish to pursue an arrest in this incident because of her fear of **RICHARD QUINT** and wished that this be made only a matter of record in case anything happened to her.

The complainant also stated that during this incident **RICHARD QUINT** took her purse off of a table and left the residence with the purse in his possession. The complainant stated that she also did not wish to pursue an arrest regarding the stolen purse from her residence.

On 7/22/02 the affiant checked the Court order files at Milford Police Headquarters and found a valid Family Violence Protective Order naming the complainant as the victim and **RICHARD QUINT** as the defendant. This order stated that **RICHARD QUINT** was to refrain from entering the residence of the complainant at 48 Merwin Avenue, Milford, CT. It also stated that he was to refrain from threatening the complainant, and from having any contact with her in any manner. The order did state that **RICHARD QUINT** may return to the address one time with a Police escort in order to retrieve belongings from the residence.

On 7/22/02 the affiant ran **RICHARD QUINT** thru NCIC and DMV records and found that he was a supervised registered sex offender with a valid CT operator's license. On this date the affiant also ran **RICHARD QUINT** thru a State Police Records Check and found that he was a convicted felon with numerous arrests for drug offenses, weapons in m/v, assaults on Police Officers, escape from custody, sexual assault, and unlawful restraint.

| DATE AND SIGNATURE | DATE 8/31/02 | SIGNED (Affiant) Officer A Dunaj #52 |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) 8/31/02 | SIGNED (Judge, Clerk, Comm. Sup. Ct., Notary Pub.) |

### FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 9/13/02 | SIGNED (A Judge of the Superior Court) |
|---|---|---|

sn 8/23/02

| ARREST WARRANT APPLICATION | STATE OF CONNECTICUT | FOR COURT USE ONLY |
|---|---|---|
| JD-CR-64 Rev. 4-02 | SUPERIOR COURT | Supporting Affidavits Sealed |
| C.G.S. § 54-2a, Pr. Bk. Sec 36-1, 36-2, 36-3 | REPORT #: 17149-02 | ☐ YES  ☐ NO |
| | PAGE: 3 | |

| NAME AND RESIDENCE (TOWN) OF ACCUSED | DOB: 3/17/65 | COURT TO BE HELD AT (Town) | G.A. NO. |
|---|---|---|---|
| QUINT, RICHARD R, 240 Ferndale Avenue, Stratford, CT | | MILFORD | 22 |

### APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the . . .

[X] affidavit below . . .    [X] affidavit(s) attached

| DATE & SIGNATURE | DATE 9/10/02 | SIGNED (Prosecutorial Official) |
|---|---|---|

### AFFIDAVIT

The undersigned, being duly sworn, deposes and says:

The affiant notes that at approximately 2155 hrs on 7/22/02, Officer Moore and the affiant were dispatched again to 48 Merwin Avenue, Milford, CT on a complaint of a verbal argument between the complainant and **RICHARD QUINT** at that residence. Upon arrival the officers found that **RICHARD QUINT** had left the scene prior to Police arrival. The affiant notes that this complaint had been called in by the complainant's brother after she had informed him by telephone of this second incident on this date. The complainant stated that **RICHARD QUINT** had responded to her residence in order to return her purse to her. She stated that there was no argument at this time, but she told **RICHARD QUINT** that he was not allowed to come to her residence at his own will because he was violating a court order prohibiting him from doing so. She told **RICHARD QUINT** that when he arrived she had been on the phone with her brother, who was very concerned for her safety, and who was calling the Police. The complainant stated that **RICHARD QUINT** left the area once he heard that Police were enroute to her residence. The complainant stated that none of the contents of her purse were missing. She stated that she did not wish to pursue an arrest in this incident either.

The affiant was unable to make contact with **RICHARD QUINT** by telephone on this date and left a voice message on his mother's answering machine requesting that he contact this affiant as soon as possible regarding this investigation.

On 7/27/02 the affiant made telephone contact with **RICHARD QUINT** at his mother's residence in Stratford, CT. **RICHARD QUINT** stated that this was his current address. He stated that on 7/22/02 he had gone to the residence of his girlfriend, Francine Casey, at 48 Merwin Avenue, Milford, CT at approximately 0200 or 0300 hrs after being invited to the residence by her. He stated that while there the two had a verbal argument and that he left the residence before the verbal argument had a chance to turn into a physical altercation between the two. He stated that at no time during this

| DATE AND SIGNATURE | DATE 8/31/02 | SIGNED (Affiant) Officer A Dunaj |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) 8/31/02 | SIGNED (Judge, Clerk, Comm. Sup.CT., Notary Public) |

203 377-0004

### FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 9/13/02 | SIGNED (A Judge of the Superior Court) |
|---|---|---|

sn 8/23/02

| ARREST WARRANT APPLICATION | STATE OF CONNECTICUT | FOR COURT USE ONLY |
|---|---|---|
| JD-CR-54 Rev. 4-02 | SUPERIOR COURT | Supporting Affidavits Sealed |
| C.G.S. § 54-2a, Pr. Bk. Sec 36-1, 36-2, 36-3 | REPORT #: 17149-02 | ☐ YES   ☐ NO |
| | PAGE: 4 | |

| NAME AND RESIDENCE (TOWN) OF ACCUSED | DOB: 3/17/65 | COURT TO BE HELD AT (Town) | G.A. NO. |
|---|---|---|---|
| QUINT, RICHARD R, 240 Ferndale Avenue, Stratford, CT | | MILFORD | 22 |

## APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the . . .

[X] affidavit below . . .   [X] affidavit(s) attached

| DATE & SIGNATURE | DATE 9/10/02 | SIGNED (Prosecutorial Official) |
|---|---|---|

## AFFIDAVIT

The undersigned, being duly sworn, deposes and says:

incident did either he or Casey lay a hand on each other. **RICHARD QUINT** also denied making any threat of any kind to Francine Casey at this time. **RICHARD QUINT** stated that he was aware of the Family Violence Protective Order prohibiting him from entering the residence of Francine Casey at 48 Merwin Avenue, Milford, CT. He was also aware that this order stated that he was prohibited from having any contact in any manner with Casey, coming within 100 yards of Casey, and making any threats or harassing her. **RICHARD QUINT** denied taking Casey's purse from the residence at that time. He also denied returning to the residence at approximately 2155 hrs on 7/22/02 to return the purse to Casey. **RICHARD QUINT** refused to meet with the affiant and declined to provide the affiant with a written statement of his account of the events.

WHEREFORE, the undersigned affiant has probable cause to believe that the accused, **RICHARD QUINT**, did commit the crimes of Violation Of A Protective Order in violation of Section 53a-223 (two counts), Criminal Trespass First Degree in violation of 53a-107 (two counts), and Threatening in violation of Section 53a-62, of the Connecticut General Statutes.

| DATE AND SIGNATURE | DATE 8/31/02 | SIGNED (Affiant) Officer A Dunaj #53 |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) | SIGNED (Judge, Clerk, Comm. Sup. CT, Notary Pub.) |

## FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 9/13/02 | SIGNED (A Judge of the Superior Court) |
|---|---|---|

sn 8/23/02

EXIBIT F

MILFORD POLICE DEPARTMENT
INCIDENT REPORT

INCIDENT TYPE: DOMESTIC DISPUTE/VIOLENCE    PREMISE TYPE: RESIDENCE/HOME
LOCATION: 48           MERWIN AV                        APT/LOT        AREA A3
BUSINESS:                                   WEAPON TYPE: OTHER
BEGIN DATE: 7/22/02   BEGIN TIME: 1844   END DATE: 7/22/02   END TIME: 1844
CENSUS TRACT:              SUB-DIVISION:
COMMENTS:  COMPLAINANT IN LOBBY

           VIOLATION PROTECTIVE ORDER
           38
CASE STATUS: CASE ACTIVE                        REPORT DATE: 072202
REPORTING OFFICER:  DUNAJ, ANDREW

SUPERVISOR


************************************ P E R S O N S ************************************

PERSON #: 001   STATUS: COMPLAINANT
NAME: CASEY                    FRANCINE       E                RACE: WHITE
SEX: FEMALE  DOB: 2/16/67  AGE:     HGT:    WGT:      HAIR:
EYES:                FACIAL HAIR:                BUILD:      COMPLEXION:
ADDRESS: 48 MERWIN AV
EMPLOYMENT:
OCCUPATION:
SOC SEC: 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   PHONE (RES): 882-0168   PHONE (BUS): 000-000-0000

PERSON #: 002   STATUS: SUSPECT
NAME: QUINT                    RICHARD        S                RACE: WHITE
SEX: MALE    DOB: 3/17/65  AGE:     HGT:    WGT:      HAIR:
EYES:                FACIAL HAIR:                BUILD:      COMPLEXION:
ADDRESS: LKA 240 FERNDALE AV            STRATFORD
EMPLOYMENT:
OCCUPATION:
SOC SEC: 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   PHONE (RES): 377-0004   PHONE (BUS): 000-000-0000

PERSON #: 003   STATUS: REFER TO
NAME: 17159-02                                                 RACE: N/A - BUSINESS
SEX: N/A -   DOB: 0/00/00  AGE:     HGT:    WGT:      HAIR:
EYES:                FACIAL HAIR:                BUILD:      COMPLEXION:
ADDRESS:
EMPLOYMENT:
OCCUPATION:
SOC SEC: 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   PHONE (RES): 000-0000   PHONE (BUS): 000-000-0000


************************************ V E H I C L E ************************************

VEHICLE #: 001   STATUS: SUSPECT AU
LICENSE PLATE UNKNOWN         STATE:     YEAR:        VIN:
VEHICLE   YEAR: 0000              MAKE: CHEVROLET        CELEBRITY
STYLE:   UN        COLOR (TOP): RED   (BOTTOM): RED
PLACE OF IMPOUNDMENT:
COMMENTS:

Writer responded to the lobby of Milford Police HQ's 430 Boston Post Rd, Milford, Ct and met with complainant Francine Casey of 48 Merwin Av, Milford, Ct regarding a complaint of a possible violation of a protective order.

The complainant stated that at approximately 0300 hrs on this date her ex-boyfriend, Richard Quint, entered her residence at 48 Merwin Av. She stated that Quint was intoxicated and in possession of a key to her residence. She stated that she and Quint had shared the residence for several months and until recently. The complainant stated that following several domestic disturbances at her residence between her and Quint, the court had issued a family violence protective order naming the complainant as the victim and Quint as the defendant. She stated that this order indicated that Quint was not to enter her residence at 48 Merwin Av, Milford, Ct. The complainant stated that when Quint entered her residence a verbal argument ensued during which Quint told the complainant that if she contacted the Police, in regards to his violating the protective order, he would call a motorcycle gang called "The Brotherhood" and that the complainant's fate would be "worse than death". The complainant stated that Richard Quint is approximately 6' tall, 230 lbs, and is known to be a convicted felon and rapist. She stated that Quint has a volatile temper and could be prone to violence. She stated that Quint is a known drug user and is known to carry knives on his person. She stated that she has heard Quint speak of violent acts committed in the past as a possible part of this motorcycle gang. The complainant stated that she believed these threats to be real and that Quint would kill her or have someone do it for him. She stated that she did not contact the Police at the time of this incident because is very afraid of Quint. She stated that due to her fear that she did not want to pursue an arrest in this incident but only wished that it be made a matter of record.

The complainant also stated that during this incident Quint took her purse and left the residence with the purse. The complainant stated that she had contacted her bank and credit card companies and cancelled all her bank and credit cards. She stated that she did not want to pursue an arrest regarding the stolen purse from her residence.

The complainant stated that Richard Quint is known to operate a burgundy late 1980's model Chevy Celebrity with an unknown marker plate. She believed that Quint may have a suspended driver's license and that the marker plate on this Chevy Celebrity belonged to another vehicle. She stated that she did not know where Richard Quint as currently residing since he was forced to move out of her residence. She stated that his last known address was with his mother at 240 Ferndale Av, Stratford, Ct.

Writer had comm room personnel run Richard Quint thru NCIC and DMV files and found that Richard Quint was a supervised registered sex offender with a last known address in Stratford, Ct. DMV files showed that he had a valid Ct operator's license. Writer also had comm room personnel run Richard Quint thru SPRC and found that he was a convicted felon with numerous

arrests for drug offenses, weapons in m/v, assault on police officers, and sexual assault.

Writer also checked the court order files at Police HQ's and found a valid family violence protective order naming the complainant as the victim and Richard Quint as the defendant. This order stated that Richard Quint was to refrain from entering the family dwelling of the complainant at 48 Merwin Av, Milford, Ct. It also stated that he was to refrain from threatening the complainant and from having any contact in any manner with the complainant. The order did state that Quint may return to that address one time with the police in order to retrieve his belongings. A copy of this protective order was forwarded with this report.

Writer had comm room personnel place the information regarding this incident on the briefing log. Writer also requested on behalf of the complainant extra checks of her residence for Richard Quint due to this complaint.

Writer notes that the complainant was adamant that she did not want to provide a written statement or pursue an arrest of Richard Quint regarding this incident. She stated that she was meeting with her family violence advocate this week and she was advised that if she changed her mind she should contact this writer in order to provide such statement.

Writer and Off Moore were later dispatched to 48 Merwin Av on a complaint of a verbal argument between the complainant and Richard Quint, refer to case #17159-02. In this second incident the complainant stated that Quint had responded to her residence at approximately 2155 hrs to return her purse to her. She stated that there was no argument, but she told Quint that he could not come to her residence at his will because he was violating the court order prohibiting him from doing so. She told Quint that when he arrived she had been on the phone with her brother, who was very concerned for her safety and who called police. She stated that Quint left the residence once he heard that police were on the way.

Writer continuing this investigation with attempts to interview Richard Quint regarding this incident. Writer will also be completing an arrest warrant for Richard Quint.

    COPY: DETECTIVE DIVISION
          CLEARANCE CODE
    STENO:sn

SUPPLEMENT REPORT SUBMITTED BY OFF DUNAJ DATE:8/16/02

On 7/27/02 writer made telephone contact with Richard Quint at his residence in Stratford, Ct. Quint stated that on 7/22/02 he had gone to the residence of his girlfriend Francine Casey at approximately 0200 or 0300 hrs after being invited to the residence by her. He stated that while there after a short time the two had a verbal argument. He stated that he left the residence before the verbal argument had a chance to turn into a physical altercation. He stated that at no time during this incident did either he or Casey lay a hand on each other. He also denied making any threat of any kind to Francine Casey at this time. Quint stated that he was aware of the family violence protective order prohibiting him from entering the dwelling of Francine Casey at 48 Merwin Av, Milford, Ct. This order also stated that he was prohibited from having any contact in any manner with Casey, prohibited from coming within 100 yards of Casey, and prohibited from threatening or harassing her. Quint denied that he removed Casey's purse from the residence at that time. He also denied returning to the residence at approximately 2155 hrs to give the purse back to Casey.

Quint refused to meet with writer and declined to provide writer with a written statement of his account of the events.

Writer notes that Francine Casey was supplied with a victims rights assistance card on 7/22/02 and it was explained to her.

Writer also notes that a family violence offense report was completed and forwarded with this report.

Writer continuing with an arrest warrant for Richard Quint.

COPY: DETECTIVE DIVISION
    CLEARANCE CODE
STENO:sn

*[Handwritten note:]* I stated I was not at Residence and had alibi as to my whereabouts. At time that I was not even in Milford at the time. I stated she was lying

SUPPLEMENT REPORT SUBMITTED BY OFFICER: A. Duraj      DATE: 8/23/02

On August 22, 202, writer submitted an arrest warrant for Richard Quint to be typed by the Steno.


COPY:   DETECTIVE DIVISION
        CLEARANCE CODE _____
STENO:  dlf

**DEPARTMENT OF POLICE**
MILFORD, CONNECTICUT

P.C. Statement
Quint, Richard R. DOB- 3/17/6_

## STATEMENT

DATE  8/21/02   TIME  0100   PLACE  430 Boston Post Rd, Milford   REPORT NO. 19859-02

I, Andrew F. Dinaj Jr., AGE 33, OF 430 Boston Post Rd., CITY OF Milford, STATE OF CT, MAKE THE FOLLOWING VOLUNTARY STATEMENT, WITHOUT THREAT OR PROMISE, KNOWING THAT IT MAY BE USED IN COURT. I have been advised that I have the right to consult with a lawyer, to stand mute, and to sign nothing. These rights I hereby waive. I make this statement to APD ~~Off. A. Dinaj~~ GA 22, whom I know to be a member of the Milford Police Department.

At approx. 1947 hrs. on 8/20/02, writer responded to #48 Merwin Av., Milford, CT, on a complaint of vandalism to a motor vehicle. Upon arrival, writer met with complainant Francine Casey of that address who stated that at approx. 1900 hrs. on this date her ex-boyfriend Richard Quint came to her residence in order to retrieve some of his personal belongings. Casey stated that she and Quint had lived together at #48 Merwin Av., Milford, CT, for several months until a recent domestic dispute prompted the issuing of a Family Violence Protective Order naming Francine Casey as the victim and Richard Quint as the defendant. This protective order prohibited Quint from entering the dwelling of Casey (#48 Merwin Av.), from having any contact in any manner with Casey, and from coming within 100 yards of Casey. It also stated that Quint may return to the dwelling one time with a police escort to retrieve his personal belongings.

Casey stated that Quint entered her property and walked down the driveway to where his belongings were stored under the carport. When she observed Quint in her driveway with no police escort, she told him to leave immediately because he was violating the protective order. Quint then left the area on foot in an unknown direction.

I have read (or had read to me) the above statement and it is true to the best of my knowledge. I fully understand that if I make a statement that is untrue and which is intended to mislead a law enforcement officer in the performance of his official function, I will be in violation of Section 53a-157 of the Connecticut General Statutes. (A false statement is a Class-A Misdemeanor).

**I HAVE READ THE ABOVE STATEMENT AND IT HAS BEEN READ TO ME. IT IS THE TRUTH.**

Witness _____   Signed X _A.F.D.J._ #52

SUBSCRIBED AND SWORN TO BEFORE ME THIS 21st DAY OF August, 2002  _____ Notary Public

Page 1 of 3 pages.    ORIGINAL/~~COPY~~

**DEPARTMENT OF POLICE**
MILFORD, CONNECTICUT

**STATEMENT**

P.C. Statements
Quint, Richard R. DOB- 3/17/65

DATE 8/21/02   TIME 0100   PLACE 430 Boston Post Rd, Milford   REPORT NO. 19859-02

I, Andrew F. Dunaj, Jr., AGE 33, OF 430 Boston Post Rd., CITY OF Milford, STATE OF CT, MAKE THE FOLLOWING VOLUNTARY STATEMENT, WITHOUT THREAT OR PROMISE, KNOWING THAT IT MAY BE USED IN COURT. I have been advised that I have the right to consult with a lawyer, to stand mute, and to sign nothing. These rights I hereby waive. I make this statement to AFD-O GA 22, whom I know to be a member of the Milford Police Department.

Casey stated that shortly after Quint left, she went out to her vehicle, a 1994 Honda Accord, 4-door, green, bearing CT# 890 JLT, parked in her driveway and found that her vehicle's right front tire had been flattened. Upon further inspection, she found two (2) punctures and one (1) vertical slash to the tire's sidewall. She estimated it would cost approx. $100.00 to replace the tire. Casey stated that her vehicle was parked adjacent to where Quint's belongings had been stored. She stated that she did not observe any person "slash" her tire, but strongly suspected that Quint did it.

Francine Casey requested the arrest of Richard Quint for trespassing on her property and violating the protective order.

Witnesses John Casey (complainant's brother) and Lance Veillette confirmed that Richard Quint was on the complainant's property on this date. Niether one observed any person "slash" the complainant's tire.

Casey informed writer that Quint frequented the residence of Norman Youngblood at #171 Seabreeze Av., Milford, CT, and Helwig's Cafe, #331 New Haven Av., Milford, CT.

I have read (or had read to me) the above statement and it is true to the best of my knowledge. I fully understand that if I make a statement that is untrue and which is intended to mislead a law enforcement officer in the performance of his official function, I will be in violation of Section 53a-157 of the Connecticut General Statutes. (A false statement is a Class-A Misdemeanor).

**I HAVE READ THE ABOVE STATEMENT AND IT HAS BEEN READ TO ME. IT IS THE TRUTH.**

Witness _____   Signed X A.F.J. Jr #52

SUBSCRIBED AND SWORN TO BEFORE ME THIS 21st DAY OF August, 20 02   _____ Notary Public

Page 2 of 3 pages.   ORIGINAL/COPY

# DEPARTMENT OF POLICE
## MILFORD, CONNECTICUT
## STATEMENT

P.C. Statement

Quint, Richard R. DOB- 3/17/65

DATE 8/21/02  TIME 0100  PLACE 430 Boston Post Rd, Milford  REPORT NO. 19859-02

I, Andrew F. Dunaj Jr., AGE 33, OF 430 Boston Post Rd., CITY OF Milford, STATE OF CT, MAKE THE FOLLOWING VOLUNTARY STATEMENT, WITHOUT THREAT OR PROMISE, KNOWING THAT IT MAY BE USED IN COURT. I have been advised that I have the right to consult with a lawyer, to stand mute, and to sign nothing. These rights I hereby waive. I make this statement to GA22, whom I know to be a member of the Milford Police Department.

Officer Vitti responded to #171 Seabreeze Av. and met with Norman Youngblood. Off. Vitti made telephone contact with Quint from that residence. Richard Quint refused to meet with the officers or provide his current location. (No time of response) Why

Writer and Off. Moore later responded to Helwig's Cafe where a patron identified Richard Quint for the officers. Officers Esposito and Marschner also responded to the scene. The male identified by the patron as Quint provided officers with a false name of Tom before he admitted that he was indeed Richard Quint.

Richard Quint denied having been to the residence of Francine Casey on this date. He also denied any knowledge of Casey's flat tire.

Writer advised Quint that he was being placed under arrest under CT Domestic Violence laws for violating the protective order and trespassing on Casey's property. He was placed in double-locked handcuffs, secured in writer's patrol car, and transported to police HQ's without incident.

Richard Quint was photographed and fingerprinted by Off. Moore on UAR# 1354701, charging him with Violation of Protective Order 53a-223 and Criminal Trespass 1st 53a-107. He was held on a $1000 Bond and secured in cell M-4 at 0045 hrs.

I have read (or had read to me) the above statement and it is true to the best of my knowledge. I fully understand that if I make a statement that is untrue and which is intended to mislead a law enforcement officer in the performance of his official function, I will be in violation of Section 53a-157 of the Connecticut General Statutes. (A false statement is a Class-A Misdemeanor).

**I HAVE READ THE ABOVE STATEMENT AND IT HAS BEEN READ TO ME. IT IS THE TRUTH.**

Witness _____  Signed X A.F.D. #52

SUBSCRIBED AND SWORN TO BEFORE ME THIS 21st DAY OF August, 20 02  _____ Notary Public

Page 3 of 3 pages.   ORIGINAL / COPY