

FILED

2004 MAR 12 P 4: 28

U.S. DISTRICT COURT
BRIDGEPORT CONN

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT
At Bridgeport

|  |  |
|---|---|
| RICHARD R. QUINT<br>Plaintiff | Inmate #123433<br>: CIVIL ACTION NO. 3-02-2053 (AVC)(TPS) |
| VS. | : |
| A. DUNAJ, ET AL<br>Defendants | : MARCH 11, 2004 |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

By Motion dated February 23, 2004, the plaintiff moved the court to reconsider once again his request for an extension of time, review of the magistrate's ruling and order and motion to set aside. The plaintiff's request should be denied in its entirety. First, the parties are not entitled as of right to oral argument. The issues were fully briefed by both sides. The plaintiff cannot show prejudice. Therefore, this is not a valid reason for the plaintiff's request for consideration.

Secondly, the issue regarding the 911 tape is addressed by the defendants through counsel in their objection to the motion for sanctions. The defendants cannot produce something that is not in their possession to produce and which upon information and belief was destroyed by the fire department. With regard to the 911 call transcribed by the police department, the defendants have no objection to complying with this request. However, such compliance does not appear to satisfy the plaintiff's request to identify the caller.

Thirdly, the plaintiff claims the magistrates ruling and order is founded on untrue information and is clearly erroneous. It is uncertain which ruling and order the plaintiff is making reference to. In any event the plaintiff offers no new information for the court to reconsider.

Fourthly, the plaintiff cites no authority nor does counsel know of any staying a dismissal while an appeal is pending as to the granting of that very same dismissal. This is simply not the way the court is administered. The plaintiff exercised his right to appeal the entry of dismissal. The appeals court will determine whether the court was correct in dismissing the matter as to the defendants Hurley and Richardson.

Fifthly, the plaintiff claims the third amended complaint should be filed only after a ruling by the Appellate court as to the dismissal of the complaint against defendants Hurley and Richards. Since the filing of the plaintiff's motion for reconsideration, the plaintiff filed a new complaint, presumably the Third Amended Complaint. Therefore, this request appears to be rendered moot by the filing of the complaint.

Lastly, the defendants maintain that at some point there needs to be finality to the rulings rendered by this court. The plaintiff continues to request reconsideration of decisions that have been denied more than once and files motions while his motions for reconsideration are pending. Wherefore, the defendants respectfully request that the plaintiff's motion for reconsideration be denied in its entirety.

**DEFENDANTS:**

By *[signature: Patty G. Swan]*

**Patty G. Swan**
Gordon, Muir & Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106
Federal Bar No. ct15656

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, to the following pro se party of record on March 11, 2004:

Richard R. Quint
Inmate #123433
Cheshire Correctional Institute
900 Highland Avenue
Cheshire, CT  06410

_Patty G. Swan_
Patty G. Swan