**FILED**

2004 MAR 15 P 1: 17

U.S. DISTRICT COURT
BRIDGEPORT, CONN

## UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF CONNECTICUT
### At Bridgeport

|  |  |
|---|---|
| | Inmate #123433 |
| RICHARD R. QUINT | : CIVIL ACTION NO. 3-02-2053 (AVC)(TPS) |
| Plaintiff | : |
| | : |
| VS. | : |
| | : |
| A. DUNAJ, ET AL | : |
| Defendants | : MARCH 12, 2004 |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S FILING OF AMENDED COMPLAINT

By way of background, the defendants, A. Dunaj, C. Dunn, Lt. Anderson, Sgt. Darby, Officer Bethke, Officer Moore, Officer Vitti, Officer Esposito and Officer Marschner moved to dismiss the plaintiff's 5th and 8th Amendment claims by motion dated June 3, 2003. The plaintiff requested time to respond and by notice dated July 21, 2003, he withdrew his 5th and 8th Amendment claims. Shortly thereafter, the court granted the defendants Hurley and Richards' motion to dismiss and as a result, they are no longer parties to the action.

By motion dated August 1, 2003, the defendants then moved for the plaintiff to provide a more definite statement, as his complaint was vague, ambiguous and confusing. Thereafter, the plaintiff filed what is entitled "Amended Civil Rights Complaint" dated August 6, 2003. The defendants objected to the "Amended Civil Rights Complaint" dated August 6, 2003 on various grounds. By Ruling and Order dated September 19, 2003 the court (Magistrate Smith) granted the defendants' motion for a more definite statement, denied the plaintiff's motion for leave to

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS NO. 24029

amend his complaint and ordered the plaintiff to file a second amended complaint within 20 days of the date of the order. The court ordered that the second amended complaint was to be on the court form and specify the plaintiff's claims against each defendant.

Thereafter, by motion dated September 30, 2003 the plaintiff sought an extension of time of 60 days to file the second amended complaint in accordance with the order of the court. The defendants did not object to this request. The plaintiff also filed on the same day a motion for reconsideration of the court's ruling granting the defendants' motion for more definite statement, denying the plaintiff's motion for leave to amend his complaint and ordering the second amended complaint be on the court form. On October 8, 2003, the plaintiff filed a motion for leave to file an amended complaint. The defendants objected. By court order dated October 28, 2003 the court granted the plaintiff's request for extension of time to file his complaint. The amended complaint was due on November 10, 2003. On said date the court also denied the plaintiff's request for consideration in its entirety. By court order dated December 16, 2003 the plaintiff's Motion for leave to amend was denied. The court in its order noted that the complaint was not on the court-approved form as ordered; included claims that were dismissed and do not allege facts describing the actions of the Milford Police defendants. The court afforded the plaintiff one **final** chance to file and amended complaint that complies with the court's September 30, 2003 order. The plaintiff was ordered to file such an amended complaint by January 5, 2004.

By motion dated December 29, 2003 and filed January 5, 2004, the plaintiff requested time to file an amended complaint as ordered, for review of the magistrate's ruling and order by the District judge and made a motion to set aside. The defendants again did not object to such request. The court again granted the plaintiff an extension of 30 days to comply with the court's

September 30, 2003 order regarding filing of an amended complaint. Plaintiff's complaint was due February 29, 2004. By motion dated February 23, 2004 and filed February 27, 2004 the plaintiff again requested reconsideration of the court's decision as to the motion for extension of time, review of the magistrate's ruling and order and ruling on the motion to set aside. An Amended Complaint dated February 23, 2004 was filed by the plaintiff on March 3, 2004. The amended complaint fails to comply with the September 30, 2003 order of this court.

The plaintiff was ordered to file an amended complaint in compliance with the court ruling – on the court approved form, identifying the plaintiff's claims against each remaining defendant and alleging facts demonstrating each defendant's involvement in the incident. The amended complaint is deficient in all regards. The amended complaint again contains 5th and 8th amendment claims that were previously withdrawn by the plaintiff. The court ordered the removal of reference to such claims. The plaintiff failed to comply. The plaintiff again adds a Fourth 4th amendment claim that was not part of his original complaint. This goes beyond the motion for more definite statement, is barred by the statute of limitations and does not comply with the court order.

Further, the plaintiff now adds claims against the Milford Police defendants of double jeopardy, discrimination, conspiracy, and other unknown causes of action that were not a part of his original complaint. He simply cannot do this. There are no special rules authorizing a lesser standard of compliance for pro se parties. Any litigant may choose to proceed without representation, but all are bound by the same standards. See generally *Hartford National Bank & Trust Co. v. DiFasio*, 177 Conn. 34, 39 n. 2. (1979); *Basilicato v. Department of Public Utility Control*, 197 Conn. 320, 324 (1985). "Although we allow pro se litigants some latitude, the right

of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law.'" *State v. Krijger*, 33 Conn. App. 49, 55, 633 A.2d 310 (1993), cert. denied, 228 Conn. 917, 636 A.2d 849 (1994), quoting *Galland v. Bronson*, 204 Conn. 330, 334-35, 527 A.2d 1192 (1987).  In fact Mr. Quint has been a plaintiff in this court in 12 cases over a ten year period.   He is presumed to have a greater understanding of the court system than a litigant completely new to the system.

This court has given the plaintiff ample opportunity to comply with the orders of the court.  The plaintiff has failed to comply with the orders on more than one occasion.  He was given one last chance to comply and he failed to do so.  The defendants cannot defend a case when the causes of action change on the whim of the plaintiff.  The defendants through counsel have spent considerable time and resources responding to each and every motion of the plaintiff.  The defendants are prejudiced and continue to be prejudiced by the fact that 16 months after this complaint was filed there is still no operative pleading.  There is no excuse for the plaintiff's noncompliance.

For all of these reasons the defendants object to the plaintiff's Amended Complaint dated February 23, 2004 and filed March 3, 2004.

**DEFENDANTS:**

By _____
**Patty G. Swan**
Gordon, Muir & Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106
Federal Bar No. ct15656

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, to the following pro se party of record on March 12, 2004:

Richard R. Quint
Inmate #123433
Cheshire Correctional Institute
900 Highland Avenue
Cheshire, CT  06410

*Patty G. Swan*

**Patty G. Swan**

# Exhibit A

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 1 | QUINT, RICHARD R. | ctdce | 3:1991cv00467 | 08/13/1991 | 550 | 02/23/1993 |
| 2 | QUINT, RICHARD R. | ctdce | 3:1991cv00502 | 08/30/1991 | 550 | 10/22/1991 |
| 3 | QUINT, RICHARD R. | ctdce | 5:1992cv00491 | 08/19/1992 | 540 | 09/17/1993 |
| 4 | QUINT, RICHARD R. | ctdce | 3:1993cv02078 | 10/18/1993 | 550 | 08/18/1994 |
| 5 | QUINT, RICHARD R. | ctdce | 3:1994cv00796 | 05/12/1994 | 440 | 01/27/1997 |
| 6 | QUINT, RICHARD R. | ctdce | 3:1994cv01947 | 11/16/1994 | 550 | 01/17/1997 |
| 7 | QUINT, RICHARD R. | ctdce | 3:1996cv00719 | 08/11/2000 | 550 | 12/10/2001 |
| 8 | QUINT, RICHARD R. | ctdce | 3:1996cv02643 | 12/30/1996 | 550 | 04/29/1997 |
| 9 | QUINT, RICHARD R. | ctdce | 3:2000cv00262 | 02/04/2000 | 550 | 10/17/2000 |
| 10 | QUINT, RICHARD R. | ctdce | 3:2000cv00885 | 05/12/2000 | 550 | 09/19/2001 |
| 11 | QUINT, RICHARD R. | ctdce | 3:2002cv01983 | 11/07/2002 | 530 | 10/16/2003 |
| 12 | QUINT, RICHARD R. | ctdce | 3:2002cv02053 | 11/19/2002 | 550 | |