**EXIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 JAN 29 P 2: 24

U.S. DISTRICT COURT
HARTFORD, CT.

RICHARD R. QUINT

v.

OFFICER DUNAJ, et al.

: PRISONER
: Case No. 3:02CV2053(AVC)(TPS)

## RULING AND ORDER

On December 16, 2003, the court ordered the plaintiff to file an amended complaint clearly stating his claims against each of the remaining defendants. The plaintiff seeks an extension of time to file the amended complaint and review of the magistrate judge's order by the assigned district judge.

With certain listed exceptions, a district judge may refer pretrial motions to a magistrate judge for determination. See 28 U.S.C. § 636(b)(1)(A). The district judge may reconsider these pretrial matters on motion by a party where the party shows that the magistrate judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). With regard to the listed motions, which include motions to dismiss and motions for preliminary injunctive relief, the magistrate judge may issue a recommended ruling, to which the parties may object within ten days. If a party objects, the district judge considers de novo the portion of the recommended ruling to which objection was made. In this case, the ruling at issue is not within the exceptions for which a magistrate judge may issue only a recommended ruling and, therefore, the court may grant the relief requested here only if the magistrate-judge's order is clearly erroneous or contrary

to law.

The plaintiff challenges the magistrate judge's ruling as "founded on mistaken information." He states that his motion to compel should have been granted because the defendants did not respond to his reformulated interrogatories in good faith and have not provided him a copy of the 911 tape and, moreover, all claims included in his proposed amended complaint remain pending because he has appealed the dismissal of the claims with respect to defendants Hurley and Richards.

The court has reviewed the magistrate judge's ruling and the underlying motion, copies of discovery requests and responses and the exhibits attached to plaintiff's motions. While the plaintiff argues, *inter alia*, that his motion to compel should have been granted because the defendants failed to provide him with a recorded copy of the 911 call, no master copy of the recording exists. If the tape does not exist, the defendants cannot be compelled to provide it. The defendants have, in any event, already furnished the plaintiff with a transcript of the call. In sum, after reviewing the magistrate judge's decision and the underlying motion and response, the court concludes that the magistrate judge's ruling denying the motion to compel was not clearly erroneous or contrary to law.

The plaintiff argues that his proposed third amended complaint was in compliance with the court's ruling on the defendants' motion for more definite statement and that he described facts regarding the actions of the defendants who are members of the Milford Police Department. After reviewing the proposed third amended complaint, this court concludes that plaintiff has, at least, identified which defendants participated in his arrest and which were involved after he was at the police station. However, the plaintiff continues to include claims against defendants Hurley and Richards despite specific instructions to exclude these claims from the amended

complaint. The fact that the plaintiff has appealed the dismissal of those claims does not alter the fact that the claims have been dismissed from this action and are no longer pending before this court. Should plaintiff prevail on appeal, he may reassert his claims against defendants Hurley and Richards. Thus, plaintiff's proposed third amended complaint did not comply with the court's direction.

Accordingly, plaintiff's motion [**doc. #91**] is **DENIED** to the extent that he seeks to set aside the ruling of the magistrate judge and have his proposed third amended complaint docketed. The motion is **GRANTED** to the extent that the plaintiff is afforded **thirty (30)** days from the date of this order to file an amended complaint in this case. The amended complaint shall include the allegations against the specific defendants in the Milford Police Department that are included in the proposed third amended complaint and omit the claims against defendants Hurley and Richards.

**SO ORDERED** this ___ day of January, 2004, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge

3

**EXBIT B**

United States District Court
District of Connecticut

Richard R. Quint

V.

A. Dunaj Et Al.,

Civil No. 3:02CV2053(AVC)(JPS) Prisoner

Dated: 1/14/04

## Motion For Appointment of Counsel

The Plaintiff does hereby Move this Court for appointment of counsel. In accordance with Local F.R.C.P. Rule 29. To appoint counsel to him from Civil Pro Bono Panel. The plaintiff has made reasonable efforts to obtain Counsel. (see Attached)

The Plaintiff injured himself and is on medication that is impairing his thought processes, along with the Pain from the injury. (see Attached)

The Plaintiff in this state can not fully and fairly litigate this matter, as his judgment is Impaired.

WHEREFORE, Counsel should be appointed to ensure the plaintiff can fully and fairly have his claims Litigated.

Respectfully Submitted

Dated:

/s/ Richard R. Quint #123433
Cheshire C.I.
900 Highland Ave
Cheshire, Ct. 06410
Pro Se

## Order of the Court

The motion is hereby Granted/Denied.

Dated: _____

_____
United States District Judge
or Magistrate Judge

## Certification

The Plaintiff does hereby Certify a copy of the foregoing was sent to all counsel of Record.

Henri Alexandre
Asst. Atty. Gen.
110 Sherman St
Hrtfd, Ct. 06105

Neil Parville
Asst. Atty. Gen.
110 Sherman St
Hrtfd, Ct. 06105

Attry. G. Swan
10 Columbus Blvd
Hrtfd, Ct. 06106-1976

Judge A.V. Covello
U.S. District Court
450 Main St
Hrtfd, Ct. 06103

Dated: 1/14/04                    _____
                                   Mr Richard R. Quint

# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

January 13, 2003

Richard Quint #123433
1106 North Ave. B3-9
Bridgeport, CT 06604

Dear Mr. Quint:

    We received your letter requesting assistance with your 1983 action. Unfortunately, this office is unable to provide the assistance you request. This office is staffed primarily by law student interns and lacks the resources to accept additional cases of this nature at this time. We are returning the copy of the civil rights complaint you enclosed with your letter.

    We regret that we are unable to assist you and wish you the best of luck.

Sincerely,

*Brett Dignam*

Brett Dignam

BD/kld

Enclosure

P.O. BOX 209090, NEW HAVEN, CONNECTICUT 06520-9090 · TELEPHONE 203 432-4800 · FACSIMILE 203 432-1426
COURIER ADDRESS 127 WALL STREET, NEW HAVEN, CONNECTICUT 06511

LAW OFFICES OF

# Jacobs, Grudberg, Belt & Dow, P.C.

350 ORANGE STREET
POST OFFICE BOX 606
NEW HAVEN, CONNECTICUT 06503-0606

TELEPHONE (203) 772-3100
FAX (203) 772-1691

OUR FILE NUMBER

HOWARD A. JACOBS
IRA B. GRUDBERG
DAVID L. BELT
WILLIAM F. DOW, III
JONATHAN KATZ
WILLIAM M. BLOSS
DAVID T. GRUDBERG
BERNARD CHRISTIANSON
JOSEPH J. PACKTOR
ROSEMARIE PAINE
ALINOR C. STERLING
ANDREW I. SCHAFFER
TRISHA MORRIS PORTO
EDWARD J. McMANUS
JOSHUA D. LANNING

ISRAEL J. JACOBS (1918-1963)

June 9, 2003

Mr. Richard R. Quint
No. 123433
Walker/McDougal CI
1153 East Street South
Suffield, CT 06080

Dear Mr. Quint:

    I have your letter of June 3rd and the Civil Rights Complaint you filed. It is not a case I am interested in. Based on what you have pleaded, I don't think it is something likely to be successful, and I would not be willing to undertake it on a contingent fee basis. In addition, I graduated from high school with Mark Hurley's father, and I am reasonably friendly with him -- and would not feel comfortable suing him. I am sorry I cannot be more helpful.

                Very truly yours,

                JACOBS, GRUDBERG, BELT & DOW, P.C.

                By_____
                  Ira B. Grudberg

IBG/ad
P.S. In the event you try other possible counsel, I am returning your copy of the Complaint to you.

LAW OFFICES
OF
SYDNEY T. SCHULMAN

INMATES' LEGAL ASSISTANCE PROGRAM

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Foye A. Smith
Jenna M. Edmundson

June 4, 2003

Richard R. Quint
Inmate # 123433
McDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

Dear Mr. Quint:

This is in response to your letters dated March 10, 2003, and March 17, 2003, that were received by Inmates' Legal Assistance Program on March 13, 2003, and March 24, 2003. In your letters you requested a U.S. Supreme Court decision, the federal rules of civil procedure and rules of appellate procedure and the rules of professional responsibility.

Pursuant to your request, enclosed are the following:

1. Houston v. Lack, 487 U.S. 266 (1988)
2. Connecticut Rules of Professional Responsibility

If you require a copy of the federal rules of civil procedure and the appellate rules, you will have to purchase them yourself. Inmates' Legal Assistance Program does not have the resources to provide these volumes to inmates. If you wish to purchase the two books, you can write to the following publisher:

West Publishing Group
620 Opperman Drive
Post Office Box 64833
Saint Paul, MN 55164-9752

Accompanying your letter dated March 17, 2003, was a copy of a civil rights complaint under 42 U.S.C. § 1983 or 42 U.S.C. § 1985 against members of the Milford Police Department and two judicial officials. Unfortunately, Inmates' Legal Assistance Program is unable to assist you in this matter.

Your complaint appears to stem from your arrest and criminal conviction for violation of a protective order. The present standing of the law requires you to have the conviction overturned before you can pursue a civil rights complaint stemming from the same circumstances.

Richard R. Quint
Page 2
June 4, 2003

    Before Inmates' Legal Assistance Program can provide legal assistance in complaint against the police officers, state prosecutor and the family relations counselor, you will have to show this office that your conviction was overturned and there was no probable cause for your arrest. Again, your conviction on the charges indicates that there was probable cause for your arrest and, therefore, the actions of the state actors were reasonable under the circumstances.

    If you can show, however, that the claim of malicious prosecution and false arrest is supported by factual evidence, this office can provide you with assistance in pursuing the federal lawsuit. You should provide this office with copies of any documents related to your claim for review if you want help from Inmates' Legal Assistance Program. Based on your complaint, your allegations of wrongdoing by the police officers, prosecutor and family relations counselor are unsupported.

    In the future, if you require legal assistance in any other civil matters, please write to this office at the address listed at the bottom of the front page.

                                                        Sincerely,

                                                        Peter Downs
                                                        Attorney

Enclosure

# WILLIAMS and PATTIS, LLC

JOHN R. WILLIAMS
NORMAN A. PATTIS
KATRENA ENGSTROM
TIMOTHY J. MAHONEY
CHRISTY H. DOYLE
ELIZABETH BROOKS

51 ELM STREET, SUITE 409
NEW HAVEN, CONNECTICUT 06510

(203) 562-9931
FACSIMILE (203) 776-9494
E-MAIL: jrw@johnrwilliams.com

December 11, 2003

Mr. Richard R. Quint
Inmate No. 123433
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

**PRIVILEGED CORRESPONDENCE**

Dear Mr. Quint:

    Thank you for your letter of November 28, 2003. I am deeply flattered that you would offer me the opportunity to represent you in this case.

    Unfortunately, I am unable to take any cases on a strict contingency basis just now. The only way I would be able to take the case would be if you were able to pay a retainer in the amount of $5,000.00. I realize that given your circumstances that probably places me beyond your reach, but, as you can imagine, our office receives quite a few requests for representation and we simply need to charge enough to keep the cases flowing and people fed.

    Thanks again for your confidence in me and in this firm. I am returning the material you were kind enough to send me to you.

Sincerely,

NORMAN A. PATTIS

NAP:paa
Encl.

John Dempsey Hospital
University of Connecticut Health Center
Department of Radiology
(860) 679-2784
Department of Nuclear Medicine
(860) 679-3120

*REQUEST COPY*

NAME: QUINT, RICHARD
DOS:  08/14/03   REQ NO: 00626779
READ: 08/19/03   TYPED: 08/19/03 15:39
RADIOLOGIST: KARAK, PRASANTA

PAT ID: T90123433   DOB: 03/17/65
REFERRED BY: VIGNERON, E MORG
TYPED BY: 898    LOCATION: PR17
RESIDENT:    ZELINKA, PETER

DIAGNOSTIC RADIOLOGIC REPORT

FRONTAL AND LATERAL VIEWS OF THE LS SPINE:

INDICATION:
Not given.

FINDINGS:
There is a chip fracture off the anterior-superior portion of the T12 vertebral body that is well corticated and does not appear to be acute. The remainder of the vertebral bodies and the LS spine have normal alignment, vertebral body height, and intervertebral disk spaces. No evidence for degenerative changes and the SI joints are intact, bilaterally.

CONCLUSION:
Old chip fracture T12.

CPT 72100, ICD-9 V71.89

The examination was reviewed with Prasanta Karak, M.D.

**********
354045

APPROVED BY KARAK, PRASANTA, M. D.

PAGE 1

HR005 REV.06/02
**CONNECTICUT DEPARTMENT OF CORRECTION**
**UNIVERSITY OF CONNECTICUT HEALTH CENTER**
**CORRECTIONAL MANAGED HEALTH CARE**
**TRANSFER SUMMARY**

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 123433 | 3/17/65 |

INMATE NAME (LAST, FIRST, INITIAL): Quint, Richard
SEX: M
RACE/ETHNIC: W
FACILITY: CRCI

**Current Health Status: To be completed by sending facility**

| Date | Time AM/PM | Medical | Mental | Dental | Allergies/Reactions |
|---|---|---|---|---|---|
| 8/18/03 | 230 PM | 3 | 2 | | accutane |

Significant Medical History: Chronic back pain, chronic sinusitis
Significant Mental Health History: Substance Abuse
Current Conditions/Problems: Chronic knee/back pain, insists he has several ft.

| Current Medication Name | Dosage | Route | Frequency | Duration | D/C Date | Last Given |
|---|---|---|---|---|---|---|
| Dolobid | 500mg | PO | Bid | | 12/10/03 | KOP |
| Cyclobenzaprine | 10mg | PO | Bid | | 10/1/03 | on-line |
| Nasalide | | | Bid | | 10/9/03 | KOP |
| PPD | due | | Needs 3rd medical facility for pain control w/ movement | | | |

Current Tx / Follow-up Care Needed: MD prn
Chronic Care Clinic: (✓) ☐ Cardiovascular ☐ Diabetes ☐ Dialysis
☐ Pulmonary ☐ ID ☐ TB ☐ Other
Last PPD Date: 8/24/02   mm induration
Last Chest X-ray Date: 5/16/03   Results: normal
Lab Tests Pending: (name(s)) ____
☐ Drawn ☐ Not Drawn
Therapeutic Diet: Regular
Physical Disabilities/Limitations: Chronic knee/back pain
Assistive Devices/Prosthetics: ____
☐ Contacts ☐ Glasses ☐ Dentures

Substance Abuse: ☐ Alcohol ☒ Drugs ☐ Tobacco
Mental Health Issues: ☐ Hx Suicide Attempt Date: __/__/__ Denies
☐ Hx Psych Med's ☐ Hx MH 4 or 5
URC:
Appointments Pending Scheduling Y (N)
Appointment Date (If known): __/__/__
Pap Smear (Females only): ☐ Date: __/__/__
Results: N/A

Signature/Title: [illegible]

---

**Transfer Reception Screening: To be completed by receiving facility:**

Receiving Facility: Corrigan   Date: 8/18/03   Time: 2030

Health Record Received: ☐ Complete/Partial ☐ Temporary ☐ None
Medication(s): ☐ MAR ☐ Meds Received

S: Immediate Health Needs: "I don't know why I'm here". "The less I walk the worse I get". "I want to go back"
O: [illegible] Alert/oriented to discuss transfer... T 98 P 80 R 16 B/P 132/72
A: [illegible]
P: Disposition/Referrals:
☐ Health Information Given
  ☐ Oral   ☐ Written
☐ Language Barrier
☐ Nurse
  ☐ Sick Call   ☐ Other
☐ URC Contact Person
☐ HIV Contact Person
☐ HIV Counselor

☐ Dental
☐ Mental Health
☐ MD
☐ Chronic Care Clinics
☐ Medication Evaluation
☐ Sick Call
☐ Therapeutic Diet
☐ Work/Program Limitation
☐ Other

☐ Emergency Referral to ____
☐ General Population
☐ Infirmary Placement
☐ Medical
☐ Mental Health
☐ Respiratory Isolation
☐ Special Housing/Supplies
☐ Other

Signature/Title: [illegible]