UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 MAY 12 P 3: 19

U.S. DISTRICT COURT
HARTFORD, CT.

RICHARD R. QUINT

v.

OFFICER DUNAJ, et al.

PRISONER
Case No. 3:02CV2053(AVC)(TPS)

### RULING AND ORDER

Pending are defendants' motion to dismiss the third amended complaint and plaintiff's motions for appointment of counsel, for reconsideration, for sanctions and to compel.

I.   Defendants' Motion to Dismiss [doc. #102]

On January 29, 2004, the court granted plaintiff an extension of time, until February 29, 2004, to file a third amended complaint. In the order, the court specifically instructed plaintiff to omit all claims against defendants Hurley and Richards and to include the allegations against specific defendants in the Milford Police Department that plaintiff had included in the proposed third amended complaint he previously submitted to the court. Previously, plaintiff withdrew all claims brought pursuant to the Fifth and Eighth Amendments. The court did not include in the January 29, 2004 order an instruction to omit these claims from the third amended complaint.

Plaintiff has filed a third amended complaint dated February 23, 2004, and signed on February 28, 2004. The third amended complaint complies with the specific requirements included in the January 29, 2004 order, but includes claims pursuant to the Fifth and Eighth Amendments that plaintiff was directed to omit in previous court orders. In addition, plaintiff has

made several of his previously included claims more specific and has added at least one claim that was not included in the proposed third amended complaint.

Defendants move to dismiss pursuant to Rule 41(b), Fed. R. Civ. P. They argue that plaintiff has not complied with all previous rulings regarding the contents of the third amended complaint and refer the court to their objection to the third amended complaint. In the objection, defendants argue that plaintiff failed to timely file the third amended complaint. They also object to plaintiff's inclusion of claims not contained in prior complaints and argue that these claims are time-barred. For the reasons that follow, defendants' motion to dismiss is denied.

Defendants' argument that the third amended complaint was not timely filed is based upon their assumption that the third amended complaint was filed on March 3, 2004, the day it reached the court. This assumption is incorrect. A document filed by a prisoner is deemed filed as of the date the prisoner gives the document to prison officials for mailing. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (holding that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)). The third amended complaint bears a date of February 23, 2004, on the first page and what appears to be February 28, 2004, on the signature page. The court assumes, and defendants have presented no contrary evidence, that plaintiff gave his third amended complaint to prison officials for mailing on February 28, 2004, within the time permitted by the court.

Defendants also object to the inclusion of claims not specifically referenced in previous complaints on the ground that these claims are time-barred. Defendants provide no authority for this assumption. As plaintiff correctly states, the limitations period for filing an action pursuant to 42 U.S.C. § 1983 is three years. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994)

(holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). The incident in question occurred in July 2002, less that two years ago. Thus, the court cannot discern how any claim is time-barred. While the court did not specifically instruct plaintiff to include new claims, it did direct him to file a third amended complaint. In addition, because the claims are not time-barred, plaintiff could file a new action raising these claims. Such an action would serve no purpose. It would delay resolution of plaintiff's claims against these defendants and unnecessarily expand the court's docket.

Finally, while defendants correctly state that plaintiff has included claims under the Fifth and Eighth Amendments which previously were withdrawn, the court will not dismiss this action on that basis. Any claims filed pursuant to the Fifth and Eighth Amendments have been withdrawn and are not revived by inclusion in the third amended complaint.

Defendants' motion to dismiss is denied. The third amended complaint is the operative complaint in this case. Plaintiff has filed duplicate objections to the motion to dismiss [docs. ##104, 105] and memoranda in support of his objection [docs. ##106, 108]. Plaintiff mailed the duplicate documents on different days causing the court to unnecessarily include the duplicates in the court file. Plaintiff is hereby directed to file only one copy of any motion or other document with the court.

II.  <u>Plaintiff's Motion for Appointment of Counsel [doc. #92]</u>

Plaintiff has filed a fourth motion seeking appointment of pro bono counsel. As the court stated in its ruling denying plaintiff's second and third motions, the Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., <u>Hendricks v.</u>

3

Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

Plaintiff attaches to this motion, the same letters he attached to his previous motion. In addition, he states that his current medications prevent him from thinking clearly. One of the letters is from an attorney at Inmates' Legal Assistance Program. The attorney indicates that, based upon the complaint, he cannot provide legal assistance because plaintiff's claims are unsupported. The attorney encourages plaintiff to provide factual evidence to support his claims of false arrest and malicious prosecution and indicates that, if evidence were supplied, he could provide legal assistance. Plaintiff does not indicate that he responded to the attorney by providing additional information and evidence. Thus, the court cannot conclude that plaintiff is unable to obtain legal assistance on his own.

Plaintiff's motion for appointment of counsel is denied without prejudice. Any renewal of this motion shall document plaintiff's additional attempts to obtain legal assistance from Inmates' Legal Assistance Program.

III.     Plaintiff's Motion for Reconsideration [doc. #94]

Plaintiff seeks reconsideration of the court's January 29, 2004 ruling. Defendants oppose the motion on the grounds that plaintiff has not provided any new information in his motion, the original 911 tape is not in their possession and a stay of the dismissal of defendants Hurley and Richards during the pendency of plaintiff's appeal is not warranted.

Rule 7(c), D. Conn. L. Civ. R., provides that a motion for reconsideration must be filed

4

within ten days from the date of the ruling for which reconsideration is sought. The court filed its ruling on January 29, 2004. Thus, plaintiff had until February 12, 2004, to file this motion. Plaintiff's motion for reconsideration is dated February 23, 2004. Thus, the motion is denied as untimely filed.

IV.    Plaintiff's Motion for Sanctions [doc. #95] and Motion to Compel [doc. #96]

Plaintiff seeks sanctions against defendants for destroying the 911 tape. He states that a recording from the police department's tape was transcribed on June 24, 2003, four days after he requested a copy of the tape in discovery. In addition, plaintiff asks the court to compel production of the tape. In response, defendants state that all 911 calls are directed to the fire department. The dispatcher then transfers the call to the police department if the call is determined not to be a fire emergency. They state that they never have had possession of the original 911 tape and presume that the tape was destroyed in the ordinary course of business.

For the first time, however, defendants state that they do have a copy of the recording from the time that the calls were transferred to the police department. They state that, upon request, they will deliver a copy of the tape to plaintiff.

The court concludes that plaintiff's discovery difficulties and this resulting motion for sanctions are the result of confusion in terminology. Defendants appear to have assumed that when plaintiff requested a copy of the 911 tape, he meant the complete version that would be available only from the fire department. Thus, they denied the request on the ground that they do not possess the tape and that it no longer exists. Because defendants cannot be found liable for their actions on information not communicated to the police department, the court assumes that plaintiff's request would be satisfied by a copy of the police department's recording of the calls.

5

In light of this apparent confusion, plaintiff's motions for sanctions and to compel are denied. Defendants are directed to provide plaintiff a copy of the recordings in their possession within ten days from the date of this order.

V.   Conclusion

Defendants' Motion to Dismiss Plaintiff's Action [**doc. #102**] is **DENIED**. Plaintiff's Motion for Appointment of Counsel [**doc. #92**] and Motion to Compel [**doc. #96**] are **DENIED** without prejudice. Plaintiff's Motion for Sanctions [**doc. #95**] is **DENIED**. Plaintiff's Motion for Reconsideration [**doc. #94**] is **DENIED** as untimely filed. Defendants are directed to provide plaintiff a copy of the 911 calls, after they were transferred to the police department, within **ten (10)** days from the date of this order. Plaintiff is directed not to file duplicate copies of his papers with the court.

In addition, the court enters the following modified scheduling order: (1) any motion to dismiss addressing the merits of the claims in the third amended complaint shall be filed within **twenty (20)** days from the date of this order; (2) all discovery shall be completed within **sixty (60)** day from the date of this order; and (3) any motion for summary judgment shall be filed within **ninety (90)** days from the date of this order.

**SO ORDERED** this 12TH day of May, 2004, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge