United States District Court
District of Connecticut

Richard R. Quinn

v.

A. Dunaj, Et AL.,

Civil No. 3:02-CV-2053 (AVC)(TPS)
Prisoner

FILED

U.S. DISTRICT COURT

## Supplement to Motion Appointment of Counsel

The Plaintiff does hereby provide the following Supplement information in support of his motion for appointment of counsel. Dated: June 12th, 2004.

1. The Plaintiff has right to counsel during deposition.

2. Inmates Legal assistance can not help him in this matters (see Attached.)

Respectfully Submitted

Mr Richard R. Quinn #123433
Corrigan C.I.
986 Norwich New London Tpk
Uncasville, CT. 06382

Pro se

### Certification

The Plaintiff does hereby certify that a copy of the foregoing has been sent to all counsel of record.

Patty G. Swan
10 Columbus Blvd
Hartford, CT. 06106

Niel D. Parville
Asst. Atty. Gen.
110 Sherman St.
Hartford, CT. 06105

Judge A.V.Covello
U-S. District Court
450 Main St,
Hartford, CT. 06100

Dated: 7/24/04

Mr Richard R. Quinn

**LAW OFFICES
OF
SYDNEY T. SCHULMAN**

**INMATES' LEGAL ASSISTANCE PROGRAM**

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Edmundson

July 9, 2004

Richard R. Quint
Inmate # 123433
MacDougal-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

Dear Mr. Quint:

    This is in response to your letters dated April 7, 2004, May 21, 2004, and July 1, 2004, that were received by Inmates' Legal Assistance Program on April 12, 2004, June 1, 2004, and July 6, 2004. This also is to acknowledge your telephone call to ILAP on June 1, 2004, regarding some of your legal issues.

    In your May and July correspondence, and during the telephone conversation, you requested a letter from this office outlining what assistance Inmates' Legal Assistance Program is able to provide you in your civil cases. You stated that a federal court judge asked that you provide such a document before deciding whether to appoint an attorney to represent you in a civil case.

    As I explained during our telephone conversation, this office is not able to represent you in court or before any administrative agency. Under the terms of the contract between Inmates' Legal Assistance Program and the state of Connecticut, this office is limited to providing advice as to process and procedure, as well as on preparation of documents, in civil matters restricted to the conditions of your confinement.

    In addition, ILAP can only provide advice or other assistance when a prima facie case can be made against the defendant or defendants. In other words, you need to present evidence that is sufficient to get past a motion to dismiss, thus requiring a defendant to proceed with the case. If the facts of your claim do not support a prima facie case, this office is, both ethically and contractually, precluded from assisting you in the matter.

    Finally, this office cannot providing legal assistance to inmates in any criminal matters, including appeals and challenges of conviction through applications for writs of habeas corpus.

    You seem to believe that the federal court judge will appoint an attorney to represent you in your federal civil rights case. I doubt that is the case. You are not entitled to free representation and I do not believe your case represents some new issue of law whereby the court would want to assure your position is adequately presented.

    Regarding the federal case, as I previously informed you, to bring a lawsuit under 42 U.S.C. § 1983 you must present a claim that the action in question represents a violation of your civil rights. Your complaint stems from your arrest and conviction for violation of a protective

78 OAK STREET • P.O. BOX 260237 • HARTFORD, CT 06126-0237 • TEL. (860) 246-1118 • FAX (860) 246-1119
TOLL FREE NUMBER 1-800-301-ILAP

Richard R. Quint
Page 2
July 9, 2004

order. It is the position of this office that you cannot expect to go forward with your claim until you successfully overturn the conviction that is the basis of your case. By all the information you presented, it appears the criminal court found probable cause for your arrest and the judge – or jury – found sufficient evidence to find you guilty of the charges. Until you address the issue of the conviction in the criminal matter, you have no grounds to pursue your civil action.

Along with your April letter, you sent a section of the defendants' Motion to Dismiss in your separate state tort claim involving injuries sustained at Bridgeport Correctional Center and a copy of the Office of Attorney General's response to your claim submitted to the Office of Claims Commissioner. Accompanying the letter also was your amended complaint filed in Hartford Superior Court in February.

Your amended complaint centers on an incident wherein you allegedly suffered injuries in a fall while showering at Bridgeport CC. You alleged that you suffered a broken nose and damaged your spine in the incident. You also alleged that the medical staff has been negligent in treatment of your injuries.

You need to know, with a few specific exceptions, all claims against the state must go through the Office of Claims Commissioner. If a "just claim" exists, the Claims Commissioner is able to award up to $7,500 in compensation or give permission for the claimant to go to state court to seek relief.

Based on the information you forwarded to this office, your claim to the Office of Claims Commissioner is still pending. You were not given "permission" by the Claims Commissioner to sue in state court on your claims. What this signifies -- and what the Office of Attorney General is arguing – is that the state court lawsuit is premature and should be dismissed. You are attempting, without getting permission first, to sue in state court, which does not have jurisdiction to hear your claim – at least not until the Claims Commission decides you can go there.

As I explained above, Inmates' Legal Assistance Program is precluded from providing you with any significant assistance in either of your cases. Accompanying this letter are the documents you sent to this office for review.

In the future, if you require legal assistance in any other civil matter, please write to this office at the address listed at the bottom of the front page.

Sincerely,

Peter Downs
Attorney

Enclosure