UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 OCT -7  A 10: 49

DISTRICT COURT

RICHARD R. QUINT
:
: PRISONER
v.
: Case No. 3:02CV2053(AVC)(TPS)
:
OFFICER DUNAJ, et al.
:

RULING AND ORDER

Plaintiff has filed a new motion seeking appointment of pro bono counsel in this case pursuant to 28 U.S.C. § 1915. **(Dkt. # 113)**. In addition, defendants have filed a motion to compel plaintiff to attend and fully participate in his deposition. **(Dkt. # 115)**. For the reasons that follow, plaintiff's motion is **DENIED** without prejudice and defendants' motion is **GRANTED**.

I. Motions for Appointment of Counsel (Dkt. # 113, supplemented by Dkt. # 116)

Plaintiff states that he needs assistance of counsel to assist him in discovery. He also states in the supplement to his motion that he has a right to counsel during a deposition. Contrary to plaintiff's assumption, he has no constitutional right to counsel in a civil matter. See, e.g., Cooper v. A. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989) (per curiam) (noting that there is no constitutional right to counsel at a civil trial); Martin-Trigona v. Lavien, 737 F.2d 1254, 1260 (2d Cir. 1984) (holding that party has no constitutional or statutory right to counsel in a civil

case).

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper, 877 F. 2d at 172. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). Plaintiff has provided letters from several law firms and legal assistance organizations declining assistance.

When deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance. Id.; see also Machadio v. Apfel, 276 F.3d 103, 107-08 (2d Cir. 2002). In Cooper v. Sargenti, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." 877 F.2d at 173-74. The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171; see also Carmona v. United States Bureau of Prisons, 234 F.3d 629, 632 (2d Cir. 2001). Defendants have not yet filed an answer to the operative amended complaint, filed March 3, 2004. Thus, based on the current record, the court cannot assess the likely merit of plaintiff's claims.

Plaintiff also argues that he required appointed counsel

because medication has impaired his thought process. As support for this assertion, he provided medical records indicating that he was prescribed medication in 2003. He has provided no evidence that he continues to take the medication or supporting his assertion that the medication affects his thought process. Thus, plaintiff's motion for appointment of counsel (Dkt. # 113) is denied without prejudice to renew at a later stage of litigation after defendants have responded to the amended complaint.

II. Defendants' Motion to Compel Deposition (Dkt. # 115)

On May 12, 2004, the court ordered that all discovery be completed within sixty days. Defendants noticed plaintiff's deposition for July 6, 2004. In response, plaintiff refused to participate claiming that medication impaired his mental faculties. Defendants ask the court to order plaintiff to attend and participate in a deposition. Plaintiff has not opposed the motion.

As indicated above, plaintiff has provided no evidence that his judgment is impaired. Accordingly, defendants' motion [doc. #115] is granted. Defendants are directed to reschedule plaintiff's deposition. Plaintiff is directed to attend and fully participate in the deposition.

III. Conclusion

Plaintiff's motion for appointment of counsel **(Dkt. # 113)** is **DENIED** without prejudice. Defendants' motion to compel plaintiff's attendance at his deposition **(Dkt. # 115)** is **GRANTED**. Plaintiff is

directed to appear at and fully participate in the rescheduled deposition.

Because the deadline for completion of discovery has passed, the court enters the following deadlines: all discovery, including plaintiff's deposition, shall be completed on or before November 15, 2004; any motions for summary judgment shall be filed on or before December 15, 2004.

**SO ORDERED** this 7th day of October, 2004, at Hartford, Connecticut.

/s/   Thomas   P.   Smith
Thomas P. Smith
United States Magistrate Judge