UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 NOV -8 P 2: 14

U.S. DISTRICT COURT
HARTFORD. CT,

RICHARD R. QUINT

v.

OFFICER DUNAJ, et al.

Case No. 3:02CV2053(AVC)(TPS)

RULING AND ORDER

Plaintiff has filed two motions. In the first, he seeks reconsideration of the court's October 7, 2004 ruling denying his most recent motion for appointment of counsel and granting defendants' motion to depose him. In the second, he asks the court to compel defendants to respond to interrogatories submitted in June and July 2004. For the reasons that follow, plaintiff's motions are denied.

I.   Motion for Reconsideration [doc. #118]

Plaintiff has filed a motion asking the district court to reconsider the October 7, 2004 ruling denying his motion for appointment of counsel and granting defendants' motion to depose him.

Rule 7(c)1, D. Conn. L. Civ. R., provides that a motion for reconsideration must be filed within ten days of the date of the decision from which relief is sought. The court denied plaintiff's motions by ruling filed on October 7, 2004. A motion filed by a prisoner is considered filed on the day the prisoner gives the

motion to prison officials for mailing to the court. See <u>Dory v. Ryan</u>, 999 F.2d 679, 682 (2d Cir. 1993) (Second Circuit has held that a <u>pro se</u> prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988)). Plaintiff certifies that he mailed his motion to defendants' counsel, and presumably to the court, on October 26, 2004, nineteen days after the date of the decision. Accordingly, plaintiff's motion is denied as untimely filed.

Further, even if the motion were timely, plaintiff fails to comply with the requirements for filing a motion for reconsideration. Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." See <u>Schrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence . . . ." <u>LoSacco v. City of Middletown</u>, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting <u>Rothwell Cotton Co. v. Rosenthal & Co.</u>, 827 F.2d 246, 251 (7th Cir. 1987)), <u>aff'd</u>, 33 F.3d 50 (2d Cir. 1994). In his motion, plaintiff has identified no data or controlling decision overlooked by the court. Thus, he has provided no support for his motion.

II.  <u>Motion to Compel [doc. #119]</u>

Plaintiff seeks an order compelling defendants to respond to interrogatories dated July 10, 2004 and July 7, 2004.

Rule 37, D. Conn. L. Civ. R., provides in relevant part:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

The purpose of this rule is to encourage the parties to make a good faith effort to resolve the dispute without the intervention of the court.  See <u>Getschmann v. James River Paper Co., Inc.</u>, Civil 5:92cv163 (WWE), slip op. at 2 (D. Conn. January 14, 1993) (court should not "become unnecessarily involved in disputes that can and should be resolved by the parties").  In addition, Rule 37 requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed...."

Plaintiff has not attached a memorandum to his motion and has presented no evidence demonstrating an attempt to resolve this dispute without court assistance.  In addition, defendants state in objection to the motion that plaintiff has exceeded the number of permissible interrogatories and has not obtained leave of court to file additional interrogatories.  Accordingly, plaintiff's motion

to compel is denied without prejudice.

III. Conclusion

Plaintiff's motion for reconsideration [**doc. #118**] is **DENIED** as untimely filed. Plaintiff's motion to compel [**doc. #119**] is **DENIED** without prejudice. Plaintiff may refile his interrogatories only if he obtains leave of the court to exceed the permitted number of interrogatories. Any such motion for leave shall explain why plaintiff could not obtain the required information using the permitted number of interrogatories.

**SO ORDERED** this 8th day of November, 2004, at Hartford, Connecticut.

/s/ Thomas P. Smith
Thomas P. Smith
United States Magistrate Judge