UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2005 JAN 21  P 4: 18

RICHARD R. QUINT

v.

OFFICER DUNAJ, et al.

PRISONER

Case No. 3:02CV2053(AVC)(TPS)

## RULING AND ORDER

Plaintiff seeks review by the undersigned of rulings issued in this case by the assigned magistrate judge. Plaintiff's motion is granted and, for the reasons set forth below, the court approves the magistrate judge's decisions.

With certain listed exceptions, a district judge may refer pretrial motions to a magistrate judge for determination. See 28 U.S.C. § 636(b)(1)(A). The district judge may reconsider these pretrial matters on motion by a party where the party shows that the magistrate judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). With regard to the listed motions, which include motions to dismiss and motions for preliminary injunctive relief, the magistrate judge may issue a recommended ruling, to which the parties may object within ten days. If a party objects, the district judge considers de novo the portion of the recommended ruling to which objection was made. The rulings objected to by plaintiff are not within the exceptions for which a magistrate judge may issue only a

recommended ruling.

Plaintiff first objects to the magistrate judge's ruling denying his motion for appointment of counsel. He states that, because he complied with a previous request that he document the refusal of assistance from attorneys at Inmates' Legal Assistance Program, the magistrate judge was required to grant his motion. The inability of a litigant to obtain legal assistance on his own is only one requirement that must be satisfied before the court will appoint counsel. See Cooper v. A. Sargenti Co., 877 F. 2d 170, 172-74 (2d Cir. 1989). In the ruling, the magistrate judge noted that the court was unable to assess the likely merit of plaintiff's claims because defendants had not yet responded to the complaint. In addition, the court noted that plaintiff had not documented his alleged claim of mental impairment. Thus, plaintiff had not satisfied all requirements for appointment of pro bono counsel. The court concludes that the magistrate judge properly denied plaintiff's motion for appointment of counsel.

Plaintiff also objects to the magistrate judge's order that he submit to the scheduled deposition. He states that the court granted the motion without requiring defendants to attempt to resolve this matter with plaintiff. Before defendants filed their motion to compel, plaintiff had objected to the notice of deposition on the ground of mental impairment. In ruling on the motion for appointment of counsel, the magistrate judge

determined that plaintiff failed to present any evidence of current mental impairment. This determination negated plaintiff's objection to the deposition. Thus, the magistrate judge ordered that the deposition proceed. While the parties should have tried to resolve this matter before seeking court involvement, it is clear to the court that the parties had reached an impasse regarding the deposition. In addition, the discovery set by the court had passed while plaintiff refused to be deposed. Thus, the magistrate judge acted appropriately in expediting the discovery process.

The court concludes that the decisions of the magistrate judge are not clearly erroneous or contrary to law. Thus, plaintiff's motion seeking review [**doc. #123**] is **GRANTED** to the extent that the court has reviewed the decisions of the magistrate judge and **DENIED** in all other respects.

All discovery in this case shall be completed on or before **March 15, 2005**. Defendants shall file their answer and any dispositive motion on or before **April 15, 2005**.

SO ORDERED this ___21st___ day of January, 2005, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge