**UNITED STATES DISTRICT COURT**
for the
**DISTRICT OF CONNECTICUT**
At Hartford

| | |
|---|---|
| RICHARD R. QUINT | : CIVIL ACTION NO. 3-02-2053 (AVC) |
|     Plaintiff | : |
| | : |
| VS. | : |
| | : |
| A. DUNAJ, ET AL | : |
|     Defendants | : FEBRUARY 18, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS**

**I.   FACTS**

The plaintiff instituted this action pro se against the moving defendants. The plaintiff's operative complaint is dated February 23, 2004. The complaint states that the action is "Civil Rights Complaint brought in accordance with 42 U.S.C. §1983, §1985, §1986." The plaintiff alleges that all defendants conspired against him together to deny the plaintiff his civil rights. In addition, the plaintiff claims in his complaint under "Facts" that he was "charged twice for the same offense denying him his Right not to be put twice in jeopardy. All defendants denied him his right against double jeopardy." In the caption of his complaint the plaintiff claims that the action is against all defendants in both their individual and official capacities.

The defendants file the present motion for judgment of dismissal as to the plaintiff's claims brought pursuant to 42 U.S.C. §1985 and §1986, the plaintiff's claims that he was denied his right not to be put twice in jeopardy and for the claims against the defendants in their official capacities in that these claims fail to state a legally sufficient cause of action against the defendants upon which relief can be granted.

**II.     ARGUMENT**

    A.     STANDARD

On a motion to dismiss for failure to state a claim, the Court should dismiss the complaint pursuant to Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief. *S.E.C. v. U.S. Environmental, Inc.,* 155 F.3d 107, 110 (2d Cir.1998); *Northrop v. Hoffman of Simsbury, Inc.,* 134 F.3d 41 (2d Cir.1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 [1957] ). It is not the Court's function to weigh the evidence that might be presented at a trial; instead, the Court must merely determine whether the complaint is legally sufficient. *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985). Thus, the Court must accept the allegations of the complaint as true, and construe all reasonable inferences in favor of the plaintiff. *Connell v. Signoracci,* 153 F.3d 74 (2d Cir.1998); *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996); *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991).

B. THE DEFENDANTS ARE ENTITLED TO JUDGMENT OF DISMISSAL AS TO THE PLAINTIFF'S CLAIMS ARISING UNDER 42 USC 1985 AND 1986.

In his complaint, the plaintiff brings this lawsuit pursuant to 42 U.S.C. §§ 1985 and 1986. The plaintiff alleges there was a conspiracy against him by the defendant officers. Section 1985 prohibits conspiracies to interfere with civil rights. The plaintiff's allegations fail to comport with the requirements of 42 U.S.C. § 1985 (1), (2) or (3). Subsection (1) prohibits conspiracies to prevent federal officials from performing their duties. Subsection (2) generally prohibits conspiracies aimed at deterring witnesses from participating in either a federal or state judicial proceedings. *See Chahal v. Paine Webber Inc.,* 725 F.2d 20, 23 (2d Cir.1984). These two subsections are clearly inapplicable to the plaintiff's claims.

Section 1985(3) prohibits conspiracies to deprive persons of equal protection of the laws. In order to state a claim pursuant to this provision, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Julian v. New York City Transit Auth.,* 857 F.Supp. 242, 252 (E.D.N.Y.,1994), *aff'd,* 52 F.3d 312 (2d Cir.1995). Furthermore, the conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus...." *Pisello v. Town of Brookhaven,* 933 F.Supp. 202, 216 (E.D.N.Y.,1996) (citation omitted). Section 1985(3) may not be construed as a "general federal

tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights. *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

The plaintiff alleges no facts in any of his complaints from which racial motivation for the alleged conspiracy may be found or inferred. *See Smith v. Walsh,* 519 F.Supp. 853, 856-57 (D.Conn.,1981) (holding that the complaint must allege racial or class-based animus behind the conspiracy). Because the plaintiff fails to provide a factual basis for a conspiracy claim, his section 1985 claims must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (directing the court to dismiss at any time a claim upon which relief may not be granted); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Under 42 U.S.C. § 1986, liability is imposed on an individual who has knowledge of wrongs prohibited under 42 U.S.C. § 1985, but fails to prevent them. Without a violation of §1985, however, there can be no violation of §1986. *See Mian v. Donaldson, Lufkin & Jenrette Securities Corp.,* 7 F.3d 1085, 1088 (2d Cir.1993) (holding that "a § 1986 claim must be predicated on a valid § 1985 claim"); *Seguin v. Sterling Heights,* 968 F.2d 584, 590 (6th Cir.1992); *Koch v. Mirza,* 869 F.Supp. 1031, 1039 (W.D.N.Y.1994) (finding that there can be no violation of § 1986 absent a violation of § 1985); *Mahoney v. N.O.W.,* 681 F.Supp. 129, 135 (D.Conn.1987) (determining that "where a plaintiff has no cause of action under Section 1985, he can sustain no claim for neglect to prevent under Section 1986."). As stated above, the

plaintiff has failed to allege a factual basis for a § 1985 claim. Because a claim under 42 U.S.C. § 1986 is contingent upon a valid claim under 42 U.S.C. §1985, the plaintiff's claims under 42 U.S.C. § 1986 also must be dismissed as to all defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (directing the court to dismiss at any time a claim upon which relief may not be granted); *Neitzke,* 490 U.S. at 325.

      C.      THE DEFENDANTS ARE ENTITLED TO A JUDGMENT OF DISMISSAL AS TO THE PLAINTIFF'S CLAIMS FOR DOUBLE JEOPARDY.

The Fifth Amendment to the United States Constitution provides as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

The Double Jeopardy Clause consists of several protections: "(i)t protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.... These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense...." *State v. Arceniega,* 73 Conn.App. 288, 302, 807 A.2d 1028 (2002), on appeal after remand, 84 Conn.App. 326, 853 A.2d 586, cert. denied, 271 Conn. 926, 859 A.2d 581 (2004); see also *State v. Elsey,* 81 Conn.App. 738, 751, 841 A.2d 714, cert. denied, 269 Conn. 901, 852 A.2d 733 (2004).

### *i. The Plaintiff's Claims Under the 5th Amendment Were Previously Withdrawn*

By Motion dated June 3, 2003 the defendants moved to dismiss the plaintiff's claim arising under the 5th and 8th Amendments for failure to state a claim. Following the filing of this motion the plaintiff filed a motion to withdraw dated July 21, 2003 indicated that he does "hereby withdraw his claims of violations of his Fifth and Eighth Amendment Rights from the above-captioned complaint."

Subsequently, the defendants filed a motion for a more definite statement. The plaintiff responded by filing an amended complaint dated August 6, 2003. The amended complaint included despite the plaintiff's withdrawal claims arising under the 5th and 8th Amendments. The court ordered that the plaintiff file another amended complaint consistent with its ruling on the defendants' motion for a more definite statement. By complaint dated February 23, 2004, the plaintiff filed his complaint which was suppose to comply with the previous orders of the court. The defendants moved to dismiss the action by motion dated March 12, 2004 for what they perceived to be was plaintiff's continued non-compliance with the orders of the court. By ruling and order dated May 12, 2004 the court denied the defendants' motion to dismiss, however, the court specifically noted "any claims filed pursuant to the Fifth and Eighth Amendments have been withdrawn and are not revived by inclusion in the third amended complaint"

Because the plaintiff's claims for double jeopardy fall under the Fifth Amendment, any such claims must be dismissed as the plaintiff previously withdrew such claims and the court has

already ordered that such claims cannot be revived by inclusion in the third amended complaint."

The third amended complaint is the plaintiff's operative complaint.

### ii. The Plaintiff's Claims Fail to State A Legally Cognizable Action Against the Defendant Police Officers.

In the alternative, if this court allows the claim for double jeopardy to remain in this case, the claim should be dismissed against the defendant police officers for failure to state a claim upon which relief may be granted.

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable

Under § 1983, a person may seek redress for violations of a right guaranteed by the Constitution or federal law, but § 1983 is not itself a source of substantive rights. *Backlund v. Hessen*, 904 F.Supp. 964, (D.Minn.1995), reversed 104 F.3d 1031, rehearing denied, on remand 176 F.R.D. 316. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 112 S.Ct. 1827, 504 U.S. 158, 118 L.Ed.2d 504 (U.S.Miss.,1992), on remand 994 F.2d 1113. The rights guaranteed by the Constitution the plaintiff relies upon is the

5th, 8th and 14th amendments.

### Fifth Amendment

The Fifth Amendment due process clause applies only to federal government, while the Fourteenth Amendment due process clause applies to the states. *Lyle v. Dodd*, 857 F.Supp. 958 (N.D.Ga.,1994). Therefore, the Equal protection analysis in the Fifth Amendment area is same as that under Fourteenth Amendment, *Morse v. Marsh*, 656 F.Supp. 939 (N.D.Ill., 1987), and the "due process" clauses of each serve roughly the same purposes and should be given consistent interpretation. *Ogle v. Salamatof Native Ass'n, Inc.*, 906 F.Supp. 1321 (D.Alaska, 1995).

By plaintiff's own allegations, all of the moving defendants are employees of the City of Milford and not federal employees. Therefore, the plaintiff's 5th Amendment claims are inapplicable to these defendants. In addition, as an aid to the decision of cases in which the prohibition of the Double Jeopardy Clause has been invoked, the courts have found it useful to define a point in criminal proceedings at which the constitutional purposes and policies are implicated by resort to the concept of 'attachment of jeopardy.' See *United States v. Jorn*, 400 U.S. 470, 480, 91 S.Ct. 547. 554, 27 L.Ed.2d 543 (1971).

In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn. *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). The federal rule that jeopardy attaches when jury is impaneled and sworn is an integral part of the Fifth Amendment guarantee

against double jeopardy and applies to the states through the Fourteenth Amendment *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978).

In nonjury trials jeopardy does not attach until the first witness is sworn. *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). In a nonjury trial, jeopardy attaches when the court begins to hear evidence. *McCarthy v. Zerbst*, 85 F.2d 640, 642 (C.C.A10 (Kan.), 1936). See *Wade v. Hunter*, 336 U.S. 684, 688, 69 S.Ct. 834, 836, 93 L.Ed. 974 (1949). The Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.' United States v. Jorn, supra, 400 U.S., at 479, 91 S.Ct., at 554. See Kepner v. United States, 195 U.S. 100, 128, 130--131, 24 S.Ct. 797, 804-- 805, 49 L.Ed. 114 (1904); United States v. Macdonald, 207 U.S. 120, 127, 28 S.Ct. 53, 55, 52 L.Ed. 130 (1907); Bassing v. Cady, 208 U.S. 386, 391--392, 28 S.Ct. 392, 393, 52 L.Ed. 540 (1908); Collins v. Loisel, 262 U.S. 426, 429, 43 S.Ct. 618, 619, 67 L.Ed. 1062 (1923).

The Connecticut Supreme Court reiterated that "by its very definition the double jeopardy clause bars prosecution only if a previous prosecution reached the point at which jeopardy attached." *Id.*, at 35 (*citing*, *Crist v. Bretz*, *supra*, 437 U.S. 28 (1978)). The Court then cited with approval the holdings of *Serfass* and *Crist* concerning the timing of attachment of jeopardy in jury and non-jury trials. *Id.*

The State's Attorney and not the moving defendant police officers are "accorded . .

9

'broad discretion in determining what crime or crimes to charge in any particular situation.' " *State v. Ellis*, 197 Conn. 436, 478 (1985) (*quoting*, *State v. Chetcuti*, 173 Conn. 165, 168 (1997)). Prosecutorial discretion necessarily includes "deciding which citizens should be prosecuted and for what charges they are to be held accountable." *State v. Kinchen*, 243 Conn. 690, 699 (1998) (*quoting*, *Massameno v. Statewide Grievance Committee*, 243 Conn. 539, 575 (1995).

For all of these reasons the plaintiff fails to state a claim for double jeopardy against the defendant police officers upon which relief may be granted.

    D.    THE DEFENDANTS ARE ENTITLED TO A JUDGMENT OF DISMISSAL AS TO THE PLAINTIFF'S CLAIMS AGAINST THEM IN THEIR OFFICIAL CAPACITIES.

Plaintiff's allegations of his civil rights violations are brought pursuant to 42 U.S.C. §1983. Section 42 U.S.C. §1983 provides that

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, Section 1983 authorizes a court to grant relief when a party's federally protected rights have been violated by a state or local official or other person who acted under color of state law. However, a ***suit brought against a public officer in his official capacity is in actuality a suit against the City***. (emphasis added). *Will v. Michigan Department of State Police*, 491 U.S. 58,

71 (1989); *P.C. v. McLaughlin*, 913 F.2d 1033, 1039 (2d Cir. 1990). Thus, in determining whether the defendants are liable to the plaintiff for a violation of Section 1983, the same standard applies to the individual defendants as would apply to the municipality.

    i.    <u>Monell Standard Not Met</u>

A party who asserts a claim for relief under §1983 against a municipality must satisfy two elements. First, "the plaintiff must allege some person has deprived him of a federal right," and second, "he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo,* 446 635, 640 (1980). The purpose of Section 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole,* 504 U.S. 158, 161 (1992).

In 1978 the Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), held that municipal entities may be liable only for federal civil rights violations that stem from the enforcement of a municipal policy or custom. Thus, to prevail on a Section 1983 claim, *Monell* mandates that the plaintiff must **<u>plead and prove</u>** (1) the existence of a policy or custom of such longstanding to have the force of law; and (2) pursuant to which one or more municipal employees violated the plaintiffs' civil rights. *Id.*, 690-91. The "custom" or "practice" must be so persistent and widespread that it is rather permanent and well settled, that the governing authority has constructive or actual knowledge thereof and does not stop it, and that it represents

official municipal policy.  *DeLeon v. Little*, 981 F. Supp. 2d 728 (D.Conn. 1997).  Thus, for municipal liability to attach, the municipal policy or **custom** at issue must be the "'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981)). And when the policy relied upon by a plaintiff "is far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*," the Supreme Court has refused to extend liability to the municipality. *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-24, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985).

To satisfy *Monell*, there should be evidence beyond that of a sole, isolated incident. *Stengel v. City of Hartford*, 652 F. Supp. 572, 574 (D.Conn.1987).  A plaintiff must typically point to facts outside his own case to support his allegation of a policy on the part of a municipality or a municipal decision maker. *Thurman v. City of Torrington,* 595 F. Supp. 1521, 1530 (D.Conn. 1984).

In the present case the plaintiff has failed to plead any facts regarding any such policy or custom of the defendants for the claimed violations.  There is simply no allegations presented that the defendants acting in their official capacities on behalf of the municipality adopted a custom or practice which resulted in a constitutional deprivation to the plaintiff.  Therefore, the plaintiff fails to state action upon which relief may be granted against the defendants in their official capacities.

Furthermore, a plaintiff must demonstrate that jurisdiction over a claim for declaratory or injunctive relief against a federal employee in his or her official capacity is supported by a specific waiver of sovereign immunity by the United States, which "must be unequivocally expressed in statutory text." *Adeleke v. United States,* 355 F.3d 144, 150 (2d Cir.2004). The defendants recognize that a governmental entity and therefore, defendants in their official capacity, can be sued and subjected to monetary damages, injunctive relief and declaratory judgment under 42 U.S.C. § 1983 but only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.,* supra, 436 U.S. at 694.

Because the plaintiff has failed to state a claim against the defendants in their official capacities, the plaintiff's claims for injunctive and declaratory relief must also fail.

### III.    CONCLUSION

Wherefore, the defendants respectfully request that a judgment of dismissal enter in their favor as to the plaintiff's claims brought pursuant to 42 U.S.C. §1985 and 1986, the plaintiff's claims that he was denied his right not to be put twice in jeopardy which protections arise under the protections of the Fifth Amendment and the plaintiff's claims against the defendants in their official capacities including the claims for injunctive and declaratory relief.  As to each of these claims the plaintiff fails to state a claim upon which relief may be granted.

DEFENDANTS:

By: _____
Patty G. Swan
Gordon, Muir & Foley, LLP
10 Columbus Boulevard
Hartford, CT  06016
(860) 525-5361
Federal Bar No. ct15656