United States District Court
District of Connecticut

Richard R. Quint

v.

A. Dunaj, Et Al.,

Civil No. 3:02CV2053(AVC)(TPS)

Dated: 3/17/05

FILED
2005 MAR 17  P 4:01
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

Brief in Support Objection to
Defendants Motion to Dismiss Claims For Failure to State Claims

The Plaintiff does hereby submit the following in support of his objection: The Plaintiff presents the following treatise:

The Plaintiff was the person being abused in a domestic situation, physically assaulted by his girlfriend. The plaintiff called the defendants and made a complaint of assault. The plaintiff was denied the equal protection of the laws by the defendants when they chose not to report he called 911 and made a complaint of assault. The plaintiff was denied the equal protection of the laws. He was not afforded the same protection a female would have received if she called 911, made complaint of having been assaulted, having numerous physical injuries inflicted upon hers were inflicted upon the plaintiff.

None of the defendants tried to prevent this violation rather they all chose to go along with it.

The Domestic Violence Laws of Connecticut are written to protect Woman being abused by Men, rather then protecting the men who are abused by Woman. The very nature of the Laws deny the plaintiff equal protection of the law, as they are written to protect Woman.

①

As the men are usually the dominant force in the situation, when they are not they are embarrassed to come forward and admit they allowed a woman to hurt them. Because of this Men as a class are denied equal protection of the laws.

The plaintiff called the defendants, a 911 call and made a complaint to the defendants, the defendants refused to take his written statement. The plaintiff would not have called the defendants if he did not want to make a complaint and statement.

The Plaintiff does not base his claim on racial discrimination. He does base it on Gender discrimination. The class he represents is battered, assualted, and abused men in domestic situations, that are denied the equal protection of the laws, That women in domestic situations are afforded.

The defendants did conspire to deprive the plaintiff of equal protection of the laws.

The Plaintiff has been injured in his person and deprived of his Rights and Privileges as a Citizen of the United States.

The defendants claim no facts of racial motivation and are correct. This claim is not racialy based or motivated, it is Gender based and motivated and class-based animus behind it is Man, The battered and abused man in domestic situations. Who is usely to ashamed to say he was abused by a woman, because of the stygma placed on him and being a man and the Stronger Sex.

②

The Plaintiff has clearly set forth a class-based claim in accordance with 42 U.S.C. §1985, that is valid. Therefore it should not be dismissed.

At no time did any defendant try and prevent this conspiracy to deprive the plaintiff equal protection of the Laws, because of his gender and class being the Male in the domestic situation that occurred. He is allowed to have relief granted under 42 U.S.C. §1986.

The defendants police officers because of the delegation of police powers makes them agents of the State. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws by any person acting" Under Color of any Statute, ordinance, regulation, Custom, or Usage of any State or territory. 42 U.S.C. §1983. Gomez v. Toledo 446 U.S. 635, 100 S.Ct. 1920, 1922, 64 L.Ed.2d 572 (1980) Section 1983 should be "Construed generously" to further the Congressional purpose of providing a damage remedy against the offending party in order to vindicate "Cherished Constitutional guarantees". Owen v. City of Independence, 445 U.S. 622, 100 S.Ct. 1398, 1414, 63 L.Ed.2d 673 (1980)

The defendants as police officers acting on behalf of the municipality to enforce State Statutes, are in actuality agents of the State and are liable in their official capacities under 42 U.S.C. §1983 as they became agencies or instrumentalities

③

of the state and subject to its Constitutional limitations. Evans V. Newton, 382 U.S. 296, 299, 86 S.Ct. 486, 488, 15 L.Ed 2d 373 (1965). As police officers Act under color of state authority, it is long standing they are liable in their official capacities under 42 U.S.C. §1983.

WHEREFORE, all of the foregoing the plaintiffs claims under 42 U.S.C. §1985, 1986 should not be dismissed as the plaintiff has set forth facts sufficient to support his claims. Further the claims against all defendants in their official capacities should not be dismissed as it is the long standing of the courts that police officers are liable under 42 U.S.C. §1983 in their official capacities.

Dated: 3/17/05

Respectfully Submitted

[signature]

Mr. Richard R. Quint #123433
Northern C.I. Mod 2
287 Bilton Rd
Somers, Ct. 06071
Pro Se

(4)

Certification

The Plaintiff does certify a copy of the foregoing was sent to all counsel of record:

Patty G. Swan
Gordon, Muir & Foley
10 Columbus Blvd
Hartford, Ct. 06106-1976

Dated: 3/17/05

Mr. Richard R. Quinn