UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT



| | |
|---|---|
| RICHARD R. QUINT | : |
| | : PRISONER |
| v. | : Case No. 3:02CV2053(AVC)(TPS) |
| | : |
| OFFICER DUNAJ, et al. | : |

### RULING AND ORDER

Plaintiff Richard R. Quint ("Quint") is confined at the Northern Correctional Institution in Somers, Connecticut. In 2002, he commenced this action against Assistant State's Attorney Mark Hurley, Family Relations Counselor Lisa Richards, Milford, Connecticut, Police Officers Andrew Dunaj, Christopher Dunn, Edward Bethke, Sean Moore, Antonio Vitti, Daniel Esposito and Brandon Marschner, Milford Police Lieutenant William J. Anderson and Milford Police Sergeant Sean Darby. The court has dismissed all claims against defendants Hurley and Richards.[1] Defendants Dunaj, Dunn, Bethke, Moore, Vitti, Esposito, Marschner, Anderson and Darby ("the defendants") have filed two motions to dismiss. In addition, both parties have filed other motions relating to discovery and scheduling.

I.     Defendants' Motion to Dismiss [doc. #127]

In the first motion to dismiss, defendants move to dismiss all claims brought pursuant to 42 U.S.C. §§ 1985 and 1986, the claims for violation of Quint's right to be free from double

---

[1] The court granted defendant Hurley's motion to dismiss on July 24, 2003, and defendant Richards' motion to dismiss on August 18, 2003. In addition, Quint withdrew all claims against defendant Jane Doe when he failed to include any claims against her in his third amended complaint, filed March 3, 2004.

jeopardy and all claims against the defendants in their official capacities.

A. Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003). Dismissal is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999); Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000). "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.) (quoting Scheuer, 416 U.S. at 236), cert. denied, 537 U.S. 1089 (2002). In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted. Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks and citation omitted).

B. Facts

For the purposes of deciding this motion, the court assumes that the following allegations contained in the third amended complaint are true.

On July 9, 2002, at approximately 2:10 a.m., Quint's girlfriend returned home, intoxicated, and attacked him while he slept. Quint went outside the house and called the Milford Police on his cell phone. His girlfriend continued to assault him while he was calling the police. When the police cars came into view, Quint's stopped assaulting him and began walking down the street.

Quint and his girlfriend were taken into custody and transported to the Milford Police Station. Both were charged with breach of peace. Quint asked defendants Dunn and Bethke for medical attention and told them to charge his girlfriend with assault. The officers told Quint that if he continued to make demands, they would not release him on a promise to appear. Defendants Dunn, Bethke, Darby and Anderson did not report that Quint was the complainant and that he had sustained injuries.

On July 22, 2002, Quint's girlfriend misplaced her purse. She called the Milford Police and reported that Quint took her purse. After finding her purse, she called the police and reported that she had recovered the purse. As a result of this incident, Quint was charged with twice violating a protective order. When defendant Dunaj contacted Quint regarding this incident, Quint stated that he was not at his girlfriend's home and suggested that defendant Dunaj contact his lawyer.

On August 20, 2002, Quint's girlfriend reported to the police that Quint had come by her house and her car had a flat tire. Despite the fact that his girlfriend had used a similar ploy with her previous boyfriend, Quint was arrested on August 21, 2002. He was charged with criminal trespass and violation of a protective order. Quint was placed in a holding cell at the Milford Police Station without a mattress, blanket or sheets. This last report occurred right after the

breach of peace charge against Quint's girlfriend was dropped.

C. <u>Discussion</u>

Defendants move to dismiss all claims brought pursuant to 42 U.S.C. §§ 1985 and 1986, the claims for violation of Quint's right to be free from double jeopardy and all claims against the defendants in their official capacities.

1. <u>Claims under 42 U.S.C. §§ 1985 and 1986</u>

The first two subsections of 42 U.S.C. § 1985 clearly are not relevant to this action. Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties and section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal judicial proceedings. Quint is neither a federal official and his claims are not related to participation of witnesses in judicial proceedings.

Section 1985(3) prohibits conspiracies to deprive persons of equal protection of the laws. In order to state a claim pursuant to this provision, a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

<u>Julian v. New York City Transit Auth.</u>, 857 F. Supp. 242, 252 ((E.D.N.Y. 1994), <u>aff'd</u>, 52 F.3d 312 (2d Cir. 1995). Furthermore, the conspiracy must be motivated by "'some racial or perhaps otherwise class based, invidious discriminatory animus . . . .'" <u>Pisello v. Town of Brookhaven</u>, 933 F. Supp. 202, 216 (E.D.N.Y. 1996) (citation omitted). Section 1985(3) may not be construed as a "general federal tort law." <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 101-02 (1971).

"The conspiracy . . . must aim at a deprivation of the equal enjoyment of rights secured by the law to all." Id. at 102.

In opposition to the motion to dismiss, Quint concedes that his conspiracy claim is premised on gender discrimination not racial discrimination. Thus, his claim is not cognizable under section 1985(3). Defendants' motion to dismiss is granted as to any section 1985 claims. Quint may pursue his conspiracy claim under section 1983.

Section 1986 provides no substantive rights; it provides a remedy for the violation of section 1985. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 222 n.28 (1970) (Brennan, J., concurring in part and dissenting in part). Thus, a prerequisite for an actionable claim under section 1986 is a viable claim under section 1985. See Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1088 (2d Cir. 1993) (holding that "a §1986 claim must be predicated on a valid § 1985 claim). Because the court has granted defendants' motion to dismiss the section 1985 claims, the section 1986 claims are not cognizable in this action. Defendants' motion to dismiss is granted as to the section 1986 claims.

2. Double Jeopardy Claim

Quint contends that his right to be free from double jeopardy was violated because the charges on which he was arrested on August 21, 2002, violation of a protective order and criminal trespass, were the same charge.

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states by the Fourteenth Amendment, provides that a person shall not "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "The Clause protects against both a subsequent prosecution for the same offense after acquittal or conviction as well as multiple

5

punishments for the same offense." United States v. Hernandez-Fundora, 58 F.3d 802, 805 (2d Cir.) (internal quotation marks and citation omitted), cert. denied, 515 U.S. 1127 (1995). The Double Jeopardy Clause is not implicated, however, when a criminal defendant is prosecuted at the same time for two charges arising from the same incident, as long as the total punishment imposed does not exceed what the legislature has proscribed. See United States v. Halper, 490 U.S. 435, 450-51 (1989) (Double Jeopardy Clause guards against multiple punishment for same offense in separate, not same, proceedings); Missouri v. Hunter, 459 U.S. 359, 368-69 (1983) (same).

Quint's claim is based on his arrest on charges of violation of a protective order and criminal trespass. These charges would be resolved in one criminal proceeding. Thus, the Double Jeopardy Clause is not applicable. Defendants' motion to dismiss is granted as to the claim for violation of the Double Jeopardy Clause.

    3.    Official Capacity Claims

Finally, defendants move to dismiss all claims against them in their official capacities. Claims against any of these defendants in their official capacity, in essence, is a suit against the City of Milford. See Brandon v. Holt, 469 U.S. 464, (1985) (noting that suit against municipal official in his official capacity was a suit against the municipality because liability for any judgment would rest with the municipality).

To establish liability of defendants in their official capacities, Quint must show that "'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or is conducted 'pursuant to governmental "custom" even though such a custom has not received formal approval

6

through the body's official decisionmaking channels.'" Anthony v. City of New York, 339 F.3d 129, 139 (2d Cir. 2003) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91(1978)). To establish such a policy, custom or practice, Quint may identify "an express rule or regulation," show that the discriminatory practice was so widespread that it constitutes "a custom or usage with the force of law," or that the discriminatory practices of police officers was "so manifest" that the "constructive acquiescence of senior policy-making officials" may be implied. Patterson v. County of Oneida, NY, 375 F.3d 206, 226 (2d Cir. 2004) (internal citations and quotation marks omitted).

Quint alleges no facts suggesting an official policy statement, regulation or decision of the Milford Police Department. He identifies no other incidents where defendants did not accept a male's complaint that he was the victim of domestic abuse. Quint alleges only that defendants did not include in their report of the July 9, 2002 incident that he was the complainant and that he had asked to have his girlfriend charged with assault and did not research to ascertain whether his girlfriend had a pattern of obtaining protective orders against past boyfriends and reported violations of those orders. Police officers are required to enforce a validly issued protective orders. Thus, the court concludes that Quint's allegations are insufficient to demonstrate a pattern of conduct or an official policy. Defendants' motion to dismiss is granted as to all claims against defendants in their official capacities.

II.   Defendants' Motion to Dismiss for Failure to Prosecute [doc. #129]

In their second motion, defendants ask the court to dismiss this action because Quint refused to attend his scheduled deposition. For the reasons that follow, defendants' motion is denied without prejudice.

Defendants state that they noticed Quint's deposition for December 16, 2004. On that date, Quint indicated that he was not prepared to respond to questions. Defendants agreed to suspend the deposition and noticed a continued deposition for February 18, 2005. Quint was aware of the deposition. He demanded a wheelchair to go to the deposition. Correctional staff informed defendants' counsel that the prison physician did not order a wheelchair because Quint had been observed walking and doing push-ups in his cell. When no wheelchair was produced, Quint refused to attend the deposition.

Quint states that he began a hunger strike on February 3, 2005. He "passed out" on February 9, 2005, after taking no food or water for six days. Quint states that his blood pressure was very low during the week prior to the deposition and, as a result, he felt lightheaded and saw spots when he stood. Quint states that he is willing to finish the deposition "as soon as his health allows or arrangements to bring him safely to the visiting room are made." (Pl.'s Obj, Doc. #131.) Quint seeks an extension of time to complete discovery because he does not know how long his hunger strike will last.

This case currently is at an impasse. Defendants cannot file a motion for summary judgment or prepare for trial until Quint's deposition is concluded. Quint was aware of the date of the deposition when he began his hunger strike. Whether he chooses to eat is within Quint's sole control. Thus, the court construes Quint's decision to begin a hunger strike at this time as an attempt to manipulate the litigation of this case.

Because Quint has not received notice from the court that his case will be dismissed for failure to prosecute if he fails to attend the deposition, defendants' motion to dismiss [doc. #129] is denied without prejudice. Defendants shall re-notice Quint's deposition to be held on or before

Case 3:02-cv-02053-AVC    Document 138    Filed 05/20/2005    Page 9 of 11

June 24, 2005. If Quint fails to attend and fully cooperate at the deposition, defendants may refile their motion to dismiss. Quint is hereby on notice that this case will be dismissed for failure to prosecute if he fails to attend and fully cooperate at the deposition.

III.    <u>Miscellaneous Motions [docs. ##126, 132, 133, 134, 136]</u>

Quint has filed a motion for extension of time to respond to defendants' motion to dismiss [doc. #127]. Quint responded to the motion within the required time. Accordingly, his motion for extension of time [doc. #132] is denied as moot.

Defendants seek an extension of the scheduling orders entered in this case. They state that they require additional time to complete Quint's deposition. Defendants' motion [doc. #126] is granted. All discovery in this case shall be completed on or before June 30, 2005. Any motion for summary judgment shall be filed on or before July 29, 2005.

Quint also seeks an extension of time to complete discovery in this case. He states that he has requested additional interrogatories which cannot be completed within the current discovery period and requests an extension of time until his hunger strike ends and he regains his health to complete his deposition. Because the court has extended the discovery deadline above, Quint's motion [doc. #133] is denied as moot.

Quint has filed a motion requesting leave to file additional interrogatories. The court assumes that Quint seeks leave to file more than the twenty-five interrogatories, including subparts, that are permitted under Rule 33(a), Fed. R. Civ. P. Quint neither attached proposed interrogatories for the court's review nor indicated why additional interrogatories are required. Accordingly, Quint's motion [doc. #134] is denied without prejudice.

Finally, Quint renews his request for appointment of counsel. He states that counsel is

required to depose persons who are not defendants in this case. Quint has not indicated in his motion the identities of all of the persons, what information he expects to obtain from these persons and why he cannot obtain the information by other means.

Further, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." Cooper v. A. Sargenti Co., 877 F. 2d 170, 173-74 (2d Cir. 1989).. The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171. Based on the current record, the court cannot conclude that Quint's claim possesses likely merit. Thus, appointment of counsel is not warranted at this time. Quint's motion [doc. #136] is denied without prejudice.

IV.  Conclusion

Defendants' motion to dismiss [doc. #127] is **GRANTED**. Defendants' motion to dismiss for failure to prosecute [doc. #129] is **DENIED** without prejudice. Defendants shall re-notice Quint's deposition to be held on or before **June 24, 2005**. If Quint fails to attend and fully cooperate at the deposition, defendants may refile their motion to dismiss. Quint is hereby on notice that this case will be dismissed for failure to prosecute if he fails to attend and fully cooperate at the deposition.

Quint's motion for extension of time [doc. #132] to respond to defendants' motion to dismiss is **DENIED** as moot. Defendants' motion [doc. #126] to extend the deadlines in the

scheduling order is **GRANTED**. All discovery in this case shall be completed on or before **June 30, 2005**. Any motion for summary judgment shall be filed on or before **July 29, 2005**, with any memorandum in opposition to be filed within twenty-one days thereafter. Quint's motion for extension of time to complete discovery [**doc. #133**] is **DENIED** as moot. Quint's motions for leave to file additional interrogatories [**doc. #134**] and for appointment of counsel [**doc. #136**] are **DENIED** without prejudice

  **SO ORDERED** this ___ day of May, 2004, at Hartford, Connecticut.

                 Alfred V. Covello
                 United States District Judge