## UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF CONNECTICUT
## At HARTFORD

| | |
|---|---|
| | Inmate #123433 |
| RICHARD R. QUINT | : CIVIL ACTION NO. 3-02-2053 (AVC)(TPS) |
|     Plaintiff | : |
| | : |
| VS. | : |
| | : |
| A. DUNAJ, ET AL | : |
|     Defendants | : MAY 26, 2005 |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT DATED FEBRUARY, 23, 2004

#### A. PLAINTIFF

1.   The allegations contained in Paragraph 1 are denied.  Upon information and belief although Mr. Quint is incarcerated, he is no longer at CCI in Cheshire.

#### B.  DEFENDANTS

2.   The allegations contained in Paragraphs 2-10 are admitted.

#### C.  NATURE OF THE CASE

3.   As to the entire narration, the defendants have no knowledge and/or information sufficient to form a belief, and therefore denies same and leave the plaintiff to his own proof thereof.

## D.  CLAIMS

The defendants deny that the plaintiff's 4th or 14th Amendment Rights to the United States Constitution were violated by the defendants.  As to the plaintiff's claims under the 5th and 8th Amendments, those claims have been withdrawn by the plaintiff.

## E.  FACTS

1. The allegations contained in Paragraph 1 are denied.
2. The allegations contained in Paragraph 2 are denied.
3. The allegations contained in Paragraph 3 are denied.
4. The allegations contained in Paragraph 4 are denied.
5. The allegations contained in Paragraph 5 are denied.
6. The allegations contained in Paragraph 6 are denied.
7. The allegations contained in Paragraph 7 are denied.
8. The allegations contained in Paragraph 8 are denied.
9. The allegations contained in Paragraph 9 are denied.
10. The allegations contained in Paragraph 10 are denied.
11. The allegations contained in Paragraph 11 are denied.
12. The allegations contained in Paragraph 12 are denied.
13. The allegations contained in Paragraph 13 are denied.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

At the all times alleged in the plaintiff's complaint the defendants acted within the scope of their discretionary authority and did not violate any clearly established statutory or constitutional rights of which a reasonable person who have known, thereby entitling them to qualified immunity from suit and damages.

**SECOND AFFIRMATIVE DEFENSE**

In the event any action of defendants deprived or caused a deprivation of plaintiff's federally protected rights (which defendants deny), then and in any event, all such actions of defendants were within the scope of their discretionary authority and were taken in good faith and with a reasonable belief that such actions were lawful and proper, thereby entitling them to a qualified immunity from suit and damages.

**THIRD AFFIRMATIVE DEFENSE**

The defendants cannot be liable to plaintiff for exemplary damages because they at no time acted maliciously, fraudulently or with an intent to harm Plaintiff or to deprive him of any legally protected rights.

**FOURTH AFFIRMATIVE DEFENSE**

As to the May 7, 2002 incident alleged in the plaintiff's complaint, there was an outstanding arrest warrant for the plaintiff from the Stratford Police Department. The plaintiff was not arrested for any independent offenses by the defendants on said date but was arrested for the active warrant out of Stratford.

**FIFTH AFFIRMATIVE DEFENSE**

As to the July 9, 2002 incident alleged in the plaintiff's complaint, the defendants in accordance with C.G.S. §54-1f arrested the plaintiff without warrant upon speedy information for an offense which the officers believed, based upon the facts and circumstances presented to them and of which they had reasonably trustworthy information reasonably believed, was committed by the plaintiff in their jurisdiction

**SIXTH AFFIRMATIVE DEFENSE**

As to the July 22, 2002 incident alleged in the plaintiff's complaint, the plaintiff was arrested pursuant to a valid arrest warrant issued pursuant to C.G.S. §54-33a, the trial judge having found that grounds existed that the plaintiff participated in the commission of an offense or that there was probable cause to believe that the plaintiff participated in the commission of an offense.

**SEVENTH AFFIRMATIVE DEFENSE**

As to the August 20, 2002 incident alleged in the plaintiff's complaint, the defendants in accordance with C.G.S. §54-1f arrested the plaintiff without warrant because they had reasonable grounds to believe the plaintiff committed a felony by violating C.G.S. 53a-223.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff fails to state a claim against the defendants for injunctive and declaratory relief upon which relief may be granted.

**NINTH AFFIRMATIVE DEFENSE**

Some or all of the plaintiff's claims are barred in that the plaintiff failed to exhaust his administrative remedies.

DEFENDANTS:

By: _____
Patty G. Swan
Gordon, Muir & Foley, LLP
10 Columbus Boulevard
Hartford, CT  06016
(860) 525-5361
Federal Bar No. ct15656

**CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed to the following pro se parties and counsel of record on May 26, 2005:

Richard R. Quint
Inmate #123433
Garner Correctional Institute
50 Nunnawauk Road
P.O. Box 5500
Newtown, CT  06470

 

PATTY G. SWAN