UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT AT BRIDGEPORT

| | |
|---|---|
| RICHARD R. QUINT | Inmate #123433 |
| | CIVIL NO. 3:02CV2053(AVC) |
| V. | : |
| A. DUNAJ, ET AL. | : |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDMGENT

I) **FACTS**

The plaintiff instituted this action pro se against the moving defendants. The plaintiff's operative complaint is dated February 23, 2004. The complaint states that the action is "Civil Rights Complaint brought in accordance with 42 U.S.C. §1983, §1985, §1986." The plaintiff alleges that all defendants conspired against him together to deny the plaintiff his civil rights. His claims against the defendants in their official capacities, as well as his §§ 1985 and 1986 and double jeopardy claims, were dismissed by the Court in a May 20, 2005 ruling. His remaining claims lie against the defendant officers individually, and sound in § 1983 claims of conspiracy to deprive him of constitutional rights to humane treatment while in custody, equal

9

protection, unlawful arrest, and gender discrimination. Plaintiff's remaining claims arise out of three incidents, and stem from essentially four factual allegations. First and foremost, plaintiff claims that the various defendants improperly failed to identify him as the "complainant" on a police report setting forth the facts of a July 9, 2002 domestic incident in which both plaintiff and his then-girlfriend were listed as "victim". Second, plaintiff misguidedly alleges that his August 20, 2002 arrest was unlawful, insofar as it was warrantless and not based on "speedy information". He overlooks, conveniently, the fact that it was a felony charge, on which he was convicted. Third, plaintiff claims that on May 7, 2002 and July 9, 2002, the defendants denied him medical attention. He concedes, however, that both incidents involved minor scrapes and bruises, that he sought medical attention solely for the purpose of documenting the existence of the injuries, that the failure to obtain such treatment caused him no additional harm, and that he never sought medical attention on his own on either occasion despite being released from custody within hours of each event. Fourth, he complains of "inhumane" jail conditions on August 20, 2002, when he was allegedly placed in a holding cell for up to eight hours without a mattress, blankets or sheets. See, also, Defendants' Rule 9(c) statement, supra. The

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361     FACSIMILE (860) 525-4849     JURIS No. 24029

remaining defendants now move for summary judgment as to all remaining claims in this patently frivolous litigation.

## II) **STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The court "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought." *Heyman v. Commerce & Industry Insurance Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975). Summary judgment is appropriate "when, after drawing all reasonable inferences in favor of nonmovant, no reasonable trier of fact could find in favor of nonmovant." *Leon v. Murphy*, 988 F.2d 303 (2d Cir. 1993).. "The burden, therefore, is on the moving party to establish that no relevant facts are in dispute." *Quinn v. Syracuse Model Neighborhood Corp.* 613 F.2d 438, 444 -445 (2D Cir. 1980). Once that burden is satisfied, the nonmoving party "must bring to the district court's attention some affirmative indication that his version of relevant events is not fanciful" in order to avoid a grant of summary judgment. *Id.*

11

"Summary judgment for a defendant is properly granted when the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Abramson v. Pataki*, 278 F.3d 93 (2d Cir. 2002). "When a motion for summary judgment is made and supported...,an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response... must set forth specific facts showing that there is a genuine issue for trial." Fed R. Civ. Pro. 56(c).

III) **ARGUMENT**

**Plaintiff Cannot Establish a Prima Facie Case of Violation of his § 1983 Rights**

In order to establish a violation of a § 1983 rights, the plaintiff must allege that his liberties have been deprived and that the defendants intentionally engaged in action to deprive him of those rights. Plaintiff claims violations of equal protection, gender discrimination, denial of medical protection, and cruel and unusual punishment of a pretrial detainee, as well as conspiracy amongst the officers to deprive him of these rights. However, plaintiff cannot establish any set of facts which support his claims.

12

As there is no genuine issue of material fact relating to any of the plaintiff's claims, this motion should be granted.

### A) Summary Judgment for Plaintiff's Claims of Conspiracy, Equal Protection and Gender Discrimination Violations Should Be Granted for Defendants Because an Award of Damages or Declaratory Judgment Would Undermine the Validity of the Plaintiff's Conviction

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that § 1983 claims that relate to an individual's conviction are not to be considered unless the conviction has been overturned:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A conviction that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

13

*Heck*, 512 U.S. at 486-87. Under *Heck*, as extended by *Edwards v. Balisok,* 520 U.S. 641, 648 (1997) and *Amaker v. Weiner*, 179 F.3d 48 (2d Cir. 1999), the complaint must be dismissed in actions for declaratory judgment as well and is not limited to § 1983 claims. The plaintiff maintains that his conviction stems from a conspiracy between the defendants to falsify and support statements in the police report, stating:

> Because all police reports written by the defendants left out the facts that Mr. Quint called police and made the complaint in this matter. There by [sic] misleading the court. So the court was unable to make fair, truthful and proper decisions in this matter. Denying Mr Quint Due Process of law....From the begining [sic] of this matter, the defendants have conspired to deprive the plaintiff of his right to Due Process of the Law"

<u>Amended Complaint</u>, 4, 6. Similarly, his claims for violations of Equal Protection and Gender Discrimination are directly related to his conviction. He alleges that he was not afforded due process "[b]ecause of the misleading police reports made by the defendants Mr Quint was denied equal protection of the laws." <u>Id</u>. Finally, his claim that he was not properly arrested would go to the heart of his conviction if confirmed. To grant damages or declaratory judgment would be to undermine the validity of his conviction. As such, summary judgment must be granted on these claims, as they constitute an improper collateral attack on his valid conviction. *See Nicholson v.*

14

*Lenczewski*, 356 F. Supp. 2d 157 (D.Conn. 2005) (granting summary judgment against claims of falsification of police reports).

### B) Defendants Properly Arrested Plaintiff for Violation of Protective Order

C.G.S.A.  § 53a-223 reads :

"(a) A person is guilty of criminal violation of a protective order when an order...has been issued against such person, and such person violates such order.

(b) Criminal violation of a protective order is a class D felony."

Officers in Connecticut are statutorily required to arrest any individual that the officer has reasonable grounds to believe has committed a felony. C.G.S.A. § 54-1f ("Members of ... any local police department...*shall* arrest, without previous complaint or warrant, any person who the officer has reasonable grounds to believe has committed or is committing a felony." Emphasis added) The Connecticut Supreme Court has interpreted reasonable grounds to mean probable cause, in that a lawful warrantless arrest for a felony is dependant upon a showing that (1) the officer had probable cause to believe a crime had been committed and (2) there is probable cause to believe that the person to be arrested committed that crime." *State v. Reynolds*, 264 Conn. 1 (2003) (Probable cause exists when the facts and

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS NO. 24029

circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that a felony has been committed.)

The plaintiff was convicted and sentenced for violation of a protective order. In the absence of a fraudulently obtained conviction, the conviction will serve as conclusive evidence of probable cause. *Cameron v. Fogarty*, 806 F.2d 380 (2d Cir. 1986) (holding that "[w]here the civil rights plaintiff has been convicted of the offense for which he was arrested, [the court has] in effect accepted the fact of that conviction as conclusive evidence of the good faith and reasonableness of the officer's belief in the lawfulness of the arrest"), *see also* Annot., *Conclusiveness, as Evidence of Probable Cause in Malicious Prosecution Action, of Conviction as Affected by the Fact that it Was Reversed or Set Aside*, 86 A.L.R.2d 1090 (1962). Therefore, the plaintiff's conviction serves as conclusive proof that his arrest was lawful, for the arresting officers had sufficient probable cause to arrest the plaintiff for violation of a protective order pursuant to C.G.S.A. § 54-1f.  See, also, Deposition of R. Quint, at 174:22 – 176:9 (acknowledging that he was convicted of the felony charge upon which he was arrested 8/20/02).

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361            FACSIMILE (860) 525-4849            JURIS No. 24029

### C) Plaintiff's Claim of Denial of Medical Attention Does Not Meet Requirements of § 1983

In order to set forth a claim under §1983 for failure to provide medical relief, the plaintiff must allege "(1) an intent on the part of the officers to harm the plaintiff or (2) an injury so severe or obvious as to require medical attention, mere negligence not being sufficient, in the absence of conduct which shocks the conscience". *Church v. Hegstrom*, 416 F.2d 449 (D.Conn., 1969). Plaintiff alleges no facts sufficient to state a claim under either the subjective or objective standard.

In order to prevail under the subjective standard, a complaint claiming failure to provide medical attention constituting a denial of Fourteenth Amendment rights must suggest the possibility of some "conduct that shocks the conscience". *Id*. In determining such conduct, it must be established that the officer (1) had actual or constructive knowledge that the plaintiff faced a substantial risk of harm and (2) ignored or disregarded that risk, (3) by failing to take reasonable steps to abate the harm, with such lapse constituting more than mere negligence. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994), *Cuoco v. Moritsugu,* 222 F.3d 99 (2d Cir.2000). Moreover, such deliberate indifference requires intentional or criminally reckless conduct. See *Sonds v. St. Barnabas Hosp. Correctional Health Services*, 151 F.Supp.2d 303, 311

17

(S.D.N.Y. 2001) (citing *Farmer v. Brennan,* 511 U.S. at 835-840) (holding that pro se plaintiff's liberally construed complaint failed to allege violations of civil rights).  As the plaintiff does not allege any denial of medically necessary treatment, his claim is deficient.

Similarly, the plaintiff fails to allege any facts that would constitute a violation of the objective standard, which requires a serious injury, defined as "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.... The seriousness of [an individual's] medical need may also be determined by reference to the effect of denying the particular treatment." *Hunt v. Uphoff,* 199 F.3d 1220 (10th Cir.1999). The plaintiff makes two separate claims for denial of medical attention, stemming from the incidents on May 7, 2002 and July 9, 2002. By his own admission, the May 7, 2002 incident resulted in "[b]ruises, scratches. Some cuts, blood was coming so scratches." Quint Depo. 188:6-7. These minor injuries were also documented by the Stratford EMS report (Exhibit C, D)  upon the plaintiff's request: "Plaintiff wanted injuries 'documented': Abrasions to [left] lower  leg, scratch – 'bite' to back/ [left] shoulder." The incident on July 9, 2002 resulted only in "swelling in his right eye area and small amounts of bruising on his arms and body",

18

hardly life-threatening injuries requiring medical attention. Exhibit E. Again, the plaintiff admitted "My injuries weren't life-threatening. I had bite marks, bruises. It's not like I had broken bones or something. You know, basically, I had a black eye, bite marks on my arm." Deposition of R. Quint, at. 47:5 - 8. Further, on both occasions, the plaintiff did not seek medical attention after being released from police custody, each time within mere hours of the incident complained of. Deposition of R. Quint, at 187:24 – 192:11.

### D) Plaintiff Has Not Established a Violation of Equal Protection Under the Law

The plaintiff claims that his failure to be identified as the complainant in the incident on July 9, 2002 resulted in his being denied equal protection under the law. Deposition of R. Quint, at 197:7 – 200:14; 202:21 – 204:11. Even liberally construed, the plaintiff's complaint alleges no set of facts in which he claims to be a part of a legally cognizable class. Therefore, it is assumed he is proceeding under the standard laid out in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000), which created a cause of action for denial of equal protection for a "class of one". In order to succeed on such a basis, a plaintiff must allege that they have been intentionally treated differently from others similarly situated and that there is no rational basis

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361            FACSIMILE (860) 525-4849            JURIS NO. 24029

for the difference in treatment. *Id.* at 564. Under the *Olech* standard, a "class of one" claimant must present evidence that any differential treatment was intentional, irrational, and wholly arbitrary. *See African Trade & Info. Ctr.,* 294 F.3d at 363-64; *Giordano v. City of New York,* 274 F.3d 740, 751 (2d Cir.2001). *See also Harlen Assocs. v. Inc. Vill. of Mineola,* 273 F.3d 494, 500 (2d Cir.2001) (a government body acts irrationally only when it acts "with no legitimate reason for its decision.").

    The Second Circuit, in applying *Olech*, set forth the following requirements:

    (i) [N]o rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake.

*Neilson v. D'Angelis,* 409 F.3d 100, 105 (2d Cir. 2005). However, where no instance can be found of differential treatment of an individual in similar circumstances, it cannot be said that there has been a violation of equal protection. *Piscottano v. Murphy,* 2005 WL 1424394, (D. Conn. 2005) (holding that summary judgment will be granted to defendants if plaintiff cannot identify similarly situated individuals treated differently). As the plaintiff has not supplied the necessary allegation as required by this court in *Piscottano,* summary judgment must be granted.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361            FACSIMILE (860) 525-4849            JURIS No. 24029

### E) Plaintiff Does Not Allege Facts Sufficient to Bring a Claim of Gender Discrimination

#### a. Summary Judgment Should Be Granted Because Plaintiff Failed to Exhaust His Administrative Remedies, Which Prevents This Court From Exercising Jurisdiction

Only upon a release from the Connecticut Commission on Human Rights and Opportunities does an individual gain a cause of action through which they may bring a suit for the claim of discrimination. C.G.S.A. § 46a-100. It is also explicitly stated that "no action may be brought in accordance with §46a-100 unless the complainant has received a release from the commission..." C.G.S.A. § 46a-100. Only after the individual has filed a timely complaint with the CHRO and has obtained the requisite release to sue does the statute provides that an action may be brought in Superior court. The plaintiff has neither filed a timely complaint with the CHRO nor obtained a release to sue. His complaint was filed with the CHRO on November 5, 2003 and was summarily rejected for lack of jurisdiction due to the fact that it wasn't filed within 180 days of the alleged act of discrimination. The plaintiff filed a motion to reconsider, which was again rejected on jurisdictional grounds. As the requirements of §§ 46a-100 and 46a-101 have not been met, the court does not

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS NO. 24029

have jurisdiction to hear his claim. *Desardoiun v. United Parcel Service*, 285 F. Supp. 2d 153 (D.Conn. 2003),

### b. Plaintiff Cannot Establish a Prima Facie Case of Gender Discrimination

In claims for gender discrimination in violation of the equal protection clause of the Constitution, a plaintiff is required to prove the existence of a classification that is subject to disparate treatment, that is, a class that has been singled out for disfavored treatment. *Thurman v. City of Torrington*, 595 F.Supp. 1521, (D.Conn. 1984). If such evidence can be shown, the plaintiff then has the burden of establishing that the defendants acted with discriminatory intent or purpose in establishing or maintaining the classification. *Id.* Classifications on the basis of gender will be held invalid under the equal protection clause unless they are substantially related to an important governmental objective, *Craig v. Boren,* 429 U.S. 190, 197, 97 S.Ct. 451, 456, 50 L.Ed.2d 397 (1976).

The plaintiff's complaint makes no mention of any statute or policy that would indicate gender discrimination. The plaintiff predicates his claim for gender discrimination on his theory that a woman in the same situation would have been labeled the "complainant" in the July 9, 2002 police report and incorrectly believes

22

that the police were responding to his call when they arrived at 48 Merwin Ave. [1]He maintains that "[t]here is no evidence of the anonymous call presented in any of the police reports anywhere that any of the officers filed." However, the 911 transcript, the identification of an anonymous caller on the July 9, 2002 police report, and the appearance of officers on the scene simultaneously with the placement of the second 911 call (that made by plaintiff) all serve to refute this claim. In addition, the plaintiff does not claim to be part of a protected class, which fails to establish a requisite element for gender discrimination. Similarly, he does not allege any facts indicating that the defendants maliciously acted with discriminatory intent in failing to label him as the complainant rather than the victim. Moreover, he cannot cite to any authority (as none exists) supportive of the position that failure to label a complainant as such in reporting on a domestic dispute is somehow prejudicial to the party initiating the complaint. As neither element of gender discrimination has been satisfied, summary judgment should be granted as to the gender discrimination claim.

### F) The Plaintiff Cannot Establish a Prima Facie Case Sufficient to Bring a Claim of Unconstitutional Conditions of Confinement

---

[1] See, 7/9/02 Transcript, Exhibit *. Two 911 calls were received pertaining to the subject incident; the first from ananonymous caller, the second from Plaintiff.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361         FACSIMILE (860) 525-4849         JURIS NO. 24029

State detainees' claims of intolerable cell conditions are usually evaluated under an examination of whether their Fourteenth Amendment Due Process rights have been violated, as opposed to the Eighth Amendment's prohibition against cruel and unusual punishment. However, the Second Circuit has consistently held that in actions under 42 U.S.C.A. § 1983 by detainees, due process requires no more than analysis under the Eighth Amendment standard. *See Arroyo v. Schaefer,* 548 F.2d 47, 50 (2d Cir.1977). To succeed on a claim of unconstitutional conditions of confinement, the plaintiff must satisfy both an objective and a subjective element. The objective element requires that only conditions of confinement which constitute or cause the "serious deprivation of basic human needs," which are the "minimal civilized measure of life's necessities," constitute cruel and unusual punishment. *Rhodes v. Chapman,* 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Secondly, the subjective component requires that the prison official have a "sufficiently culpable state of mind," to wit, be deliberately indifferent to the harmful conditions. *Wilson v. Seiter,* 501 U.S. 294, 297, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991). In making such a determination, courts have been required to examine the alleged violation under the totality of the circumstances and the justification for the conditions imposed.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361            FACSIMILE (860) 525-4849            JURIS NO. 24029