> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].

*Bell v. Wolfish* 441 U.S. 520, 538 (U.S.,1979) (Citations omitted). In considering whether a specific practice or policy is "reasonably related" to security interests, courts have played a very limited role, since such considerations are peculiarly within the province and professional expertise of corrections officials. *Block v. Rutherford*, 468 US 576 (1984). To be liable under the deliberate indifference standard, a prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825 (1994). In order to succeed on a claim of unconstitutional conditions of confinement, the plaintiff must sufficiently allege facts to satisfy both prongs of the analysis. *Trammel v. Keane*, 338 F.3d 155 (2d Cir. 2003) (holding where no genuine dispute existed as to prison officials' mental state in imposing conditions, examination of first prong was unnecessary).

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

The plaintiff alleges no set of facts that would satisfy either the subjective or objective component of the *Farmer* analysis, let alone both. While he does allege that he was placed in a holding cell without a mattress, blanket, or sheets for a short period of eight hours, the Second Circuit has held that such conditions are constitutional for even longer periods of time. *See Trammel*, 338 F.3d at 164 (holding denial of clothing (except shorts), mattress, blanket, toiletries and bucket for indefinite period of time not unconstitutional under conditions), see also *Waring v. Meachum*, 175 F.Supp.2d 230 (D.Conn. 2001) (holding that absent allegations that such conditions jeopardized the health of the prisoner, conditions of confinement were not unconstitutional). Other jurisdictions have held that "[s]hort term deprivations of toilet paper, towels, sheets, blankets, ... toothpaste, toothbrushes, and the like do not rise to the level of a constitutional violation." *Gilland v. Owens,* 718 F.Sup. 665, 685 (W.D.Tenn .1989), see also *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988) (holding insufficient to state claim for cruel and unusual punishment allegations that inmates denied toilet paper for five days and soap, toothpaste and toothbrush for ten days). Under a totality of the circumstances analysis, no set of facts can be raised by which the conditions of the cell "shocks the conscience" or could otherwise be labeled "barbarous". Similarly, the plaintiff has not

26

alleged any set of facts which would serve as evidence of deliberate indifference on the part of Officers Dunaj and Moore such that they were "deliberately indifferent" to the plaintiff's health.

### G) Conspiracy

The plaintiff has alleged a conspiracy amongst the defendants under 42 U.S.C.A § 1983, claiming that the defendants acted under color of State law to deprive him of his constitutional rights. To establish a civil conspiracy under § 1983, the plaintiff must show: (1) an agreement between two or more state actors…(2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. *Pangburn v. Culbertson*, 200 F.3d 65 (2d Cir. 1999). "{The plaintiff has} a weighty burden to establish a civil rights conspiracy…To survive a properly supported summary judgment motion, [the plaintiff]'s evidence must…reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try and accomplish a common and unlawful plan." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Where the plaintiff cannot establish the loss of a federally protected civil right, a § 1983 cause of action for conspiracy is improper. *Curley v. City of Suffern*, 268 F.3d 65 (2d Cir. 2001) (holding that where excessive force and false arrest claims had been

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                FACSIMILE (860) 525-4849                JURIS NO. 24029

dismissed, summary judgment on conspiracy claim was appropriate). As the plaintiff is barred from bringing his equal protection claim, upon which his claim of conspiracy is based, he cannot maintain his § 1983 civil conspiracy action. In the alternative, the plaintiff has alleged no facts sufficient to maintain such an action.

The plaintiff alleges that the police report of the incident that occurred on July 9, 2002 contains falsified information, which denied him equal protection. The report was written by Officer Dunn and the plaintiff contends that Dunn and the other three officers, Lieutenant Anderson and Officers Bethke and Moore, conspired against him by not labeling him as complainant despite the fact that he had called 911. Examining the facts surrounding the incident on July 9, 2002, it is clear that the report contains no falsified information.  Exhibit E.  The Milford Police Dispatcher received an anonymous call at 2:13 AM regarding a domestic disturbance on Merwin Avenue. Exhibit F.  At 2:15 AM, the dispatcher relayed the information to Officers Dunn and Bethke, who both responded and reported to Merwin Ave. Id.  Dispatch then received a call at 2:20 from the plaintiff, during which time the previously dispatched officers arrived on scene. Upon their arrival, the plaintiff's connection with the dispatcher was terminated. The police report indicates the facts of the case as they were when officers were dispatched to the scene- an anonymous caller

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
Telephone (860) 525-5361                    Facsimile (860) 525-4849                    Juris No. 24029

reported a domestic dispute outside on Merwin. After arriving on scene, as the officers received conflicting reports from the plaintiff and Ms. Casey, both were labeled as victims and treated accordingly. Pursuant to C.G.S.A. § 46b-38b(b), Officer Dunn properly exercised his discretion in classifying the plaintiff's status as a victim., and as the officers were responding not to the plaintiff's call but the anonymous call of a concerned neighbor, Officer Dunn properly exercised his discretion in classifying the plaintiff's status as a victim. Id.  As no unlawful act has been perpetrated by the officers, a key element of the plaintiff's conspiracy claim is missing and summary judgment is appropriate.

Moreover, plaintiff fails to claim that the defendants conspired to deprive him of any constitutionally protected right.  As addressed supra, his claim is that the defendants conspired by all failing to report that, on 7/09/02, it was plaintiff who initiated the 911 call to which various defendants responded.  Deposition of R. Quint, at 161:2 – 18.   Plaintiff theorizes that, because he was not listed on the report as "complainant"[2], his subsequent prosecution was tainted.  This failure to list Mr. Quint as "complainant" serves as the sole basis of his conspiracy, equal protection, and gender discrimination claims.  Deposition of R. Quint, at 197:7 – 200:14; 202:21 –

---

[2] Both plaintiff and Ms. Casey were listed on the subject report as "victim".  Ex.2

29

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

204:11.  Mr. Quint does not even allege, however, nor is there any authority

supportive of the proposition, that he had any constitutionally protected right to being

listed as "complainant" on a police report.  Nor can he articulate how it is that the

defendants' failure to list him as "complainant" in addition to "victim" is alleged to

have damaged him in any way.

## IV) CONCLUSION

  For all of the forgoing reasons, Defendants move that summary judgment be

entered in their favor on all remaining claims of the plaintiff.

Defendants:

By: _____

Michael C. Conroy
Gordon, Muir & Foley, LLP
10 Columbus Boulevard
Hartford, CT  06016
(860) 525-5361
Federal Bar No. ct22254

30

**C E R T I F I C A T I O N**

This is to certify that a copy of the foregoing was hand delivered/mailed postage prepaid to the following counsel of record on this 28th day of July, 2005:

Richard R. Quint
Inmate #123433
Northern Correctional Institute
287 Bilton Road
P.O. Box 665
Somers, CT 06071

Michael C. Conroy

31

### Notice to Pro Se Litigant Opposing Motion For Summary Judgment
### As Required by Local Rule of Civil Procedure 56(b)

The purpose of this notice, which is required by the Court, is to notify you that the defendant has filed a motion for summary judgment asking the Court to dismiss all or some of your claims without a trial. The defendant argues that there is no need for a trial with regard to these claims because no reasonable jury could return a verdict in your favor.

THE DEFENDANT'S MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE PAPERS AS REQUIRED BY RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 56 OF THE LOCAL RULES OF CIVIL PROCEDURE. COPIES OF THESE RULES ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.

The papers you file must show that (1) you disagree with the defendant's version of the facts; (2) you have evidence contradicting the defendant's version; and (3) the evidence you rely on, if believed by a jury, would be sufficient to support a verdict in your favor.

To make this showing, you must file one or more affidavits disputing the defendant's version of the facts. An affidavit is a sworn statement by a witness that the facts contained in the affidavit are true to the best of the witness's knowledge and belief. To be considered by the Court, an affidavit must be signed and sworn to in the presence of a notary public or other person authorized to administer oaths. In addition to affidavits, you may also file deposition transcripts, responses to discovery requests, and other evidence that supports your claims.

If you fail to submit your evidence contradicting the defendant's version of the facts, your claims may be dismissed without further notice. It is therefore very important that you read the defendant's motion, memorandum of law, affidavits, and other evidentiary materials to see if you agree or disagree with the defendant's version of the relevant facts. It is also very important that you review the enclosed copy of Rule 56 of the Local Rules of Civil Procedure carefully. This rule provides

32

detailed instructions concerning the papers you must file in opposition to the defendant's motion, including how you must respond to specific facts the defendant claims are undisputed (see Rule 56(a)(2) and how you must support your claims with specific references to evidence (see Rule 56(a)(3). If you fail to follow these instructions, the defendant's motion may be granted.

You must file your opposition papers with the Clerk of the Court and mail a copy to the defendant's counsel within 21 days of the filing of the defendant's motion with the Clerk of the Court. This 21-day period is extended an additional three days if any of the conditions of Rule 6(e) of the Federal Rules of Civil Procedure are met (for example, if you received the defendant's motion by mail or overnight delivery service).

33

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS NO. 24029

## LOCAL RULE 56
## SUMMARY JUDGMENT

### (a) Motions for Summary Judgment

1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 56(a)1 Statement," which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.

2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

3. Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e).

34

Counsel and pro se parties are hereby notified that failure to provide specific citations to
evidence in the record as required by this Local Rule may result in sanctions, including,
when the movant fails to comply, an order denying the motion for summary judgment,
and, when the opponent fails to comply, an order granting the motion.

4. The Local Rule 56(a)1 and 2 Statements referred to above shall be filed and served
along with the motion, memorandum of law and certificate of service required by Local
Rule 7 and the Federal Rule of Civil Procedure 56.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

### (b) Notice to Pro Se Litigants Regarding Summary Judgment

Any represented party moving for summary judgment against a party proceeding pro se shall file and serve, as a separate document, in the form set forth below, a "Notice to
Pro Se Litigant Opposing Motion for Summary Judgment." If the pro se party is not a plaintiff, or if the case is to be tried to the Court rather than to a jury, the movant will modify the notice accordingly. The movant shall attach to the notice copies of the full text of Rule 56 of the Federal Rules of Civil Procedure and of this Local Civil Rule 56.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

Federal **Rule 56. Summary Judgment**

**(a) For Claimant.**

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.**

A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.**

The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

37

**(d) Case Not Fully Adjudicated on Motion.**

If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.**

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits are Unavailable.**

38

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976

TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS NO. 24029

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g) Affidavits Made in Bad Faith.**

Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

39

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS No. 24029