UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT
At Bridgeport

| | |
|---|---|
| RICHARD R. QUINT<br>    Plaintiff<br>VS.<br><br>A. DUNAJ, ET AL<br>    Defendants | Inmate #123433<br>: CIVIL ACTION NO. 3-02-2053 (AVC)(TPS)<br>:<br>:<br>:<br>:<br>:<br>: July 29, 2005 |

**DEFENDANTS' RENEWED MOTION TO DISMISS PLAINTIFF'S
ACTION FOR FAILURE TO PROSECUTE**

Pursuant to Federal Rule of Civil Procedure 41(b), the defendants, A. Dunaj, C. Dunn, Lt. Anderson, Sgt. Darby, Officer Bethke, Officer Moore, Officer Vitti, Officer Esposito and Officer Marschner move to dismiss the plaintiff's complaint in its entirety for his failure to prosecute this action. In support of this motion the defendants represent the following:

1.  On December 16, 2004 the defendants through counsel conducted the deposition of the plaintiff.

2.  During the deposition the plaintiff indicated that he felt ill prepared to answer questions and wanted the opportunity to prepare.

3.  Counsel for the defendants suspended the deposition to give the plaintiff the opportunity to better prepare for questions posed at the deposition.

4.  The continued deposition of the plaintiff was duly noticed for Friday, February 18, 2005 at 10:00 a.m.

5. Counsel for the defendants confirmed the deposition was going forward at the facility where the plaintiff is presently incarcerated, Northern Correctional Institute with Captain Rodriguez.

6 Captain Rodriguez indicated to counsel for the defendants that the plaintiff was aware of the deposition.

7. On February 18, 2005 counsel for the defendant appeared with a court reporter at Northern Correctional Institute.

8. After waiting some time Lieutenant Carroll approached counsel and informed her that the plaintiff, Mr. Quint, was demanding a wheel chair.

9. Lieutenant Carroll also informed counsel for the defendants that Dr. Wright who is in charge at the facility did not authorize a wheel chair for the plaintiff as he was walking around in his cell and doing push ups.

10. Lieutenant Carroll further informed counsel for the defendants that the plaintiff Mr. Quint was refusing to attend the deposition.

11. On May 20, 2005, Judge Covello denied without prejudice the defendant's first Motion to Dismiss for Failure to Prosecute.

12. Judge Covello gave notice to the defendant that his case will be dismissed for failure to prosecute if he failed to attend and fully cooperate at the continued deposition, to be scheduled before June 24, 2005.

13. On June 14, 2005, counsel for the defendants conducted the continued deposition.

14. On June 14, 2005, Plaintiff refused to answer counsel for the defendant's

questions about the plaintiff's prior felony convictions. See, e.g., Deposition of R. Quint, at 206:18 - 213:15 (attached).

The defendants respectfully request that the plaintiff's action be dismissed for his failure to fully cooperate at his continued deposition as ordered explicitly by this Court in its May 20, 2005 Ruling and Order, in order for the defendants to properly prepare and defend the allegations pending against them.

DEFENDANTS:

By     *(signature)*
Michael C. Conroy
Gordon, Muir & Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106
Federal Bar No. ct22254

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, to the following pro se party of record on July 28, 2005:

Richard R. Quint
Inmate #123433
Northern Correctional Institute
287 Bilton Road
P.O. Box 665
Somers, CT 06071

_____
Michael C. Conroy

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361     FACSIMILE (860) 525-4849     JURIS No. 24029

# A

154

```
 1              UNITED STATES DISTRICT COURT
 2                DISTRICT OF CONNECTICUT
 3   RICHARD R. QUINT,             DOCKET NO.
 4         PLAINTIFF,               3-02-2053(AVC)(TPS)
 5   VS                             INMATE NO. 123433
 6   A. DUNAJ, ET AL,               VOLUME 2
 7         DEFENDANTS.              JUNE 14, 2005
 8
 9       CONTINUED DEPOSITION OF RICHARD R. QUINT
10   A P P E A R A N C E S:
11         RICHARD R. QUINT, PRO SE
                Nannawauk Road
12              Newtown, Connecticut  06470
13         GORDON, MUIR AND FOLEY
                Attorneys for the Defendant
14              Ten Columbus Boulevard
                Hartford, Connecticut  06106
15              860-525-5361
           BY: MICHAEL CONROY, ESQ.
16
17
18
19
20                         LEEANN J. GARDNER
21                         LICENSE NO. 00067
22                   REGISTERED PROFESSIONAL REPORTER
23                   REGISTERED MERIT REPORTER
24
25


          NIZIANKIEWICZ & MILLER REPORTING SERVICES
```

206

```
 1        Q.    You filed this lawsuit in the first place,
 2   right?
 3        A.    Yes, I did.
 4        Q.    All right.  So these are your claims,
 5   right?
 6        A.    Yes, they are, but I'm in a prison.  I
 7   don't have access to the proper materials and
 8   everything else at all times because a lot of the
 9   prisons don't have law libraries anymore, and where
10   I've been at, I don't have sufficient resources.
11        Q.    You had a good faith factual basis for
12   bringing this complaint in the first place?
13        A.    Yes.
14        Q.    Okay.
15        A.    Which is definitely the due process
16   violations of facts being left out of police reports
17   and everything else that were exculpatory in nature.
18        Q.    All right.  I want to follow up on a
19   couple of background issues.  How many felony
20   convictions do you have?
21        A.    A few.
22        Q.    Do you know how many?
23        A.    A couple.  I don't know.
24        Q.    Is this the first time you ever served
25   time?
```

207

1  A. No.
2  Q. How many times prior to this current
3  incarceration have you served time?
4  A. Twice I think.
5  Q. When was the first time?
6  A. I don't recall.
7  Q. Okay. Were you over the age of 18?
8  A. Yes.
9  Q. All right. How long did you serve?
10 A. Eight months.
11 Q. All right. What were you convicted of?
12 A. Objection. It's irrelevant.
13 Q. This is a discovery deposition, sir.
14 A. I can object also so.
15 Q. Yeah, and you still have to answer the
16 question, unfortunately. If this case goes to trial
17 and you have a valid objection at the time of trial
18 as to whether or not the information comes in, then
19 it goes to the Judge.
20 A. I object as irrelevant. It has nothing to
21 do with this case at the point in time. It has
22 nothing to do with the case brought against your
23 Defendants. I'm objecting to it at this point in
24 time.
25 Q. That doesn't preclude me from getting

NIZIANKIEWICZ & MILLER REPORTING SERVICES

                                                                  208

1   discovery on these issues.  I'm allowed to inquire as
2   to any felony convictions.  I'm allowed to inquire as
3   to any convictions of felonies or misdemeanors
4   involving what they call moral turpitude or anything
5   that goes to credibility, anything that goes to
6   veracity, capacity for being truthful, things of that
7   nature, because they might have an impact on your
8   credibility at trial.  So I am allowed to get into
9   your criminal record at least to a certain extent.
10       A.    At least up until -- I think the
11  Connecticut law says up to 10 years prior.  You're
12  going back 20 years now so.
13       Q.    I don't know how far I'm going back.
14       A.    You're going back 20 years now so I'm
15  objecting.
16       Q.    I don't know how far I'm going back.  You
17  didn't tell me yet when you were convicted of
18  anything.
19       A.    We're going back into the late '80's so
20  I'm objecting to all this because you're going back
21  close to 20 years now.
22       Q.    Let me ask you this, I note in your first
23  deposition Ms. Swan asked you if you were convicted
24  of sexual assault.  Do you recall that question?
25       A.    Yep.

                NIZIANKIEWICZ & MILLER REPORTING SERVICES

1    Q.    And you answered no, right?
2    A.    That's right. I object to anything
3 further on any of this.
4    Q.    You still say you were never convicted of
5 sexual assault?
6    A.    Never was.
7    Q.    Okay. Do you know when you're due to be
8 released from here?
9    A.    I don't know. I thought I was going to be
10 going to parole today. I thought you were the parole
11 officer. So I could be released at any point in
12 time. Depends on when my appeal comes through.
13   Q.    As things stand right now, do you know if,
14 upon your release, whenever that might be, you're
15 going to be required to register as a sex offender?
16   A.    I don't know.
17   Q.    You're not aware of that?
18   A.    Not aware of that at this point in time.
19 I object to that question.
20   Q.    Do you have a conviction for attempted
21 escape?
22   A.    No.
23   Q.    Do you have a conviction for unlawful
24 restraint?
25   A.    Objection.

                                                                    210

1           Q.    What's your objection?
2           A.    Irrelevant.
3           Q.    Okay.  The second time you were
4    incarcerated, when was that?
5           A.    Nineteen eighty-nine until 2000.
6           Q.    Okay.  What were you in for?
7           A.    Objection.
8           Q.    What's your objection?
9           A.    Irrelevant.
10          Q.    Well, that's, unfortunately, that's for
11   the Court to decide.  What were you in for?
12          A.    Let the Court decide.  It's irrelevant.  I
13   object to it.
14          Q.    Okay.  Well, you were in for 11 years,
15   right?
16          A.    Yep.
17          Q.    So I'm guessing it wasn't a misdemeanor.
18          A.    Objection.  I'm still arguing that stuff
19   in court at this point in time, too, so objection.
20          Q.    That's fine, sir.  I'm allowed to get into
21   felony convictions.
22          A.    Felony convictions that are not less than
23   10 years time.
24          Q.    You served time until five years ago.
25   What were you in for?

                    NIZIANKIEWICZ & MILLER REPORTING SERVICES

211

1    A.    Objection.

2    Q.    So you're refusing to answer the question?

3    A.    I'm objecting to the answer.

4    Q.    Are you refusing to answer the question?

5    A.    I'm objecting to the answer.

6    Q.    If you have an objection to the question, this is a discovery deposition, this is not a court, okay, if you have an objection to the question, you state your objection.

10   A.    I object, and, look, I'm objecting to everything else.  I know you're trying to go for a quick dismissal for me.

13   Q.    You're handing it to me, sir.

14   A.    You didn't give me Notice of Deposition today which the Court ordered.

16   Q.    Yeah, well --

17   A.    You can go for whatever you want, sir. I'm objecting to this because it's irrelevant to the case.  It has nothing to do with the case.

20   Q.    That's fine.  I'm allowed to inquire as to felony convictions.

22   A.    I'm allowed to object.

23   Q.    You are.

24   A.    Good.  I'm objecting to the answer.

25   Q.    Fine.  Because this a discovery

NIZIANKIEWICZ & MILLER REPORTING SERVICES

212

1   deposition, I'm still entitled to an answer.
2        A.   I'm objecting to the answer.  I'm
3   objecting to the discovery.
4        Q.   Because this is a discovery deposition,
5   you can state an objection, okay --
6        A.   Yep.  Then when we come to trial, we can
7   bring up this objection and see whether or not it
8   stands or doesn't.  You can bring it up to the Judge,
9   you can bring my objection up to the Judge and have
10  the Judge order me to -- whether or not my objection
11  stands or not.
12       Q.   All right.
13       A.   I'm objecting to the question because it's
14  irrelevant to the case.  You can bring that issue up
15  to the Judge.
16       Q.   All right.  So you did time from 1989 to
17  2000.  You got out in 2000, right?
18       A.   Yes.
19       Q.   Where did you do that time?
20       A.   Numerous different facilities.
21       Q.   Were they State or federal?
22       A.   State.
23       Q.   So State charges?
24       A.   I'm objecting to any further questioning
25  along towards this issue of my past criminal record

NIZIANKIEWICZ & MILLER REPORTING SERVICES

213

1  because it's irrelevant on the questions with your
2  officers.
3       Q.   You're not going to answer the question?
4       A.   What's that?
5       Q.   You're not going to tell me why you did
6  time from '98 to 2000?
7       A.   I'm objecting to the question.
8       Q.   I understand that.  You made that pretty
9  clear.
10      A.   Yes.
11      Q.   And you're not going to tell me why?
12      A.   I'm objecting to the -- I'm objecting to
13 these questions.
14           MR. CONROY:  Then we're done.  That's
15 it.  Thank you.
16           (Whereupon, the witness was excused and
17 the deposition concluded at 11:03 a.m.)
18
19
20
21
22
23
24
25