UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

2005 SEP 22  P 2: 13

RICHARD R. QUINT

      v.

OFFICER DUNAJ, et al.

           :
           :
           :
           :
           :

PRISONER
Case No. 3:02CV2053(AVC)(TPS)

RULING AND ORDER

Plaintiff Richard R. Quint ("Quint") is confined at the Garner Correctional Institution in Newtown, Connecticut. In 2002, he commenced this action against Assistant State's Attorney Mark Hurley; Family Relations Counselor Lisa Richards; Milford, Connecticut, Police Officers Andrew Dunaj, Christopher Dunn, Edward Bethke, Sean Moore, Antonio Vitti, Daniel Esposito and Brandon Marschner; Milford Police Lieutenant William J. Anderson; and Milford Police Sergeant Sean Darby. All claims against defendants Hurley and Richards have been dismissed.[1] Defendants Dunaj, Dunn, Bethke, Moore, Vitti, Esposito, Marschner, Anderson and Darby ("the defendants") have filed a second motion to dismiss for failure to prosecute. In addition, plaintiff has filed a motion for appointment of counsel and two motions relating to discovery and scheduling.

I.    Defendants' Motion to Dismiss [doc. #151]

Defendants previously moved to dismiss this action for plaintiff's failure to cooperate in his deposition. On May 20, 2005, the court denied this motion, ordered defendants to re-notice the deposition, and cautioned Quint that the case would be dismissed if he failed to attend and

fully cooperate in his deposition.

Defendants again move to dismiss this action.  They state that Quint did not comply with the court's order because he refused to answer questions regarding his criminal history.  In support of their motion, defendants have provided pages 206-213 of the deposition.[2]  In opposition, Quint argues that defendants failed to comply with the court's order because they did not re-notice the deposition.  Apparently, they only confirmed a date with prison authorities.  The deposition transcript appears to confirm the failure to re-notice the deposition.  (See Doc. #151, Ex. A at 211, ll. 14-16.)

Defendants do not contend that Quint was uncooperative during the entire deposition and have not provided pages 155-205.  The court notes, however, that along with this motion to dismiss, defendants filed a motion for summary judgment.  Thus, the court concludes that defendants obtained all other responses they sought.

Both parties appear not to have complied completely with the court's May 20, 2005 order.  Thus, the court will not dismiss this action for Quint's failure to respond to all questions.  Defendants' motion to dismiss is denied.

II.    Quint's Discovery Motions [docs. ## 143, 144]

Quint asks the court to extend the discovery deadline indefinitely and to permit him to file additional interrogatories.

On May 20, 2005, the court denied without prejudice Quint's motion for leave to file additional interrogatories because he neither attached proposed interrogatories for the court's review nor indicated why additional interrogatories are required.  On June 23, 2005, Quint refiled his motion.  Quint attaches a document entitled "Interrogatories."  The document

includes nine entries that are numbered 1-8 and 10. Entries 3, 6, 7 and a portion of entry 4 seek production of documents. Thus, these entries are not interrogatories. Only entries 2 and 4 indicate which defendant should respond to the question. Furthermore, Quint has not explained why he needs responses to the interrogatories and why he was unable to obtain this information through the twenty-five interrogatories permitted under Rule 33, Fed. R. Civ. P. In his motion, Quint merely states that he needs phone records, has not completed discovery and wants permission to serve these interrogatories as well as any additional interrogatories that he may find necessary. Quint has not complied with the court's May 20, 2005 ruling. Thus, his motion to file additional interrogatories is denied.

The initial scheduling order in this case provided that discovery should be concluded by November 14, 2003. (See Doc. #16.) Following the issuance of that order, Quint filed three amended complaints and an interlocutory appeal. On May 12, 2004, the court denied defendants' motion to dismiss and ordered that discovery be completed by July 12, 2004. (See Doc. #109.) On October 7, 2004, the court extended the discovery deadline until November 15, 2004. (See Doc. #117.) On January 25, 2005, the court affirmed the magistrate judge's ruling denying Quint's motion for appointment of counsel and further extended the discovery deadline until March 15, 2005. Citing difficulties completing Quint's deposition, including Quint's hunger strike, defendants sought an extension of all deadlines in the scheduling order. Quint also filed a motion for extension of the discovery deadline until June 15, 2005. On May 20, 2005, the court granted defendants' motion and extended the discovery deadline until June 30, 2005. As this date was beyond the time requested by Quint, the court denied Quint's motion as moot.

Quint now seeks an unlimited extension of the discovery period. He states that additional

time is required for defendants to finish answering his requests for admission "correctly and under oath" and to take the depositions of Police Dispatcher Giesel, fire department dispatchers and defendants Richards and Hurley. In his motion for appointment of counsel, filed June 1, 2005, and supplement to motion for appointment of counsel, filed June 23, 2005, Quint states that he wants to depose Police Dispatcher Giesel regarding events on February 9, 2002. There are no allegations in the complaint regarding events occurring in February 2002. Quint also wants Giesel to provide him the names of fire department dispatchers so he can depose them to verify his 911 call. Defendants do not dispute that Quint called 911. The transcripts they have provided verify Quint's call. The transcript also shows, however, that the dispatcher received another anonymous call before Quint's. The police were sent in response to the first, anonymous, call. Quint alleges that the police arrived at the scene while he still was on the phone with the dispatcher, and this fact is confirmed by the transcript of the second 911 call. Quint has not indicated what additional information would be provided by the requested depositions.

In addition, Quint conceded that the police arrested him and his girlfriend for breach of peace. Any actions taken later by former defendants Hurley and Richards are no longer part of this case, as the claims against both defendants have been dismissed. Quint already has had over two years to conduct discovery in this case and has filed one memorandum in opposition to defendants' motion for summary judgment. He has not demonstrated why he was unable to complete any necessary discovery within that time and has not demonstrated that the additional requests are needed to respond to defendants' motion for summary judgment. Accordingly, Quint's motion for extension of time to conduct discovery is denied. Quint is directed to file any

supplemental opposition to defendants' motion for summary judgment within twenty days from the date of this order.

III.    Quint's Motion for Appointment of Counsel [doc. #140]

Finally, Quint renews his request for appointment of counsel. He states that counsel is required to depose persons who are not defendants in this case. Quint has not indicated in his motion the identities of all of the persons, what information he expects to obtain from these persons and why he cannot obtain the information by other means.

Further, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." Cooper v. A. Sargenti Co., 877 F. 2d 170, 173-74 (2d Cir. 1989).. The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171.

The current record, which includes defendants' motion for summary judgment, reveals that police were dispatched in response to an anonymous call that was received before Quint called the police station. The officers transported both Quint and his girlfriend to the police station and arrested both on a charge of breach of peace. Based on the current record, the court cannot conclude that Quint's claim possesses likely merit. Thus, appointment of counsel is not warranted at this time. Quint's motion is denied without prejudice to renew should defendants' motion for summary judgment be denied in whole or in part.

IV.    Conclusion

Defendants' Motion to Dismiss [**doc. #151**] is **DENIED**.  Quint's Motion for

Appointment of Counsel [**doc. #140**] is **DENIED** without prejudice.  Quint's Request to File

Additional Interrogatories [**doc. #144**] is **DENIED** and his Motion for Extension of Time [**doc.

#143**] is **GRANTED** to the extent that Quint is directed to file his response to defendants'

motion for summary judgment within **twenty (20)** days from the date of this order and **DENIED**

in all other respects.

     **SO ORDERED** this ___ day of September, 2005, at Hartford, Connecticut.

                                             Alfred V. Covello
                                             United States District Judge

[1] The court granted defendant Hurley's motion to dismiss on July 24, 2003, and defendant
Richards' motion to dismiss on August 18, 2003.  In addition, Quint withdrew all claims against
defendant Jane Doe when he failed to include any claims against her in his third amended
complaint, filed March 3, 2004.

[2] This session of Quint's deposition began on page 154 of the transcript.